JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Griffith, Chad

**DEFENDANTS**
CIOX Health

**(b)** County of Residence of First Listed Plaintiff   Somerset
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Fulton, GA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
4023 Kennett Pike #50565
Wilmington, DE 19807

Attorneys *(If Known)*
c/o CORPORATION SERVICE COMPANY
222 JEFFERSON BOULEVARD, SUITE 200
WARWICK, RI 02888 USA

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S. Code § 12203
Brief description of cause:
Prohibition against retaliation and coercion

**VII. REQUESTED IN COMPLAINT:**
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,980,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE   09/19/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

____Civil__ Division

| | | |
|---|---|---|
| Griffith, Chad | ) | Case No. _____ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☐ Yes ☑ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| | ) | |
| | ) | |
| CIOX Health | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Chad Griffith |
| Street Address | 4023 Kennett Pike #50565 |
| City and County | Wilmington, New Castle |
| State and Zip Code | DE 19807 |
| Telephone Number | 929-215-5360 |
| E-mail Address | chadgriffith87@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name                                    CIOX Health

Job or Title *(if known)*

Street Address                          925 North Point Pkwy #350

City and County                         Alpharetta, Fulton

State and Zip Code                      GA 30005

Telephone Number

E-mail Address *(if known)*


Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*


Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*


Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | CIOX Health |
| Street Address | 925 North Point Pkwy #350 |
| City and County | Alpharetta, Fulton |
| State and Zip Code | GA, 30005 |
| Telephone Number | |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

✔    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

✔    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

✔    Other federal law *(specify the federal law)*:

42 U.S. Code § 12203- Prohibition against retaliation and coercion

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☐    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☑    Retaliation.

☐    Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

4/19/2021, 4/20/2021, 4/23/2021, 5/3/2021, 5/10/2021, 8/12/2022, 10/11/2022

C.    I believe that defendant(s) *(check one)*:

☑    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑    race              Maturation of claims highlight this.

☑    color             Maturation of claims highlight this.

☑    gender/sex        Maturation of claims highlight this.

☐    religion

☐    national origin

☐    age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*

☑    disability or perceived disability *(specify disability)*

Maturation of claims highlight this.

E.    The facts of my case are as follows.  Attach additional pages if needed.

Page 4 of  6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

6/19/2023

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*    06/21/2023    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Prayer of Relief sought by Griffith include:

1. Declaratory Judgment of Wrongful Termination regarding May 10th, 2021 termination;
2. Injunctive Relief of $198,000,000.00, related to Wrongful Termination;
3. Compensatory damages in the amount of $1,980,000,000.00 in relation to this matter;
4. Punitive damages for each agent identified to motivate this matter;
5. Attorney's fees;
6. Any other remedies deemed fair by the court.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          09/19/2023

Signature of Plaintiff

Printed Name of Plaintiff          Chad Griffith

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Griffith v CIOX Health

### Background

1.  Griffith is a disabled former employee of CIOX Health ("CIOX").

2.  In March 2020, Griffith took a medical leave of absence from CIOX in response to COVID.

    a.  Griffith received several diagnoses, inclusive of PTSD and ADHD.

3.  In September 2020, Griffith was cleared to return to work.

4.  In February 2021, Griffith was promoted to Intake Supervisor by Daniel Schaaf ("Mr. Schaaf"), Senior Manager of the EMRR Department with CIOX.

    a.  Griffith's training included: meeting team and staff, attending and participating in department meetings, and developing methods of "regionalization" – aligning projects and staff to support clients in their respective geographic regions.

    b.  Griffith inquired about many aspects and details of the department including metrics, KPIs, functionality, and improving processes; Griffith engaged directly, asked questions, and learned voraciously.

5.  On or about March 31st, 2021, Mr. Schaaf resigned from CIOX.

    a.  Poor work/life balance and lack of support were among the reasons for separation.

6.  In April 2021, Megan Wilson ("Megan Shaw", "Ms. Shaw") assumed Mr. Schaaf's duties on an interim basis; CIOX actively interviewed for Mr. Schaaf's permanent replacement.

7.  The experience between Ms. Shaw, CIOX HR (Juliette Maddox ["Ms. Maddox"], Crystal Thudium ["Ms. Thudium"], Michele Speicher ["Mrs. Speicher"]), and Griffith is immortalized as the EEOC Charge, supporting evidence, and North Carolina Unemployment Insurance Determination, which determined that Griffith was terminated at "at-will" – a management decision not having to do with misconduct. **Exhibit A**

    a.  Starting on about April 14th, 2021, Griffith addressed Ms. Shaw's abusive behavior, continuously escalating from this date. Ms. Shaw and HR's cooperation began as early as April 20th, 2021, when both heard Griffith's grievances and converted them for Ms. Shaw's use in Disciplinary Action.

1

    b. Per Disciplinary Action (and later Statement of Facts), Griffith received a list of tasks to perform, including nightly sign-outs to Ms. Shaw; Griffith received nightly satisfactory (re)marks.

    c. Griffith submitted testimony and evidence to HR in support abuse investigation, detailing Ms. Shaw's misrepresentation and manipulation of data to support Disciplinary Action.

    d. On May 10th, 2021, approximately two weeks after requesting reasonable accommodations and the abuse report from Ms. Shaw investigation to support their need, Griffith was terminated "at-will".

    e. Ms. Shaw and HR terminated Griffith in a manner that removed the need to complete the abuse report or facilitate Griffith's reasonable accommodations in a perceived unsafe work environment.

    f. In June 2021, CIOX gave testimony to NC Unemployment confirming that Griffith was terminated "not" due to misconduct.

    g. At this late stage, either the abuse report either proved that the investigation was not "thorough" or the abuse investigation did not take place, meaning a report did not exist at all.

8. By August 10th, 2022, data exchanged between CIOX, Stanton Law, LLC, Ms. Green, and Griffith culminated in a settlement demand titled "Final Communications – Settlement".

**Exhibit B**

**Facts**

9. On August 12th, 2022, Kevin Cosgrove of Hunton Andrews Kurth ("HAK") filed preliminary protective orders on behalf of Mrs. Speicher and Ms. Shaw in Hampton General District Court, Hampton, Virginia (Griffith's home court system). These preliminary protective orders were accompanied by a Statements of Fact and evidence to substantiate claims.

Key elements provided include:

    a. Sex, race, and color – these elements were required to publish PPOs;

    b. Federally protected health information – elements were converted to support bad faith claims of increasing threat and/or mental instability;

Griffith v CIOX Health

    c.   Disability – this element was exploited to support bad faith claims, portraying mental instability;

    d.   LinkedIn posts – posts were collected and prepared to establish fear, threat, and/or mental instability.

As this matter matured, these preliminary protective orders are now perceived as CIOX's direct response to Griffith's request to settle.

10. On August 26th, 2022, each lawsuit against Griffith was dismissed.

11. On August 29th, 2022, Kevin Cosgrove Appealed lawsuits.

12. On about September 20th, 2022, Ms. Shaw withdrew her lawsuit; Kevin Cosgrove continued Mrs. Speicher's Appeal based on data from a "Timothy Sharkey", an agent hired by CIOX and Stanton Law, LLC to engage Griffith as early as August 12th, 2022. **Exhibit C**

13. On October 11th, 2022, Mrs. Speicher obtained a Protective Order, with evidence suggesting that testimony and evidence were prepared for the occasion.

14. To recap:
    a.   On May 10th, 2021, Griffith was terminated "at-will".
    b.   In June 2021, CIOX reported the same to North Carolina Unemployment Insurance, granting Griffith Unemployment.
    c.   In an exit interview, Griffith requested CIOX CEO, CHRO, and Director of Continuing Improvement to review the abuse report filed against Ms. Shaw; Griffith

3

Griffith v CIOX Health

received no response to this request. **Attachment, "Exit Interview"**



Are there any additional comments or feedback you would like to add?

If you wish to be contacted, please include name and email or phone number.

My name is Chad Griffith and I would like to speak with the Director of Continuous Improvement, Rohini Shankar, and Pete McCabe regarding my separation and the future of the company. In order to schedule this meeting, please send an email to: chadgriffith87@gmail.com - I believe a Zoom or Team meeting would be better for everyone to coordinate. I look forward to having a date scheduled within a week's time. Thank you.

OK

d. By about July 2021, CIOX was purchased by Datavant for $7 Billion dollars.

e. On March 31st, 2022, Griffith received Right to Sue for discriminatory purposes.

f. On August 10th, 2022, Griffith presented a settlement demand, outlining claims, damages, and relief sought.

g. On August 12th, 2022, CIOX (agents) pursued lawsuits against Griffith, converting Griffith's reason for termination, communication history, and medical history to support bad faith claims.

h. On August 26th, 2022, preliminary protective orders were dismissed.

i. By October 11th, 2022, Mrs. Speicher, "Timothy Sharkey", and Kevin Cosgrove colluded to offer false testimony and evidence to support Protective Order.

j. During 2023 Appeal, it is learned that CIOX employees lacked any evidence to support claims, manipulating court proceedings for a civil "win", obstructing any lawsuit against CIOX, as, now, two separate accounts of Griffith's termination exit – both being "at-will" and "due to performance related issues".

k. In June 2023, Mrs. Speicher was still CIOX's contact regarding EEOC claims, or ones specifically having to deal with Griffith.

l. In about August 2023, it was learned that Pete McCabe, previously CIOX's CEO, is now the CEO of Datavant.

15. Griffith's settlement demand was the closest thing to the truth known by CIOX (and its

agent[s]) – Griffith was wrongfully terminated, with continued psychological assault

contributing to Griffith perpetual and permanent disability. Mrs. Speicher and Ms. Shaw (in

their official capacities) pursued bad faith claims in an effort to defame, commit further abuse

4

Griffith v CIOX Health

of process, and maliciously prosecute Griffith for claims known to be in bad faith. Engaging a

campaign designed to attack Griffith using false testimony and evidence immediately after

Griffith presented the truth prior to starting a lawsuit is, by definition, retaliation.

Griffith humbly submits this Statement of Facts to support complaint.

Respectfully Submitted,

By: _____
Chad Griffith, Cy
4023 Kennett Pike #50565
Wilmington, DE 19807
chadgriffith87@gmail.com

Dated: September 19, 2023                    Pro Se Plaintiff

5

Griffith v CIOX Health

**CERTIFICATE OF SERVICE**

I certify that on September 19th, 2023, I cause a true copy of the foregoing to be: filed electronically filed with the Court using email and sent via certified mail to:

CIOX Health
c/o CORPORATION SERVICE COMPANY
222 JEFFERSON BOULEVARD, SUITE 200
WARWICK, RI 02888 USA
*Service Processor for CIOX Health*

By:_____
        Pro Se Plaintiff

6

## EXHIBIT A

RECEIVED
By APEREZ at 8:17 am, Jan 18, 2022

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 437-2022-00441 |

and EEOC

_State or local Agency, if any_

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Chad Griffith** | **908-251-1102** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **551 Settlers Landing Rd, Apt 409, Hampton, VA 23669** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **CIOX HEALTH** | **Unknown** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **925 NORTH POINT PKWY, Alpharetta, GA 30005** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
**05-10-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I began employment for respondent on or about June 2015 as a Client Service Representative and have since been promoted and attained the position of Intake Supervisor. I was hired under a different boss, Daniel Schaaf, with whom I gained a rapport of honesty and mentorship before he left several weeks later. In April 2021, Megan became my supervisor. Her management style was different, but as we were both new in the position, Ms. Shaw said we were in a unique position and commiserated on such, but that "we'll work together to figure it out".**

**On or about April 14th 2021, after a team meeting, I held a meeting with Megan to discuss my medical conditions and how it affects my ability to do my job. In that conversation:**
- **I advised her that I have ADHD and my anxiety was incredible because there were so many things in the department that didn't make sense from a procedural standpoint.**
- **I told her it was hard for me to trust my peers because I did not have the help that I was told I was going to have.**
  - **I didn't even have the same boss who hired me and I only knew the week prior to his leaving that he was.**
- **There was no foundation of knowledge by which to say I'm receiving training from.**
  - **It felt isolative and uncollaborative.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022** ~~Sep 17, 2021~~ _____  _Date_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _Charging Party Signature_ | |

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | **437-2022-00441** |
| | | and EEOC |
| *State or local Agency, if any* | | |

Additionally, I conveyed to her that I was up as early as 6 am using whiteboards to map out everything that I understood about the job so far. I showed her:

- **My methods for tracking and managing my data**
- **My in/actionable tasks**
- **Difficulties I was facing when trying to get things moving**

She conveyed astonishment and exclaimed that she was impressed, staying that my interpretation and management of my data was "even higher than my peers". She validated my experience thus far and told me she understood me; she conveyed that she would do what should could to help.

I asked that her supervisory methods be altered as a form of reasonable accommodation, which included transparency and open/honest communication, in addition to supplies requested for work accomodations in support of my disabilities and the work I was doing.

Ms. Shaw stated that she would support me and ask me to trust her.

On or about April 15, 2021: I shared with her some concerns I had regarding a client in our Teams Chat. Ms. Shaw issued assignments that reflected what we discussed. I completed them and sent them to Ms. Shaw by week's end.

On or about April 19 2021: Ms. Shaw, James Flagler, and Christian Bailey engaged me on one of the sites I was having issues with. Ms. Shaw messaged me privately and I answered each of them without issue. The last question Ms. Shaw asked me was if I followed up with her regarding the site at all. I did not understand that question – I publicly asked for help in our team chat, which she responded to, but we personally discussed everything regarding this site last week during out meeting and also for the assignments we completed. Together.

After answering her, I told her that I took offense to that because even though I did everything that I was asked to do and more, by her own admission, I believed I was still was to be held liable if I did not follow up with her. I told her that I was signing off for the evening – which was about inline with the time that I am usually out for the day, at 4pm.

On April 20th 2021: Ms. Shaw scheduled a meeting with HR representative, Juliette Maddox. When I saw it, I asked her the purpose of that meeting.
- **Ms. Shaw was vague in its purpose.**
- **When asking for clarification, she became combative and divisive, which is the exact opposite of what I asked for and she agreed to give just several days prior.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022**<br>~~Sep 17, 2021~~<br>*Date*      *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

9

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | **437-2022-00441** |
| | | and EEOC |

*State or local Agency, if any*

**I became withdrawn and defensive – in less than a week after the meeting I had with her about my disabilities and how they are exacerbated, she responded in a way specifically to worsen my condition.**
- **Ms. Shaw's behavior made it unable for me to trust her.**
- **I asked to be removed from her team.**
    - **I believed that I was at risk of further abuse from her and stated so, even up to asking for official reassignment where she would not have direct control over me.**

**During the meeting, as I believed it was due to the site, I expressed my concerns about the site to Ms. Maddox and asked to tell me what I did wrong.**
- **Ms. Maddox told me that the purpose of the meeting wasn't for the site, it was about my time – that I left early.**
- **I told her that I worked from 8am – 4pm EST, though I am sometimes up earlier to work on my site and develop tools to make my job easier.**
- **Ms. Shaw told me that I only worked 4 hours - She told me 8-12 is only four hours.**
- **Confused, I told Ms. Maddox that my hours are from 8am to 4pm EST.**
    - **I counted from 8am – 4pm EST to 8 hours in total.**
- **Ms. Shaw refused to engage me further, telling me that I was being condescending.**
    - **I informed her I was confused and stated as much.**
    - **I began to have an anxiety attack.**
- **I counted again, to show that I work 8am EST to 4PM EST, not 8 AM EST to 12 PM MTN.**
- **Ms. Maddox understood that it was 8 hours in total.**
    - **Ms. Maddox mentioned that my times are in EST and I confirmed that are.**
    - **Ms. Maddox asked if I reported my time in MTN time, and I told her I did not.**

**Ms. Shaw knew my hours prior to this meeting:**
- **Our work environment was a regional one.**
    - **One of the first things we communicated is our region and time zones.**
        - **Ms. Shaw has confirmed my times many times after we first met.**

**I asked what I did wrong at the end of the meeting twice:**
- **Ms. Shaw responded that I didn't do anything wrong, both in the meeting and ourside of it.**

**I privately messaged Ms. Shaw regarding the summation of the meeting and why I believed that the experience was not necessary.**
- **Ms. Shaw asked if I wanted to have another meeting and I declined**
    - **I did not trust her and was not eager to be in a meeting alone with her.**
- **I asked her to answer my question regarding the experience.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022**<br><s>Sep 17, 2021</s><br>*Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

10

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | **437-2022-00441** |
| | | and EEOC |
| *State or local Agency, if any* | | |

**Ms. Shaw agreed that the experience was not necessary, in that she understood my perspective.**

**I became further dejected, depressed, and withdrawn – the person I met the week before was a mirage and Ms. Shaw's true nature became more apparent as time went on. This is not anything I feel – this is a direct response to her continued behavior and treatment of me, which was facilitated by HR.**

**On April 23rd 2021: Ms. Shaw held another meeting with HR and said it was a Progress Report. As I'd only started working with Ms. Shaw roughly two weeks prior and her behavior earlier in the week, I did not trust her claim at all. Shortly before our meeting, I engage HR Represtative Juliette Maddox in how to submit a claim of abuse. I believed Ms. Shaw was going to use this meeting to further abuse me.**

**During this meeting, my Progress Report was instead a Discplinary Hearing. By way of Corrective Action, the information of my alleged misdoings was reported to me, more than it was reviewed. In the claim:**
- **Ms. Shaw stated we had coaching onversations on 4/12/2021 and 4/14/2021 regarding the topics mentioned, but the dates do not match up what took place between us.**
  - **[4/12/2021] was to check in with her to go over what happened when I ened up having to submit my PTO request.**
  - **[4/14/2021] is significant because that meeting was specifically about my difficulties and what I was facing. In the conversation, we discussed my disabilities and how they could be addressed. Her misappropriating the date for her means erases the purpose of our meeting and any expecations I had of her, even though she advocated for them post meeing on 4/20/2021, which I assumed was due to the things I asked for not being given.**

**The Lack of Communication charges were read off to me, to be accepted.**
- **As it was being read to me, I noticed Ms. Shaw chose to incorrectly represent the claims.**
- **I conveyed to HR Manager Michele Spicer that Ms. Shaw was not being honest regarding our interactions.**
- **I told Ms. Spicer that this was damaging and confusing.**

**Since I started my job in February, I engaged my team, made regular reports with staff, engaged in meetings, and worked dilligently to make sense of my department to do my job. Ms. Shaw's actions earlier in the week motivated my decision to not be apart of her team.**

**At the conclusion of the meeting, I asked to given some time because I was having an anxiety attack and there were so many things about how we got to this point that I could not understand. Ms. Shaw**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022** ~~Sep 17, 2021~~ *Date*        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

11

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 437-2022-00441 |
| | | and EEOC |

*State or local Agency, if any*

followed up and required that I sign and agree with the Corrective Action, which I couldn't – I was distraught that I had to agree with what was happening and I would not be. Ms. Shaw was using her position to abuse her power and me with it.

On and/about April 23rd: I submitted a claim of abuse and delievered it to Ms. Maddox. In it, I detail specifically how and why I believe Ms. Shaw was using her position and machinations to facilitate my abuse. Ms. Maddox accepted this documented and review it. **[Documents: Final WW_Chad Griffith, Megan Complaint, A1, A2]**

On April 26th, Ms. Shaw asked me if I was online and when I didn't respond immediately, she sent an email with Juliette Maddox CC'd, telling me to make sure I followed the Disciplinary Action. Since I was still online, I told Ms. Shaw that I did not have the opportunity to review everything. During our email string, I asked Ms. Shaw if she needed help with anything multiple times if she needed anything and she refused to answer me. **[Document A3]**

From this exchange, I asked Ms. Maddox the process of creating a Corrective Action.
- Ms. Maddox stated that mine was possible due to the volume of complaints.
  - The quantity of charges that Ms. Shaw reported would give her the ability to file the document.
  - It was also reported at that time that Ms. Shaw spent the better half of the week of 4/19 working with them to prepare the document for me.
    - Incidents happening on 4/19/2021 and 4/20/2021 were not brought to my attention when a meeting was held on 4/20.
      - Only my schedule was discussed, even though I asked multiple time what I did wrong.
      - The opportunity for coaching was denied and with it the ability to do my job satisfactorily.
  - From this, I understood several things:
    - Ms. Shaw was incentivised to compile/create the artifacts requried for the document to be created.
    - Ms. Shaw cherrypicked data to present to HR.
    - Ms. Shaw manipulated data to assert her position.

On or about April 27th, I met with Kris Kentara and Juliette Maddox to get information on how to progress in the department and company. **[Document: A4]**.

During this meeting:
- I intended to apply for the open Director position.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022** ~~Sep 17, 2021~~   *Date*   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

12

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA<br>☒ EEOC | **437-2022-00441** |
| | | and EEOC |
| *State or local Agency, if any* | | |

o   **I was advised they just hired someone and closed the position.**
o   **We instead discussed advancement opportunities and advice on a career path**

**Ms. Maddox gave me tools to help with my education and training post 4/23/2021.**

**On or about April 27th, Ms. Maddox asked me to help Ms. Shaw because she made a mistake on Corrective Action. I told Ms. Maddox that it was harmful to tell me to get used to what Ms. Shaw published and then change it when it best suited her.**
- **There was no incentive to make sure that I understood my Corrective Action on 4/23/2021.**
  - o   **It was only necessary to give it to me.**
- **Ms. Maddox and Ms. Shaw's language and behavior was offputting and concerning, I was asked "to please help her" and that it would be "cooperative", as though indicating that I was not doing so and that I had a choice.**
- **I perceived this as an opportunity to be abused – had Ms. Shaw practiced transparency and effective communication techniques, I would not be here at this point at all.**

**I asked Ms. Maddox for information regarding further reasonable accomodations, including my time schedule. I have Seasonal Affective Disorder and requested a reasonable accomodation.**
- **I wanted to file all reasonable accomdations throught he process that would insulated from abuse at the company level.**
- **Ms. Maddox said she would look into it and get back to me as it was something they would have to discuss with management.**

**I asked if I could use my abuse claim documentation to prove that I was working in a hostile work environment.**
- **Ms. Maddox said that I would be able to do, but I needed to wait on their response.**
  - o   **My claim of abuse was also intended to overturn the Corrective Action.**
  - o   **I was told it would take roughly a week from 4/23/2021 to conclude it.**
    - **This did not seem unreasonable at the time.**

**On or about April 29th, I had a meeting with Crystal Thudium and Juliette Maddox to review my abuse claim. [Document: B1]**
- **I was told there was no evidence to support my claim despite:**
  - o   **Proving Ms. Shaw's erroneous reporting of events against actual record.**
- **Ms. Thudium informed me to "just cooperate".**

**On or about April 29th, I scheduled a meeting on 5/3/2021 with Megan Shaw, Juliette Maddox, and Crystal Thudium. [Document: B2]**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022**<br>~~Sep 17, 2021~~<br>*Date*     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

13

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **437-2022-00441** |

and EEOC

*State or local Agency, if any*

- **The purpose of the meeting was to review my conduct in response to the Corrective Action against me.**
- **I did not want to be out of compliance again, so I sought to understand what happened to me and how I can be better.**

**During the meeting on 5/3/2021:**

- **I asked for help in understanding where I went wrong in the incidents in the Corrective Action.**
- **I asked to go through each instance so I would know what the correct course of action was/should be.**

**When asking her to clarify her position on decisions she made, she conveyed conflicting information/stances in regards to her actions or lack thereof.**
- **When asking Ms. Shaw to identify my missed opportunities, Ms. Shaw became defensive.**
  - ○ **I asked her to identify where I did not communicate with her regarding anything she put on the Corrective Action.**
    - ▪ **She refused.**

**After noticing this, Ms. Thudium cut the meeting short and said she didn't have time for this. She also stated that "I must not be a good fit", even though I have adequately done my job to the best of my ability. (Considering that I lost my job a week later, I perceive this as a threat for failing to "just cooperate" with my documented abuse.)**

**Immediately after this meeting, I asked for HR to clarify its stance where it believes there wasn't/isn't any evidence of abuse. I intended to follow through with my claim of abuse with my doctor and the disability process. [Document: B3]**
- **I recapitulated the events of my employment and interactions with Ms. Shaw.**
- **I addressed each instance of the data my manager submitted again.**
- **I am not allowed to understand Ms. Shaw's motivations, but expected to adhere to them.**
  - ○ **I was formally discouraged from doing so by HR.**
- **I asked HR to give their official position on my claim for abuse in writing.**
  - ○ **This was so I could have it to present for my disability claim.**

**On or about May 6th: Kris Katena, VP of EMRR, held a meeting with my new director Jenn Giaramita, Megan Shaw and myself. [Document C1]**

**During this meeting:**
- **Jenn was introduced as the new manger for my region.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022**<br>~~Sep 17, 2021~~<br><br>*Date*            *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

14

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:    Agency(ies) Charge No(s):<br><br>☐ FEPA<br><br>☒ EEOC    **437-2022-00441** |
|---|---|
| | and EEOC |
| *State or local Agency, if any* | |

- **Kris notified us that Megan would no longer be my immediate supervior.**

**I felt as though I made it – I would be given the opportunity to start over with a new manager and was happy to be working with a new Director that worked with my previous one so closely – I felt like I could finally started to move forward. I began to believe that things would get better and my commitment rejuvinated.**

**I completed objectives and and continued to check in with Ms. Shaw for the remainder of the week. I was not told that I did anything wrong during this time or given any indication that my job performance was lacking since 4/23/2021.**

**On May 10ᵗʰ, after our daily huddle, Megan reached out to me while I was in development with my assistant.**
- **She asked me if I was busy.**
- **When I told her I wasn't, she asked me to hang on.**
- **I was then called and Juliette Maddox was added to the meeting.**
- **At that time, Ms. Maddox told me that I was to be fired, effective immediately.**
  - **When I asked the reason, Ms. Maddox stated that it wasn't working out.**
  - **When I asked for her to clarify that, she refused.**
- **Ms. Maddox reported it was at the decision of Management and The Company.**
  - **When asking who in management, I was disregarded.**

**Since 4/20/2021, Ms. Shaw continued to engage me in ways she knew was harmful:**
- **She knowingly gave me false reports on my performance.**
- **She needlessly escalated situations for no other reason that being able to.**
- **She refused every opportunity for open and honest communication.**

**I believe that Ms. Shaw used HR and its' agents to facilitate her agenda every step of the way, and the end run of her machinations was dictated by her increasing inability to substantiate her claims and the (increasing) validity of my abuse claim. As Ms. Shaw was informed that she would not be my manager anymore, I believed she worked with HR, as she did before, to now assert that I am not a good fit, even though:**
- **Megan remarked that I was doing a great job during our meeting on 4/14/2021.**
- **I was given a Corrective Action with the hopes of improving.**
- **I complied with the Corrective Action given to me by her and HR.**

**I asked for a new manager in my abuse complaint. The reasonable action/response HR "could've" taken was already achieved the moment they hired my new manager. Since I was working towards**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022**<br>~~Sep 17, 2021~~<br>_____    _____<br>*Date*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

15

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br><br>437-2022-00441 |
|---|---|---|
| | | and EEOC |
| *State or local Agency, if any* | | |

becoming a better employee, which Ms. Maddox was tasked with and commended me on, that is the reason I could not and was not fired for my performance – I was fired for it "not working out". In the same way I believer there wasn't a reason besides retaliation, I believe there were no improvements I could make to secure my job. I believe Ms. Shaw and Ms. Maddox decided to terminate me because of my decision to continue with my case of abuse. When intimidation and threats did not work, I was made to suffer for it.

I believe was denied reasonable accommodation and discharged in retaliation in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 18, 2022**<br><br>~~Sep 17, 2021~~<br><br>*Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

16

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    **FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

2.    **AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under work-sharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

17





**North Carolina Department of Commerce**
**Division of Employment Security**
**Unemployment Insurance**



28030031

## Determination

**Original**

|  |  |
|---|---|
| Mail Date: | June 29, 2021 |
| Decision Date: | June 28, 2021 |
| Issue ID: | 9435949 |
| Claim ID: | 4771043 |
| Benefit Year Ends: | June 4, 2022 |
| RE: | CIOX HEALTH LLC |
| Claimant ID: | 13451060 |

CHAD GRIFFITH
551 SETTLERS LANDING RD APT 409
HAMPTON, VA  23669-4251

**Determination by Adjudicator**

## DETERMINATION:

Claimant is not disqualified for benefits.

## REASONS:

Claimant last worked for CIOX HEALTH LLC. Claimant filed a claim effective 06/06/2021. Claimant was discharged due to a management decision.

## CONCLUSIONS:

N.C. Gen. Stat. § 96-14.6(a) and (b) provide an individual shall be disqualified for benefits if it is determined by the Division he/she is unemployed for misconduct connected with the work. Misconduct connected with the work is defined as (1) conduct evincing a willful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior that the employer has the right to expect of an employee or has explained orally or in writing to an employee or (2) conduct evincing carelessness or negligence of such degree or recurrence as to manifest an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer.
Based on the Law as applied to the facts of this case, it is concluded that the claimant's discharge was not for misconduct connected with the work.

**Determination Date:** June 28, 2021

**Appeal Rights Expire:** July 29, 2021

NC ADJ 100_41.0.0

18



**North Carolina Department of Commerce**
**Division of Employment Security**
Unemployment Insurance



28030031

**Appeal Rights:**
This determination will become final unless an appeal by the aggrieved party is filed on or before the Appeal Rights Expiration date. The appeal may be submitted online by logging into your portal at des.nc.gov; mailed to DES Appeals, Post Office Box 27967, Raleigh, NC 27611-7967; faxed to 919.857.1296 or emailed to des.public.appeals@nccommerce.com. For additional information, refer to the enclosed Appeals and Hearing Pamphlet.

NC ADJ 100_41.0.0

**EXHIBIT B**

20

 Gmail

Chad G <chadgriffith87@gmail.com>

## Final Communication(s)
5 messages

**Chad G** <chadgriffith87@gmail.com>                                          Fri, Jul 8, 2022 at 6:44 PM
To: michele.speicher@cioxhealth.com, Christine Green <christine.green@stantonlawllc.com>

To Whom It May Concern:

I have not heard from Christine Green in one week regarding my case of wrongful termination, harassment, discrimination, etc. CIOX Health and Christine Green have made an conscious decision to keep me in perpetual limbo as I ask for them to explain their actions and accept responsibility for them.

CIOX Health's has maintained an unwillingness to accept their decisions, by claiming they have done no wrong, which confirms their belief that their actions were legal and allowable.

CIOX Health has demonstrated intent, including the hiring of an attorney "with 12+ years of employment law experience" who has carried out the wishes of their client, who I believe knows my rights were violated. I believe Christine Green is aware of her and her client's action and has not shown any consideration towards my circumstances or respect for the law.

CIOX Health has company policy that I do not believe to be in their employee manual, nor was I aware of: EEO considerations posted on their recruitment website can be ignored at their discretion. To date, HR's practice was/is to allow abuse to persist and even assist in it: Megan Shaw's actions were allowed, ignoring my abuse complaint was allowed, refusing to investigate my abuse claim is allowed, and the facilitation of my abuse, including my firing, is allowed.

Every employee currently employed by CIOX Health can have what happen to me happen to them and this practice is permissible. According to them and their legal representative, an employee can be disenfranchised by CIOX Health, while they create the conditions of how and when they will be culpable. Even though an illegal act is illegal before it is committed, CIOX Health has demonstrated their inability to know the difference or the ability to not care about the consequences.

A safe work environment is not objective - it is the one CIOX Health creates for you. If you disagree and request your rights be honored, you will be fired for "not being a good fit".

I do not believe I was fired for a professional reason, I believe I was fired for a financial and political one. "CIOX Health is a great place to work" was the propaganda and CIOX Health currently has a practice to select which reviews best reflect their company, based on their say so. I believe the conscious effort to present this image was necessary to facilitate CIOX Health's sale to Datavant. I believe I was fired because my existence directly threated both their political and financial agenda, for refusing to "just cooperate" with my abuse(rs) and ensure my rights, and active attempts to silence me was their intentional retaliation.

My concerns were escalated to the CEO and CHRO of CIOX Health, and the president of Datavant, Travis May. Through their agent, Christine Green, the position of the company has been that they were not responsible for my firing, despite being the only one who could fire me. Despite being able to substantively prove my experience, CIOX Health and Christine Green are either unable or unwilling to identify any wrongdoing, despite being given the right to sue by the EEOC.

In a way, CIOX Health and Christine Green's position has been that the government agencies currently involved in this matter - Unemployment, EEOC, and SSI - are all wrong in their assessments of my experience. However, CIOX Health was provided the same evidence and was asked to produce a report for my reasonable accommodations in response to behavior I received and refused to - I was fired before it's production because I "was not a good fit" and this was "the decision of Management and The Company".

I believe I have come to learn specifically what kind of company Datavant is. Based on my experience, evidence, and my interactions with them and their agents to date, I believe Datavant to be a terrorist organization and has demonstrated the criteria required to define it: their participation in prohibited and illegal activities, hiring of agents to facilitate their illegal activities, and stopping at nothing to ensure their financial and political goals are unimpeded - including disabling and facilitating the death of their employees.

Justice is for all; the only people who disagree are the agents who actively seek to deny it.

Please respond to the document(s) provided. Thank you for your time and attention to this matter.

Regards,
Chad Griffith

---

**2 attachments**

 **LETTER OF INTENT TO SUE - Datavant.pdf**
134K

 **LETTER OF INTENT TO SUE - C. Green.pdf**
135K

---

**Christine Green** <christine.green@stantonlawllc.com>                    Thu, Jul 14, 2022 at 4:14 PM
To: Chad G <chadgriffith87@gmail.com>

Mr. Griffith,

We have received your correspondence and will await the filing of your lawsuit.

Have a good day.

Christine

**Christine Green** (she, her) |  http://www.calendly.com/christine_green  |  404.881.1288

[Quoted text hidden]

---

**Chad G** <chadgriffith87@gmail.com>                                    Thu, Jul 14, 2022 at 4:17 PM
To: Christine Green <christine.green@stantonlawllc.com>

Be well and take care.
[Quoted text hidden]

---

**Chad G** <chadgriffith87@gmail.com>                                    Fri, Jul 22, 2022 at 5:35 PM
To: Christine Green <christine.green@stantonlawllc.com>, michele.speicher@cioxhealth.com
Cc: info@stantonlawllc.com

To Whom It May Concern:

A representative of Critical Response Associates hired by CIOX Health and Stanton Law, LLC asked me why I was so insistent on pursuing justice, as the EEOC saw no merit to my claims. I thought that was weird to say - my EEOC charge was substantiated using communications with CIOX Health during the time period of my reported abuse. As he fished for information, it was unclear what additional information I could need to provide that CIOX Health and Stanton Law, LLC didn't already have. At the time I was given the Right to Sue, my documentation was already provided to the EEOC while pending information from CIOX Health and Stanton Law, LLC was not.

"What more information would need to be provided other than evidence we both have? Doesn't CIOX Health and Stanton Law, LLC know that I have proven my EEOC claim with documentation and transcripts? Why wouldn't they believe what I have submitted was enough?...Because CIOX Health took deliberate measures to remove me from the evidence required to prove my case. To anyone." The circumstances of my termination are clear now.

I do not believe any due diligence was performed at any time to adequately respond to my claims. I believe Stanton Law, LLC is aware of their client's actions and intends to hide them or prove their client had the right to engage me specifically in the manner they have to date.

To my understanding, this office plans to defend the following:

1. My abuse claim was "thoroughly investigated" on or about 4/30/2021, as reported by HR, several days after it was given to them.
2. After requesting the abuse report completed by HR, I was terminated.
3. Management and The Company did not exploit its "at-will" status to terminate me without cause.
    1. To date, "it not working out" was the only reason for my termination, without any explanation how/why:
        1. Despite following up with HR to receive training materials to become a better manager.
        2. Despite daily sign-outs to Megan Shaw with positive feedback.
            1. With exception to the evening on or around 4/26/2021, where sign-out was refused.
                1. During this attempt, HR confirmed assisting Megan Shaw with the papering required to escalate a Disciplinary Action.
    2. This was not a retaliation against whistleblowing.
    3. This was not an attempt by CIOX Health to "legally" suppress the evidence required to support my claims.
4. My abuse claim was escalated to the CEO and CHRO in an exit interview, where it can be presumed that no signs of abuse/harassment/discrimination were found.
5. Stanton Law, LLC was hired by CIOX Health to enforce this agenda.
6. CIOX Health and Christine Green stated during the EEOC investigation that my abuse claim was being taken seriously and investigated thoroughly:
    1. My abuse claim and EEOC charge are nearly identical - the claim provided to CIOX Health included more data: Texts and Microsoft Teams messages to support my claim.
        1. My original claim was "thoroughly investigated" within three days.
        2. The EEOC abuse charge was still being investigated 60+ days into the EEOC investigation:
            1. This indicates the previous investigation was flawed or incomplete.
                1. I was fired when asking for the report of the investigation that CIOX Health and Christine Green allude to being subpar (or even non-existent).

Are there any aspects of this case that can be contested at this time? If there are not, please provide a reason CIOX Health and Stanton Law, LLC would continue with a trial besides having the resources to do so.

Please review my settlement letter and reconfirm the stance of CIOX Health and Stanton Law, LLC. An answer today would be greatly appreciated, but if that is not possible, please do so by 7/28/2022.

Regards,
Chad Griffith

On Thu, Jul 14, 2022 at 4:14 PM Christine Green <christine.green@stantonlawllc.com> wrote:
[Quoted text hidden]

---

**Chad G** <chadgriffith87@gmail.com>                                    Tue, Jul 26, 2022 at 7:29 PM
To: Christine Green <christine.green@stantonlawllc.com>, michele.speicher@cioxhealth.com
Cc: info@stantonlawllc.com



1. During my employment, CIOX Health had a responsibility to adequately respond to my abuse claim and refused to do so.
2. CIOX Health was aware of my disabilities and contributed to the environment for their exacerbation, where I was asked to "just cooperate" with my abuse.
3. Management and The Company, CIOX Health, decided that my firing was best for the company after asking for the abuse report from the thorough investigation completed in 3 days.
4. Stanton Law, LLC is in possession of all information that supports harassment, discrimination, retaliation against whistleblowing, defamation of character, and wrongful termination and has gone on record to say that CIOX Health isn't responsible for any misconduct.
5. Stanton Law, LLC defends CIOX Health's ability and choice to engage in prohibited and illegal conduct to any target of their choosing; this ideology is adopted freely or upon payment from CIOX Health.
6. Considering that there are about 60,000 EEOC cases, this behavior is "not novel"; it permeates our work culture and directly contributes to my perpetual disability: what happened to me at CIOX Health can happen to me anywhere, and the lengths that CIOX Health has gone to deny any wrongdoing is a demonstration of them using their resources to impede or even deny justice from people who deserve it.

Please advise if there is any other information required to prove any of my claims to you.

Regards,
Chad
[Quoted text hidden]

                                                              **Chad G <chadgriffith87@gmail.com>**

---

## Final Communications - Settlement

1 message

---

**Chad G** <chadgriffith87@gmail.com>                                    Wed, Aug 10, 2022 at 6:22 PM
To: michele.speicher@cioxhealth.com, Christine Green <christine.green@stantonlawllc.com>

\*\*\*CONFIDENTIAL SETTLEMENT COMMUNICTION\*\*\*

Ms. Green,

Please review the enclosed document and agree on a proposed settlement. If there are any concerns with the settlements, report them immediately.

At this time, I have no questions for your client. If your client refuses to settle, please reveal their intent during this process/these negotiations.

Regards,
Chad Griffith

---

📕 **Final Communications - Settlement.pdf**
177K

RE: Settlement Proposal

CIOX Health and Christine Green c/o Stanton Law:

(Some of) the simplest questions to settle this case are:

**Was an abuse report competed by 4/30/2021 for abuse claim submitted on 4/23/2021 and 4/27/2021?**
**Yes or No**

**Is CIOX Health's abuse investigation protocol similar to EEOC's investigation protocol?**
**Yes or No**

**Was HR aware that I needed the abuse report to substantiate my work environment for reasonable accommodations?**
**Yes or No**

**Was I entitled to the abuse report I asked for?**
**Yes or No**

**Was I fired during the request for the abuse report HR knew I needed?**
**Yes or No**

**Since the only decision I failed to "just cooperate" with was the abuse I faced, would it be reasonable to conclude that my failure to do so was just cause for CIOX Health to use their at-will clause to terminate employment due to "it not working out"?**
**Yes or No**

At some point, CIOX Health knew the truth was damaging to them and took necessary steps to conceal it; CIOX Health seemingly prepared for a legal battle against me instead of investigating the abuse claim that was presented to them, as required by law.

If an abuse report resulting from a "thorough investigation" was not completed by 4/30/2021, never mind by the time I was fired, there is no reason for CIOX Health to refuse or refute me. As of 5/10/2021, CIOX Health was fully aware of their decision to use their at-will status to fire me without cause. This is confirmed via Unemployment Insurance who responded to my reason for firing, which CIOX Health approved.

Besides UI, documentation has been provided to the EEOC and SSI who both ruled in my favor based on my experience with CIOX Health:

1. I was fired by the person(s) who collaborated to retaliate against me for reporting abuse in my work environment
   a. No (thorough) investigation was performed prior to the EEOC investigation
      i. As of 3/2022, there was not sufficient time to investigate the claim since:

26

      1. After 4/30/2021, when I was told it was thoroughly investigated
      2. About 5/10/2021, when I was fired from my job
      3. About 6/2021, when asking the company to investigate my abuse claim
      4. During the EEOC investigation

   b. No reason has been given to date
      i. EEOC gave me the right to sue based on information not provided by CIOX Health, so it is unclear if an investigation was ever performed at all

2. As of 3/31/2022, CIOX Health and Stanton Law, LLC demonstrated their willingness to abuse the EEOC process to protect their client's illegal actions during my employment
   a. Stanton Law, LLC lied to government agents about CIOX Health's conduct during this case

3. Stanton Law, LLC is currently aware that I can and have substantially proven my case which highlight CIOX Health's misconduct, impropriety, and criminal behavior

CIOX Health has never provided a valid reason for my firing, it has only claimed that there was no wrongdoing. The notion that no wrongdoing was done is false every day it's told and the most recent published recording of which is 6/27/2022.

If 95% of cases are settled out of court, it is unclear why CIOX Health or Stanton Law, LLC believe they're a part of the 5% if I'm not. There is no other process required for CIOX Health or Stanton Law, LLC to explain their side. During both my employment and the EEOC investigation, CIOX Health had a burden of proof to respond to and they chose not to. As of the construction of this letter, this continues.

If CIOX Health and Stanton Law, LLC are willing to recognize there is no point in fighting anymore, we've arrived at the point where we may discuss reasonable settlement offers.

27

**Settlement**

Evidence provided to CIOX Health demonstrates harassment, discrimination, retaliation against whistleblowing, and defamation of character occurring prior to my firing. HR made the decision against investigating these claims and chose to collude with a manager they knew to be dishonest, as early as 4/23/2021 and/or 4/27/2021 and/or 5/3/2021. Despite complying with the Disciplinary Action (with positive feedback from the same manager each evening) and receiving a new manager as was requested, CIOX Health terminated my contract and failed to provide any explanation for their actions to date.

I am undeserving of any further abuse of process or delay. By the end of these proceedings, ensure CIOX Health's desire to settle this matter is unmistakable.

The current settlement options are as follows:

☐ **Four Hundred and Fifty Million Dollars ($450,000,000.00)**

Based on actions to date, I am at very least 50% certain about what I've seen and presented as early as 7/8/2022 and I believe it was confirmed on 7/14/2022.

☐ **Three Hundred Million Dollars ($300,000,000.00)**

As early as 6/27/2022, CIOX Health and Stanton Law, LLC were in possession of evidence that proved my claims and chose to insist no wrongdoing and denied settlement proceedings at that time.

☐ **One Hundred and Eighty Million Dollar ($180,000,000.00)** AND
**Six Hundred Thousand Dollars ($600,000.00) a year, 40-year salary contract, COLA**

1) This settlement includes Stanton Law's contribution to this case
   a) Stanton Law, LLC: Please include pro-bono representation for the length of this employment contract
2) Please allow this position to have a start date early as 9/1/2022 with all executive benefits and offerings
3) Additionally, please consider ownership of PRISM software

As these offers are a fraction of the cost of fairness provided in April 2022 with significantly more time to considering everything, please respond to this document by 8/16/2022.

Regards,

Chad Griffith

**EXHIBIT C**

IN THE CIRCUIT COURT OF HAMPTON
CIVIL DIVISION

MICHELE SPEICHER,

        Plaintiff,

v.

                                              Case No. CL22-2038

CHAD GRIFFITH,

        Defendant.

## PLAINTIFF'S MOTION FOR CONTINUANCE

Plaintiff Michele Speicher ("Plaintiff") respectfully moves this Honorable Court for a continuance from the currently scheduled hearing date of September 21, 2022 at 2:00 p.m.  In support of this motion, Plaintiff states the following.

1)      During the course of this matter, plaintiff's employers became so concerned about the actions of Defendant Chad Griffith ("Defendant") that they hired a private investigative firm to provide surveillance services.  The name of the firm is Accomplished Investigative Services ("AIS").  AIS is headquartered at 263 Naughright Road, Long Valley, New Jersey.  The President and CEO of AIS is Tim Sharkey ("Mr. Sharkey").

2)      Mr. Sharkey was in charge of the surveillance efforts of AIS involving Defendant. For a period of 7 days in August, AIS surveilled Defendant by monitoring the location of his cell phone.  As a result, Mr. Sharkey will be able to provide detailed testimony of the location of Defendant's cell phone—and by extension, Defendant himself—during that period of time.

3)      Mr. Sharkey was scheduled to fly into the area on the morning of trial and appear in court in person for the hearing.  Unfortunately, an emergency has arisen and Mr. Sharkey will be unavailable to testify tomorrow.

4)      Plaintiff did not subpoena Mr. Sharkey because he is located outside Virginia.

30

However, plaintiff and their counsel had every expectation that Mr. Sharkey would appear. We were only notified by Mr. Sharkey at approximately 11:00 a.m. on Tuesday, September 20 that he would be unable to attend court.

5)      Mr. Sharkey is a vital witness in this matter. His testimony will confirm the reasons why Plaintiff is fearful of Defendant and is requesting a protective order.

6)      This is the first time this matter has been on the docket. There will be no prejudice to Defendant if this matter is briefly continued.

7)      If this motion is granted, Plaintiff agrees that it can be continued to a date that is convenient to both the Court and Defendant.

Respectfully Submitted,

By: _____
Kevin J. Cosgrove (VSB No. 18828)
HUNTON ANDREWS KURTH LLP
500 East Main St., Suite 1301
Norfolk, Virginia 23510
Telephone: (757) 640-5342
Facsimile: (757) 625-7720
kcosgrove@huntonak.com

*Counsel for Plaintiff*

Dated:  September 20, 2022

31

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2022, I caused a true and correct copy of the foregoing Plaintiff's Motion for Continuance to be served upon Defendant via email and hand delivery as follows:

Chad Griffith
551 Settlers Landing Rd 409
Hampton, VA 23669
Chadgriffith87@gmail.com

Defendant, *pro se*

_____
Kevin J. Cosgrove (VSB No. 18828)

*Counsel for Plaintiff*

32