**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAD GRIFFITH,

        Plaintiff,

  v.

CIOX HEALTH,

        Defendant.

Civil Action No.: 3:23-cv-20513-GC-DEA

Return Date: November 18, 2024

**MEMORANDUM OF LAW IN SUPPORT OF**
**CIOX HEALTH'S MOTION TO DISMISS**

**HODGSON RUSS LLP**
*Attorneys for Ciox Health*
Ryan A. McGonigle
605 Third Avenue, Suite 2300
New York, New York  10158
212.751.4300

Jodyann Galvin *(seeking pro hac vice admission)*
James J. Zawodzinski, Jr. *(seeking pro hac vice admission)*
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202
716.856.4000

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND........................................................................................................2

ARGUMENT ...............................................................................................................................4

I.       THE COURT SHOULD DISMISS GRIFFITH'S PRO SE COMPLAINT
PURSUANT TO 28 U.S.C. § 1915 BECAUSE IT IS FRIVOLOUS
AND FAILS TO STATE A CLAIM .........................................................................4

       A.     Griffith's Claims Against Ciox Are Legally and Factually Frivolous
and Subject to Dismissal Under 1915(e)(2)(B)(i)......................................................5

       B.     Griffith's Legal Allegations and Factual Statements Fail to State a Claim
and His Claims Must Be Dismissed Under 1915(e)(2)(B)(ii) .................................8

II.      THE COURT SHOULD DISMISS GRIFFITH'S PRO SE COMPLAINT
BECAUSE HE FAILS TO STATE A CLAIM
PURSUANT TO FED. R. CIV. P. 12(B)(6)................................................................8

       A.     Griffith Fails to Allege That Ciox Discriminated
Against Him Under Title VII....................................................................................10

       B.     Griffith's Apparent Allegations Relating to Disability
Do Not Meet the Threshold Under the ADA..........................................................12

       C.     Griffith Fails to Allege that Ciox Retaliated
Against Him During or After His Employment.......................................................13

III.    THE COURT SHOULD NOT CONSIDER PROVIDING GRIFFITH
WITH LEAVE TO AMEND BECAUSE
ANY AMENDMENT WOULD BE FUTILE ........................................................16

CONCLUSION.........................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. Nutrisystem, Inc.*,
2013 WL 1776440 (E.D.Pa Apr. 25, 2013), *aff'd*, 546 F. App'x 98 (3d Cir.
2013) ..................................................................................................................15

*Amiot v. Kemper Ins. Co.*,
122 F. App'x 577 (3d Cir. 2004) ........................................................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................9

*Bell Atl. Corp v. Twombly*,
550 U.S. 544 (2007)..............................................................................................9

*Blakney v. City of Philadelphia*,
559 F. App'x 183,186 (3d Cir. 2014) ................................................................15

*Clark v. Linares*,
2013 WL 5966422 (D.N.J. Nov. 7, 2023) ...........................................................9

*Demby v. United States*,
2024 WL 1795389 (D.N.J. Apr. 25, 2024) .........................................................16

*Fleming v. Chiesa*,
2012 WL 2523076 (D.N.J. June 29, 2012) ...........................................................7

*Freeman v. Harris*,
2021 WL 2651268 (D.N.J. June 28, 2021) .........................................................14

*Gaul v. Lucent Techs., Inc.*,
134 F.3d 576 (3d Cir. 1998).................................................................................12

*Guirgis v. Movers Specialty Servs., Inc.*,
346 F. App'x 774 (3d Cir. 2009) ........................................................................11

*Itiowe v. NBCUniversal Inc.*,
2013 WL 5435487 (D.N.J. Sep. 27, 2013) ....................................................12, 13

*Jean-Pierre v. Schwers*,
682 F. App'x 145 (3d Cir. 2017) ........................................................................10

ii

## TABLE OF AUTHORITIES - cont'd

PAGE

*Jorge v. Torres,*
2019 WL 2385942 (D.N.J. June 6, 2019) .................................................................5, 6, 7, 8

*Makky v. Chertoff,*
541 F.3d 205 (3d Cir. 2008).................................................................................................10

*McDonnell Douglas v. Green,*
411 U.S. 792 (1973).............................................................................................................10

*Moore v. Sec. U.S. Dep't of Homeland Security,*
718 F. App'x 164 (3d Cir. 2017) .........................................................................................14

*Morse v. Lower Merion Sch. Dist.,*
132 F.3d 902 (3d Cir. 1997)...................................................................................................9

*Nathan v. Princeton Univ.,*
2012 WL 4794353 (D.N.J. Oct. 9, 2012)..........................................................................9, 11

*Neitzke v. Williams,*
490 U.S. 319 (1989)................................................................................................................5

*Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temporary Assistance &*
*Social Servs.,*
781 F. App'x 44 (3d Cir. 2019) ...........................................................................................16

*Santos v. Iron Mountain Film & Sound,*
593 F. App'x 117 (3d Cir. 2014) .........................................................................................11

*Schreane v. Seana,*
506 F. App'x 120 (3d Cir. 2012) ...........................................................................................8

*Scott v. Police & Fire Fed. Credit Union,*
2022 WL 17547279 (D.N.J. Dec. 9, 2022) ...........................................................................7

*Shahin v. Del. Dep't of Transp.,*
405 F. App'x 587 (3d Cir. 2010) .........................................................................................10

*Sproul v. SunProSolar,*
2023 WL 3548976 (W.D.Pa. May 18, 2023)...........................................................12, 13, 15

*Thakar v. Tan,*
372 F. App'x 325 (3d Cir. 2010) ...........................................................................................9

## TABLE OF AUTHORITIES - cont'd

PAGE

*Tirk v. Dubrook, Inc.*,
    673 F. App'x 238 (3d Cir. 2016) ...............................................................................15

*Wong v. N.J. Dep't of Children & Families*,
    No. 12-5915, 2013 WL 5503301 (D.N.J. Oct. 1, 2013) ...........................................10

Defendant Ciox Health[1] submits this memorandum of law in support of its motion to dismiss Plaintiff Chad Griffith's complaint, in its entirety, with prejudice, pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 12(b)(6).

## Preliminary Statement

Griffith, a former Ciox employee, filed his *pro se* employment discrimination complaint against Ciox on September 19, 2023. Dkt. No. 1 ("Compl."). The Court granted Griffith's application to proceed in forma pauperis several months later. Dkt. No. 10.

Section II of Griffith's form employment discrimination complaint appears to allege three bases for jurisdiction in this Court: (1) the Americans with Disabilities Act ("ADA"); (2) Title VII of the Civil Rights Act of 1964 ("Title VII"); and (3) 42 U.S.C. § 12203. Griffith states the facts supporting his claims are available in the "maturation of claims" attached to his form complaint. Compl. at p. 5. Even a cursory review of those alleged facts, however, reveals that Griffith has not alleged any wrongful conduct by Ciox — much less that he has satisfied the pleading requirements of Rule 12(b)(6). The so-called facts Griffith relies upon are baseless and legally and factually frivolous, and do not support his bald allegations against Ciox.

Griffith's *pro se* status does not help him survive this motion. While *pro se* plaintiffs are afforded some leniency, this Court cannot serve as *de facto* counsel for Griffith or rewrite his deficient pleading. Griffith's incomprehensible complaint, as a matter of law, should be dismissed pursuant to 28 U.S.C. § 1915 and Rule 12(b)(6).

---

[1] Ciox Health, improperly named herein, is registered to do business as Ciox Health, LLC d/b/a Datavant Group.

**Factual Background**

Ciox employed Griffith as an at-will employee. *See* Compl. at p. 8. Ciox terminated Griffith on May 10, 2021, after a brief employment due to performance-related concerns. *Id.* at p. 11.[2] Ciox assumes this action arises out of and is related to Griffith's termination, but it is difficult to decipher the claims Griffith brings against Ciox and what allegations support those claims. For the sake of this motion, Ciox characterizes Griffith's claims as accurately as possible.[3]

According to the complaint, Griffith suffers from PTSD, ADHD, and anxiety. *Id.* at pp. 8, 15. On or about April 14, 2021, Griffith met with his Ciox supervisor, Megan Shaw, to disclose these conditions and to request what he described as "reasonable accommodations." *Id.* at pp. 15-16. Griffith asked that Ms. Shaw change her "supervisory methods" to include "transparency and open/honest communication" and that Ciox provide him with "supplies requested for work accommodations in support of [his] disabilities and the work [he] was doing." *Id.* at p. 16.

Griffith's allegations regarding his work performance following that meeting are convoluted. Griffith apparently does not dispute that Ms. Shaw and Human Resources staff repeatedly met with him to discuss their concerns over his insufficient performance (they did).

---

[2]    Ciox gathered Mr. Griffith's factual allegations from his civil cover sheet, complaint, and exhibits — particularly Exhibit A, Mr. Griffith's EEOC Charge of Discrimination, dated January 18, 2022.

[3]    Ciox does not admit that Griffith's allegations are true but treats them as such on this motion.

2

*Id.* at pp. 16-19. During those meetings, Ciox placed Griffith on "Disciplinary Action." *Id.* at p. 19. Ms. Shaw worked with the Human Resources Department to create a "Corrective Action" plan for Griffith. *Id.* Griffith alleges that Ms. Shaw abused him with these repeated meetings. *Id.* at p. 18. Specifically, he claims that Ms. Shaw "knowingly gave [him] false reports on his performance," "needlessly escalated situations for no other reason than being able to," and "refused every opportunity for open and honest communication." *Id.* at p. 22. Griffith makes these allegations despite the documentation he received related to his deficient performance.

On or about April 23, 2021, Griffith submitted an abuse report to the Human Resources Department. *Id.* at p. 19. Griffith met with Crystal Thudium and Juliette Maddox from Human Resources to discuss his report. *Id.* at p. 20. During that meeting, Griffith alleges Human Resources informed him that there was no evidence to support his report and that "[he] must not be a good fit." *Id.*

On May 3, 2021, Griffith scheduled a meeting with Ms. Thudium, Ms. Maddox, and Ms. Shaw to discuss his performance under the Corrective Action plan. *Id.* at p. 21. Griffith alleges that Ms. Shaw "conveyed conflicting information/stances." *Id.* Following the meeting, Griffith asked Human Resources to clarify its conclusion that there was no evidence to support his abuse report as he intended to "follow through with [his] claim of abuse with his doctor and the disability process." *Id.* On May 10, 2021, Griffith alleges that Ms. Maddox terminated him because "it wasn't working out." *Id.* at p. 22.

Griffith apparently alleges here that he was "denied reasonable accommodation and discharged in retaliation in violation of the Americans with Disabilities Act of 1990, as

3

amended." *Id.* at p. 23.  Griffith's Civil Cover Sheet purports to assert civil rights claims based on "Employment," "Housing/Accommodations," "Amer. w/Disabilities – Employment," and "Amer. w/Disabilities – Other." *Id.* at p. 1.  In his form "Complaint for Employment Discrimination," he checked boxes for Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 12203 prohibition retaliation and coercion. *Id.* at p. 4.  Under Section III.D. of this form, Griffith checked the boxes for race, color, gender/sex, and disability or perceived disability as the bases of discrimination. *Id.* at p. 5.

## Argument

There are three independent bases that mandate the dismissal of Griffith's complaint.  Griffith's allegations are (1) legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); (2) fail to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and (3) fail to state a claim pursuant to Rule 12(b)(6).  These deficiencies cannot be cured by any amendment and the Court should dismiss Griffith's complaint, with prejudice.

**I.      THE COURT SHOULD DISMISS GRIFFITH'S
         PRO SE COMPLAINT PURSUANT TO
         28 U.S.C. § 1915 BECAUSE IT IS FRIVOLOUS
         AND FAILS TO STATE A CLAIM**

Griffith's complaint should be dismissed because it is frivolous and fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  According to the complaint's Civil Cover Sheet and form complaint, Griffith appears to allege violations of Title VII based on race, color,

gender/sex, and disability; a violation of the ADA; and retaliation by Ciox.[4]  Compl. at pp. 1, 4-5.  Griffith's legal and factual allegations are insufficient to state these claims.  They are baseless and substantively deficient and are therefore subject to dismissal under Section 1915(e)(2).  *See* 28 U.S.C. § 1915(e)(2).

Section 1915(e)(2) provides several grounds for dismissal, including where a claim is "(i) frivolous or malicious;" and/or (ii) "fails to state a claim on which relief may be granted[.]"  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & (ii).

### A. Griffith's Claims Against Ciox Are Legally and Factually Frivolous and Subject to Dismissal Under 1915(e)(2)(B)(i)

"Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a claim for being *legally* frivolous."  *Jorge v. Torres*, 2019 WL 2385942, at *1 (D.N.J. June 6, 2019) (emphasis in original) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Whether a complaint is frivolous depends on if any of the legal points in the complaint can be arguable on the merits *or* if the claim's "factual contentions are clearly baseless."  *Id.*  "Factually frivolous claims include those that contain fanciful factual allegations or fantastic or delusional scenarios."  *Id.* (internal citations and quotation marks omitted).  "[A] finding of factual frivolousness is appropriate" where, as here, "the facts alleged rise to the level of the irrational or the wholly incredible,

---

4    It is unclear what Griffith's intention in placing an "S" in the box next to "Housing/Accommodations" is meant to indicate on his civil cover sheet.  Griffith has not made any allegations as to housing in this action.  As such, Griffith has failed to comply with Rule 8 in that his allegations do not contain any information to put Ciox on notice of the "Housing/Accommodations" claim he purports to bring.  The Court should dismiss this claim on this basis alone and because he fails to state and cannot state a claim for any housing-related civil rights action.

whether or not there are judicially noticeable facts available to contradict them." *Id.* (citation omitted). "Moreover, frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) extends to the plain meaning of frivolous, such that a court may dismiss a claim under this doctrine if it is (1) of little or no weight, value, or importance; (2) not worthy of serious consideration; or (3) trivial." *Id.* (citation omitted).

Griffith's complaint is undecipherable, and the only clues reside in his Civil Cover Sheet. Even with these clues, however, Griffith's allegations are legally and factually frivolous. The complaint recounts Griffith's at-will employment history at Ciox, his termination, protective orders issued ***against him*** on behalf of his former supervisor and Ciox's Director of Human Resources, and the sale of Ciox to Datavant. *See generally* Compl. Griffith also seems to complain that he was denied "reasonable accommodations." Compl. at p. 15. Collectively, these allegations, to the extent they allege wrongful conduct of any kind (which they do not), are completely irrelevant to Griffith's purported claims. And they are unsupported by any factual statements in his complaint — or any facts at all.

Instead, Griffith focuses on the circumstances surrounding several negotiations he claims took place between Ciox personnel and Griffith ***after*** Ciox terminated his employment, including the specifics of several legal actions involving Ciox personnel and Griffith in Virginia (Griffith's home state).[5] *See* Compl. at pp. 3-4. But these factual allegations do not support the

---

[5] Ciox disputes Griffith's characterization of the legal action taken by its Human Resources personnel. Both Ms. Speicher and Ms. Shaw filed separate actions in the Hampton General District Court, Hampton, Virginia (which Griffith acknowledges is where he resides) because they feared for their lives after Griffith threatened them. This Court may take judicial notice of these proceedings as they are publicly-available filings.

claims Griffith asserts in his complaint either — which are apparently claims for discrimination *during* employment (Ciox disputes that he has any claims, regardless of timing). By contrast, they showcase the complete "fanciful … or fantastic or delusional" nature of Griffith's invented entitlement to a more than $1,980,000,000.00 dollar settlement from Ciox on account of Ciox's "continued psychological assault contributing to Griffith['s] perpetual and permanent disability" *after* Ciox terminated his employment. *Id.*; *Jorge*, 2019 WL 2385942, at *1. There are no allegations of any actual disability or facts to lead the Court to believe he had one. As set forth in Section II, Griffith fails to allege has a disability covered by any of the statutes he claims protect him. It is therefore inconceivable that, absent any disability, Ciox could have "continued" its "psychological assault" warranting payment of $1,980,000,000.00.

Griffith's "fanciful" allegations do not provide any "facts in support of [his conclusions,]" *Fleming v. Chiesa*, 2012 WL 2523076, at *3 (D.N.J. June 29, 2012), and they are insufficient to maintain claims under the ADA, Title IVV, or for retaliation. His allegations fail to mention Griffith's race, color, or gender/sex — much less provide a single fact suggesting that Griffith suffered discrimination based on his membership in any protected class or his purported disability. These omissions alone warrant dismissal of his action against Ciox. *See, e.g., Scott v. Police & Fire Fed. Credit Union*, 2022 WL 17547279, at *3-4 (D.N.J. Dec. 9, 2022) (dismissing *pro se* plaintiff's claim for employment discrimination as frivolous because he failed to plead requisite elements of his claim, which was based on an indisputably meritless legal theory).

Section 1915 exists precisely for this reason — to discourage the filing of, and waste of judicial and private resources upon, baseless suits that paying litigants generally do not initiate because of cost and threat of sanctions under Rule 11. *See Jorge*, 2019 WL 2385942, at

7

*4.  Griffith's theory of liability is indisputably meritless and his frivolous claims against Ciox

should be dismissed pursuant to Section 1915(e)(2)(B)(i).

> **B. Griffith's Legal Allegations and Factual Statements**
> **Fail to State a Claim and His Claims**
> **Must Be Dismissed Under 1915(e)(2)(B)(ii)**

Section 1915(e)(2)(B)(ii) provides a separate, independent basis for dismissal.

Where, as here, the *pro se* plaintiff's complaint fails "to state a claim upon which relief can be

granted, the Court must apply the same standard of review as that for dismissing a complaint

under Federal Rule of Civil Procedure 12(b)(6)." *Jorge*, 2019 WL 2385942, at *2 (citing

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)).  For the reasons set forth in Section

II, Griffith's complaint fails to state cognizable claim for a violation of the ADA; Title IV;

Section 12203 for retaliation, or any other statute.  Under the Rule 12(b)(6) standard, his

complaint should be dismissed, with prejudice, pursuant to Section 1915(e)(2)(B)(ii).  *See Jorge*,

2019 WL 2385942, at *2 (dismissing *pro se* plaintiff's Fourth Amendment claims for false arrest

and illegal lockout given plaintiff's failure to satisfy Rule 12(b)(6) pleading standard for each

claim).

> **II.   THE COURT SHOULD DISMISS**
> **GRIFFITH'S PRO SE COMPLAINT BECAUSE**
> **HE FAILS TO STATE A CLAIM**
> **PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Griffith's complaint appears to allege that Ciox: (1) discriminated against him

under the ADA; (2) discriminated against him under Title VII; and (3) retaliated against him

pursuant to 42 U.S.C. § 12203.  Griffith's three requests for relief consist of baseless factual

allegations and legal theory that, when taken together, fail to state a cognizable claim for relief and should be dismissed pursuant to Rule 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), Griffith's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And his allegations must "plausibly suggest" that the plaintiff is entitled to relief. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 557 (2007). In addition, Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them so that they may adequately respond." *Clark v. Linares*, 2013 WL 5966422, at *3 (D.N.J. Nov. 7, 2023).

On a motion to dismiss for failure to state a claim, all reasonable inferences must be made in plaintiff's favor; however, "bald assertions" and "legal conclusions" are not entitled to any credit. *Nathan v. Princeton Univ.*, 2012 WL 4794353, at *2 (D.N.J. Oct. 9, 2012) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). And while *pro se* pleadings are liberally construed, they must still allege sufficient facts to support their claims. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010); *Morse*, 132 F.3d at 906.

Griffith's complaint "consists largely of confusing statements, and to the extent [he] attempts to allege some sort of misconduct on behalf of [Ciox], these allegations are extremely vague and conclusory" and Ciox cannot adequately respond. *Clark*, 2013 WL 5966422, at *2. His allegations fail to put Ciox on notice of the substance of his claims and fail to plead the requisite elements of each claim. The substantive defects that exist in each of the claims Ciox assumes Griffith asserts against it are addressed in turn below.

9

### A. Griffith Fails to Allege That Ciox Discriminated Against Him Under Title VII

To state a *prima facie* claim of employment discrimination under Title VII, a plaintiff must allege: (1) membership in a protected class; (2) qualification for the position sought to be retained or attained; (3) an adverse employment action; and (4) that the action occurred under circumstances that could give rise to an inference of intentional discrimination. *Jean-Pierre v. Schwers*, 682 F. App'x 145, 147 (3d Cir. 2017) (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)); *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). Where, as here, a plaintiff fails to allege the necessary elements of a discrimination claim, the claim should be dismissed. *See Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-589 (3d Cir. 2010) (dismissing *pro se* plaintiff's employment discrimination for failure to identify membership in a protected class, any position applied for, or her qualifications).

First, Griffith has not pled membership in any protected class. In his standard form "Complaint for Employment Discrimination," Griffith checks the boxes for race, color, gender/sex, and disability discrimination. Compl. at p. 5. Disability is not a protected class under Title VII. *Wong v. N.J. Dep't of Children & Families*, No. 12-5915, 2013 WL 5503301, at *2 (D.N.J. Oct. 1, 2013). And his complaint is devoid of any allegations regarding his race, color, or gender/sex. On this basis alone, the Court should dismiss Griffith's Title VII claim for failure to allege membership in any protected class. *See, e.g.*, *id.* (dismissing *pro se* Title VII claim where plaintiff failed to allege membership in a protected class); *Shahin*, 405 F. App'x at 588 (same).

Next, even if Griffith had alleged membership in a protected class, he does not allege any facts "that would raise an inference of discriminatory animus by [Ciox]" — nor could he. *Nathan*, 2012 WL 4794353, at *3. There are no allegations of discriminatory acts based on his race, color, or gender/sex in his complaint, and Griffith's complaint should likewise be dismissed on this basis.

Finally, Griffith has not alleged any causal nexus between his purported membership in a protected class and discriminatory acts. *See, e.g.*, *Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (dismissing *pro se* Title VII claim where plaintiff failed to plead facts that plausibly connected his national origin to his discharge). Griffith merely alleges that Ciox terminated his at will employment two weeks after he requested "reasonable accommodations." Compl. at p. 9. There are no allegations that give rise to an inference that he was terminated based on his race, color, or gender/sex or that such class distinction was somehow tied to his denial for "reasonable accommodations" (the circumstances surrounding which are sharply in dispute). "Simply because an individual belongs in a protected class and experiences an adverse employment action does not raise an inference that the action was due to discrimination." *Nathan*, 2012 WL 4794353, at *3 (citing *Guirgis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 776 (3d Cir. 2009)).

Griffith fails to allege any one of the three required elements to allege a claim for employment discrimination under Title VII and this claim should be dismissed.

11

**B. Griffith's Apparent Allegations
Relating to Disability Do Not
Meet the Threshold Under the ADA**

Griffith's ADA claim is similarly deficient.  To allege a claim for disability

discrimination under the ADA, Griffith must allege that he: (1) is a disabled person under the

ADA; (2) is otherwise qualified to perform the essential functions of the job, with or without

reasonable accommodations by the employer; and (3) has suffered an otherwise adverse

employment decision because of discrimination.  *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580

(3d Cir. 1998); *Itiowe v. NBCUniversal Inc.*, 2013 WL 5435487 (D.N.J. Sep. 27, 2013).

Griffith has not alleged facts sufficient to plead that he is a "disabled person"

under the ADA, nor can he.  A "disability" under the ADA is "(A) a physical or mental

impairment that substantially limits one or more major life activities of such individual; (B) a

record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C.

§ 12102(1).  Griffith's allegations that he has ADHD, PTSD, and anxiety are — without more —

insufficient to plead that he has a disability under the ADA.  For example, in *Sproul v.*

*SunProSolar*, the Western District of Pennsylvania held that the *pro se* plaintiff's allegation that

he suffered from IBS, anxiety, and depression were inadequate to sufficiently plead a disability

under the ADA.  *See Sproul v. SunProSolar*, 2023 WL 3548976, at *4-5 (W.D.Pa. May 18,

2023).  The complaint lacked any allegations regarding how his conditions limited major life

activities, the severity of his conditions, or their expected duration.  *Id.*  Therefore, the court

dismissed his ADA discrimination claim because it was unable to reasonably infer that the

plaintiff was "disabled" under the ADA.  *Id.* (citing *Amiot v. Kemper Ins. Co.*, 122 F. App'x 577,

580 (3d Cir. 2004)).  Given Griffith's failure to plead a disability of any kind, this Court should

follow the court's analysis in *Sproul* and dismiss Griffith's ADA claim.

Even if the Court held that Griffith sufficiently pled a "disability," "[a]n

individual who is disabled and experiences an alleged adverse employment action does not

receive an inference that this action was due to discrimination merely by way of being disabled."

*Id.*  The complaint does not contain any factual allegations that Ciox terminated Griffith because

of his alleged disabilities.  The reason is simple — there are no such facts.  Griffith's conclusory

statement that he believes he was "discharged in retaliation in violation of the Americans with

Disabilities Act of 1990" is insufficient.  *See Itiowe,* 2013 WL 5435487, at *4.  In *Itiowe*, the

court determined that plaintiff's statement that her disability was the reason she suffered an

adverse employment action was not enough to carry her claims — it was a legal conclusion that

could not be considered on a 12(b)(6) motion.  *Id.*  Accordingly, the court held that the plaintiff

failed to allege any causal nexus between her disability and the alleged discriminatory actions

and dismissed her claim.  *Id.*  Similarly, here, it is not enough that Griffith alleges that he has a

disability and that Ciox terminated him.  He must allege a causal nexus between the two.

Griffith has not done so.  Nor can he.  *See Itiowe,* 2013 WL 5435487, at *4.  He cannot cure this

with any amendment.

### C. Griffith Fails to Allege that Ciox Retaliated Against Him During or After His Employment

Finally, Griffith fails to state a claim for retaliation.  A plaintiff must show the

following elements to prove their *prima facie* case of retaliation under Title VII and the ADA:

(1) that the employee engaged in a protected activity; (2) adverse action by the employer either

after or contemporaneous with the employee's protected activity; and (3) a causal connection between the protected activity and the adverse action. *Moore v. Sec. U.S. Dep't of Homeland Security*, 718 F. App'x 164, 166 (3d Cir. 2017); *Freeman v. Harris*, 2021 WL 2651268, at *2 (D.N.J. June 28, 2021) (dismissing *pro se* plaintiff's retaliation claim for failure to allege that membership in a protected class was in any way related to the alleged retaliation).

There is no identifiable protected activity alleged. Under the liberal pleading standard relevant on this motion, Ciox interprets Griffith's allegations surrounding the alleged denial of his "reasonable accommodations" request and his filing of an "abuse report" related to such denial to be the required protected activities. But these allegations do not support a retaliation claim. *See, e.g., Freeman*, 2021 WL 2651268, at *2. For example, in *Freeman*, the *pro se* plaintiff purported to assert a retaliation claim but failed to specify the basis of it. *See Freeman*, 2021 WL 2651268, at *2. The only activity she alleged that could qualify as a protected activity was her filing of complaints for unlawful discrimination against her employer. *Id.* The court dismissed her claim because she failed to provide any further factual allegations detailing the activity and failed to allege that her membership in a protected class was related to the alleged retaliation. *Id.* Similarly, here, Griffith does not articulate the basis of the alleged retaliation, much less any detail surrounding the alleged retaliation. Griffith does not allege any facts regarding the abuse report or how he was denied "reasonable accommodation."

Additionally, to the extent Griffith attempts to state a claim for retaliation under Title VII, the claim should be dismissed because he does not allege that his race, color, gender, or sex were related to the alleged retaliation (because they were not). *Id.* To the extent he claims retaliation under the ADA, that claim should also be dismissed because he fails to allege any

14

causal connection between his request for accommodations or his abuse reports and his termination.  *See Sproul*, 2023 WL 3548976, at *6 (dismissing *pro se* retaliation claim where plaintiff failed to plead facts sufficient to connect his engagement in a protected activity with his termination).

The time between the alleged activities here does not support Griffith's claim for retaliation.  He alleges that he requested his accommodation on or about April 14, 2021, submitted his abuse report on or about April 23, 2021, and was terminated on May 10, 2021. Compl. at p. 15-16, 19, 22.  Interim periods greater than ten days between a protected activity and the alleged retaliation are not enough, on their own, to plead a causal connection.  *See Blakney v. City of Philadelphia*, 559 F. App'x 183,186 (3d Cir. 2014) (noting that temporal proximity greater than ten days is not enough to plead causation for a retaliation claim); *Tirk v. Dubrook, Inc.*, 673 F. App'x 238, 241 (3d Cir. 2016) (holding that one-month period between filing of accident report and termination was not enough to rise inference of causation); *see also Allen v. Nutrisystem, Inc.*, 2013 WL 1776440, at *6 (E.D.Pa Apr. 25, 2013), *aff'd*, 546 F. App'x 98 (3d Cir. 2013) (one-month period between protected activity and termination was not enough, on its own, to be unduly suggestive of retaliation).  Accordingly, the temporal proximity of Griffith's alleged protected activities and his termination are not enough to state a claim for retaliation.  Like his Title VII and ADA claims, Griffith's claim for retaliation fails under Rule 12(b)(6).

15

### III.    THE COURT SHOULD NOT CONSIDER PROVIDING GRIFFITH WITH LEAVE TO AMEND BECAUSE ANY AMENDMENT WOULD BE FUTILE

Leave to amend should not be granted where the amendment would be futile.  *See Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temporary Assistance & Social Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (holding that where allegations failed to plausibly indicate disability discrimination, leave to amend was futile and denied).  Griffith's complaint does not plausibly allege that he was discriminated against based on his race, color, gender/sex, or disability or otherwise suffered unlawful retaliation.  Considering his legally frivolous and factually deficient allegations, leave to amend would be futile and should be denied.  *See Demby v. United States*, 2024 WL 1795389, at *3 (D.N.J. Apr. 25, 2024) (dismissing complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denying leave to amend given futility of any future amended pleading).

### CONCLUSION

Griffith's complaint fails to articulate any cognizable claim for relief under the ADA, Title VII, 42 U.S.C. § 12203, or any other statute.  Accordingly, Ciox respectfully requests that the Court dismiss Griffith's complaint, with prejudice, pursuant to 28 U.S.C. § 1915 (e)(2) and Rule 12(b)(6) and award such further relief as the Court deems just and proper.

Dated:        October 15, 2024

**HODGSON RUSS LLP**
*Attorneys for Ciox Health*


By: _____s/Ryan A. McGonigle_____
                Ryan A. McGonigle
605 Third Avenue, Suite 2300
New York, New York  10158
212.751.4300

                Jodyann Galvin
                James J. Zawodzinski, Jr.
                (*seeking pro hac vice admission)*
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
716.856.4000

17

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, the above Memorandum of Law in Support of Ciox Health's Motion to Dismiss was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the District of New Jersey's Local Rules, and/or the District's Case Filing Rules & Instructions upon all counsel registered through the ECF System.

s/Ryan A. McGonigle
Ryan A. McGonigle

65831091v3