HodgsonRuss LLP ATTORNEYS

**James J. Zawodzinski, Jr.**
Senior Associate
Direct Dial: 716.848.1595
*JZawodzi@hodgsonruss.com*

November 14, 2024

**Via CM/ECF Only**

Honorable Georgette Castner
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

Dear Judge Castner:

**Re: *Chad Griffith v. Ciox Health***
**Case No.: 3:23-cv-20513**

We represent defendant Ciox Health ("Ciox") in the above-captioned action. This letter serves as Ciox's opposition to Plaintiff Chad Griffith's November 12, 2024 letter request to discontinue this action without prejudice pursuant to Rule 41(a)(2). Dkt. No. 15.

The Court should deny Plaintiff's request to discontinue for two reasons. First, Plaintiff failed to timely oppose Ciox's pending motion to dismiss. His Rule 41(a)(2) request cannot cure this default. Second, Ciox will be substantially prejudiced if the Court grant's Plaintiff's request and discontinues this action. Plaintiff's request to discontinue is yet another tactic in a long history of litigation across several venues designed to harass Ciox with legally and factually frivolous claims. The Court should not provide Plaintiff the opportunity to add additional parties to this matter and refile his frivolous claims in this Court or any other.

**Plaintiff's Failure to Timely Oppose Ciox's Motion to Dismiss**

Ciox filed its motion to dismiss Plaintiff's complaint on October 15, 2024. Dkt. No. 13. The motion is returnable November 18, 2024. *Id.* Pursuant to L. Civ. R. 78.1(a), the deadline for Plaintiff to oppose Ciox's motion to dismiss was November 4, 2024.[1] Plaintiff failed to meet this deadline. He did not request any extension from Ciox or the Court. Instead, over a week after his deadline passed, Plaintiff now seeks to discontinue this action without prejudice. *See* Dkt. No. 15.

[1] The Court's calendar for motion days and associated deadlines is publicly available at https://www.njd.uscourts.gov/motion-days-0.

Plaintiff's request does not serve as an opposition to Ciox's motion to dismiss, nor should it. *See Smith v. Johnson & Johnson, Inc.*, 2024 WL 3850380, at *3 (D.N.J. Aug. 16, 2024) (holding that a Rule 41(a)(2) request "should not allow a plaintiff a 'do-over' when an error has been made that may result in an adverse ruling in the original action."). Plaintiff's letter does not address any of Ciox's bases for dismissal. It only requests that the Court dismiss his Complaint, without prejudice, so that he can allege new frivolous facts, add new defendants, file in New York, and also refile in this or another federal court.[2] *See* Dkt. No. 15 at 1-2. Given Plaintiff's failure to oppose Ciox's motion to dismiss, Ciox requests that the Court grant Ciox's motion, with prejudice, and award Ciox its fees and costs pursuant to Rule 41(d).

**Substantial Prejudice to Ciox**

The Court should also deny Plaintiff's Rule 41(a)(2) request because dismissal without prejudice at this stage would cause substantial prejudice to Ciox. *See Smith*, 2024 WL 3850380 at *2 (denying Rule 41(a)(2) request where, as here, dismissal would cause substantial prejudice). In deciding a Rule 41(a)(2) request, courts consider the following factors: (1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparing for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion. *Id.* All of these factors weigh in favor of denial here.

In *Smith*, this Court considered a case related to that before it which was "inextricably intertwined" with the plaintiff's case and involved the same defendant parties. Though plaintiff's New Jersey case had not moved past the pleading stage, the related case had been litigated for years. *Id.* The defendants spent significant resources on discovery and motions in the related case. *Id.* Therefore, the Court held that the first three factors weighed in favor of denial because the defendants "expended significant resources in discovery, and a dismissal without prejudice would come at great cost" to the defendants in the New Jersey matter. *Id.*

Similarly, here, Plaintiff initiated several legal actions involving Ciox personnel in Virginia since his termination, received two unfavorable decisions, and appealed both. *See Griffith v. Green*, CL22-2037; *Griffith v. Speicher*, CL22-2038 (Va. Cir. Ct. Hampton Cnty.). After Ciox expended significant time, energy, and financial resources, Plaintiff abandoned his Virginia State Court appeals. To the extent Plaintiff seeks to add new facts here that relate to his

---

[2] Plaintiff's purported need to file in New York and refile in federal Court due to his suing of Ciox Health instead of Datavant Group is immaterial. As noted in Ciox's motion to dismiss, Ciox was improperly named; however, Ciox is registered to do business as Datavant Group and has never denied that Datavant is a party in interest in this litigation. Therefore, there is no need to refile Plaintiff's entire Complaint or file in New York to remedy this error.

HodgsonRuss LLP ATTORNEYS



abandoned Virginia actions (as suggested by paragraph 3 of his letter), this is clearly his attempt for additional bites at the apple. This alone weighs in favor of denying his Rule 41(a)(2) request.

Plaintiff also seeks to refile in a different federal court and in New York State Court. *See* Dkt. No. 15 at 1-2. This kind of serial litigation goes beyond the consideration of a potential second litigation and weighs in favor of denial. If the Court permits Plaintiff to voluntarily dismiss this action now, it will only allow him to continue forum shopping for the "best" arena to litigate his vexatious and frivolous claims against Ciox.

The fourth factor also weighs in Ciox's favor. Plaintiff initiated this action on September 19, 2023. Dkt. No. 1. Now—over a year later and only after he missed his deadline to oppose Ciox's motion to dismiss—he moves to voluntarily dismiss without prejudice. *See Est. of Ware v. Hosp. of Univ. of Pa.*, 871 F.3d 273, 286 (3d Cir. 2017) (affirming denial of Rule 41 motion where the plaintiff waited a year to file after realizing she could not prevail on certain claims). Voluntary dismissal of Plaintiff's Complaint, without prejudice, would cause substantial prejudice to Ciox.

Accordingly, Ciox respectfully requests that the Court deny Plaintiff's request to discontinue, grant Ciox's motion to dismiss given Plaintiff's failure to oppose the motion, and award Ciox its fees and costs incurred to date in defending this matter.

Respectfully submitted,

James J. Zawodzinski

cc: Chad Griffith (*via CM/ECF Only*)