**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAD GRIFFITH,** | Civil Action No. 23-20513 (GC) (JTQ) |
| Plaintiff, | |
| v. | **ORDER** |
| **CIOX HEALTH,** | |
| Defendant. | |

This matter comes before the Court on *pro se* Plaintiff Chad Griffith's motion (ECF No. 3) seeking the appointment of *pro bono* counsel. For the reasons below, Plaintiff's motion is denied.

This is an employment discrimination action. Plaintiff filed his Complaint in September 2023, along with an application to proceed *in forma pauperis* ("IFP") and this motion. Plaintiff's IFP application was denied, the case was administratively terminated, and Plaintiff was given leave to file a renewed IFP application. Plaintiff's renewed application was granted, and the case reopened. This motion is now ripe for determination.

It is well settled that litigants in a civil case "possess neither a constitutional nor a statutory right to appointed counsel." *James v. Varano*, No. 20-1246, 2023 WL 195162, at *5 (3d Cir. Jan. 17, 2023); *see also Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals

found a constitutional right to counsel for civil litigants."); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (civil litigants "have no statutory right to appointed counsel."). Nevertheless, under 28 U.S.C. § 1915, which governs actions in which a party is proceeding *in forma pauperis*, "[t]he court may request an attorney to represent any person unable to afford counsel." *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing 28 U.S.C. § 1915(e)(1)).

Section 1915(e) confers "broad discretion" on a court "to request an attorney to represent an indigent civil litigant." *Tabron*, 6 F.3d at 153. In exercising that discretion, the Court first "must consider as a threshold matter the merits of the plaintiff's claim." *Id.* at 155. Upon finding that "the plaintiff's claim has some arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Id.* These additional factors include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Id.* at 155-157.

Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel. *Jenkins v. D'Amico*, Civ. No. 06-2027, 2006 WL 2465414, at *1

(D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58). Courts are to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

The Court has considered all applicable factors and, even if the Court presumes for the purposes of this motion that Plaintiff's Complaint has the requisite threshold merit, these factors weigh against the appointment of counsel. For example, as relevant to the first factor, Plaintiff has thus far demonstrated the ability to adequately represent himself in these proceedings. Without the assistance of counsel, Plaintiff has filed his Complaint, IFP applications, correspondence to the Court, and this motion. While Plaintiff, like many *pro se* parties, may have no prior litigation experience, the record reflects that Plaintiff has a sufficient understanding of the legal process to prosecute his claims at this stage of the case. Moreover, by itself a lack of legal experience "is not a basis for appointing counsel, because it is a limitation held in common by most *pro se* parties." *Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010).

Regarding the remaining *Tabron* factors, Plaintiff has not demonstrated that the legal issues he faces at this early stage of the litigation are unusually complex in nature, that he is unable to undertake any necessary factual investigation, or that the case is likely to turn on credibility determinations. As to the last factor—whether Plaintiff is able to afford counsel—the Court recognizes that Plaintiff is proceeding *in*

*forma pauperis*. While this indicates that he cannot afford counsel, this factor alone, weighed against the others, does not justify the appointment of *pro bono* counsel.

In sum, the Court has assessed the *Tabron* factors in conjunction with other relevant considerations such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of a lawyer's time, *Tabron*, 6 F.3d at 157-58, and concludes that the appointment of counsel is not warranted at this time. Accordingly,

**IT IS** on this 14th day of February 2025

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel (ECF No. 3) is DENIED without prejudice.

*s/ Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge

--terminates ECF No. 3