UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHAD GRIFFITH,

Plaintiff,

v.

Index No.: 23-cv-20513

CIOX HEALTH,

Defendant.

## ANSWER

CIOX HEALTH[1] ("Ciox"), by and through their attorneys, Hodgson Russ LLP,
for its answer to Plaintiff's Complaint:

## BACKGROUND

1.      Griffith is a disabled former employee of CIOX Health ("Ciox").

**ANSWER:**    Admits only that Griffith was a former employee of Ciox and
denies knowledge or information sufficient to form a belief as to the truth of the remaining
allegations in paragraph 1, and therefore denies them.

2.      In March 2020, Griffith took a medical leave of absence from CIOX in
response to COVID.

**ANSWER:**    Admits only that Griffith took a medical leave in March of 2020
and denies knowledge or information sufficient to form a belief as to the truth of the remaining
allegations of paragraph 2, and therefore denies them.

---

[1] Ciox Health, improperly named herein, is registered to do business as Ciox Health, LLC d/b/a
Datavant Group.

a.      Griffith received several diagnoses, inclusive of PTSD and ADHD.

**ANSWER:**    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.a., and therefore denies them.

3.      In September 2020, Griffith was cleared to return to work.

**ANSWER:**    Admits only that Griffith came back to work in September 2020 and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3, and therefore denies them.

4.      In February 2021, Griffith was promoted to Intake Supervisor by Daniel Schaaf ("Mr. Schaaf"), Senior Manager of the EMRR Department with CIOX.

**ANSWER:**    Admits the allegations in paragraph 4.

a.      Griffith's training included: meeting team and staff, attending and participating in department meetings, and developing methods of "regionalization" – aligning projects and staff to support clients in their respective geographic regions.

**ANSWER:**    Admits the allegations in paragraph 4.a.

b.      Griffith inquired about many aspects and details of the department including metrics, KPIs, functionality, and improving processes; Griffith engaged directly, asked questions, and learned voraciously.

**ANSWER:**    Denies the allegations of paragraph 4.b.

5.      On or about March 31st, 2021, Mr. Schaaf resigned from CIOX.

**ANSWER:**    Admits the allegations in paragraph 5.

a.      Poor work/life balance and lack of support were among the reasons for separation.

- 2 -

**ANSWER:**    Denies the allegations of paragraph 5.a.

6.    In April 2021, Megan Wilson ("Megan Shaw", "Ms. Shaw") assumed Mr. Schaaf's duties on an interim basis; CIOX actively interviewed for Mr. Schaaf's permanent replacement.

**ANSWER:**    Admits the allegations in paragraph 6.

7.    The experience between Ms. Shaw, CIOX HR (Juliette Maddox ["Ms. Maddox"], Crystal Thudium ["Ms. Thudium"], Michele Speicher ["Mrs. Speicher"]), and Griffith is immortalized as the EEOC Charge, supporting evidence, and North Carolina Unemployment Insurance Determination, which determined that Griffith was terminated at "at-will" – a management decision not having to do with misconduct. **Exhibit A.**

**ANSWER:**    Refers to Exhibit A for its contents, denies any characterization of Exhibit A or the underlying facts, and denies the allegations in paragraph 7.

a.    Starting on about April 14th, 2021, Griffith addressed Ms. Shaw's abusive behavior, continuously escalating from this date. Ms. Shaw and HR's cooperation began as early as April 20th, 2021, when both heard Griffith's grievances and converted them for Ms. Shaw's use in Disciplinary Action.

**ANSWER:**    Denies the allegations in paragraph 7.a.

b.    Per Disciplinary Action (and later Statement of Facts), Griffith received a list of tasks to perform, including nightly sign-outs to Ms. Shaw; Griffith received nightly satisfactory (re)marks.

**ANSWER:**    Denies the allegations in paragraph 7.b.

c.    Griffith submitted testimony and evidence to HR in support abuse investigation, detailing Ms. Shaw's misrepresentation and manipulation of data to support Disciplinary Action.

**ANSWER:**    Admits that Griffith submitted materials to HR, refers to those materials for their contents, denies any characterization of those materials or the underlying facts, and denies the remaining allegations in paragraph 7.c.

d.    On May 10th, 2021, approximately two weeks after requesting reasonable accommodations and the abuse report from Ms. Shaw investigation to support their need, Griffith was terminated "at-will".

**ANSWER:**    Admits only that Griffith was terminated on May 10, 2021 and denies the remaining allegations in paragraph 7.d.

e.    Ms. Shaw and HR terminated Griffith in a manner that removed the need to complete the abuse report or facilitate Griffith's reasonable accommodations in a perceived unsafe work environment.

**ANSWER:**    Denies the allegations in paragraph 7.e.

f.    In June 2021, CIOX gave testimony to NC Unemployment confirming that Griffith was terminated "not" due to misconduct.

**ANSWER:**    Denies the allegations in paragraph 7.f.

g.    At this late stage, either the abuse report either proved that the investigation was not "thorough" or the abuse investigation did not take place, meaning a report did not exist at all.

**ANSWER:**    Denies the allegations in paragraph 7.g.

- 4 -

8. By August 10th, 2022, data exchanged between CIOX, Stanton Law, LLC, Ms. Green, and Griffith culminated in a settlement demand titled "Final Communications – Settlement". **Exhibit B.**

**ANSWER:** Refers to Exhibit B for its contents, denies any characterization of Exhibit B or the underlying facts, and denies the allegations in paragraph 8.

9. On August 12th, 2022, Kevin Cosgrove of Hunton Andrews Kurth ("HAK") filed preliminary protective orders on behalf of Mrs. Speicher and Ms. Shaw in Hampton General District Court, Hampton, Virginia (Griffith's home court system). These preliminary protective orders were accompanied by a Statements of Fact and evidence to substantiate claims.

Key elements provided include:

a. Sex, race, and color – these elements were required to publish PPOs;

b. Federally protected health information – elements were converted to support bad faith claims of increasing threat and/or mental instability;

c. Disability – this element was exploited to support bad faith claims, portraying mental instability;

d. LinkedIn posts – posts were collected and prepared to establish fear, threat, and/or mental instability.

**ANSWER:** Admits only that Mr. Cosgrove filed preliminary protective orders on behalf of Michele Speicher and Megan Shaw and denies the remaining allegations in paragraphs 9, 9.a., 9.b., 9.c., and 9.d.

10.     On August 26th, 2022, each lawsuit against Griffith was dismissed.

**ANSWER:**    Denies the allegations of paragraph 10.

11.     On August 29th, 2022, Kevin Cosgrove Appealed lawsuits.

**ANSWER:**    Denies the allegations in paragraph 11.

12.     On about September 20th, 2022, Ms. Shaw withdrew her lawsuit; Kevin Cosgrove continued Mrs. Speicher's Appeal based on data from a "Timothy Sharkey", an agent hired by CIOX and Stanton Law, LLC to engage Griffith as early as August 12th, 2022. **Exhibit C.**

**ANSWER:**    Refers to Exhibit C for its contents, denies any characterization of Exhibit C or the underlying facts, and denies the allegations in paragraph 12.

13.     On October 11th, 2022, Mrs. Speicher obtained a Protective Order, with evidence suggesting that testimony and evidence were prepared for the occasion.

**ANSWER:**    Admits only that Michele Speicher obtained a Protective Order against Griffith on October 11, 2022 and denies the remaining allegations in paragraph 13.

14.     To recap:

a.     On May 10th, 2021, Griffith was terminated "at-will".

**ANSWER:**    Admits the allegations in paragraph 14.a.

b.     In June 2021, CIOX reported the same to North Carolina Unemployment Insurance, granting Griffith Unemployment.

**ANSWER:**    Denies the allegations in paragraph 14.b.

c.    In an exit interview, Griffith requested CIOX CEO, CHRO, and Director of Continuing Improvement to review the abuse report filed against Ms. Shaw; Griffith received no response to this request. **Attachment, "Exit Interview"**

Are there any additional comments or feedback you would like to add?
If you wish to be contacted, please include name and email or phone number.

My name is Chad Griffith and I would like to speak with the Director of Continuous Improvement, Rohini Shankar, and Pete McCabe regarding my separation and the future of the company. In order to schedule this meeting, please send an email to: chadgriffith87@gmail.com - I believe a Zoom or Team meeting would be better for everyone to coordinate. I look forward to having a date scheduled within a week's time. Thank you.

OK

**ANSWER:**    Refers to "Attachment, 'Exit Interview'" for its contents, denies Griffith's characterization of it or the underlying facts, and denies the allegations in paragraph 14.c.

d.    By about July 2021, CIOX was purchased by Datavant for $7 Billion dollars.

**ANSWER:**    Admits the allegations in paragraph 14.d.

e.    On March 31st, 2022, Griffith received Right to Sue for discriminatory purposes.

**ANSWER:**    Admits that the Equal Employment Opportunity Commission issued a Right to Sue Letter to Griffith on March 31, 2022 and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.e., and therefore denies them.

f.      On August 10th, 2022, Griffith presented a settlement demand, outlining claims, damages, and relief sought.

**ANSWER:**    Refers to Exhibit B for its contents, denies Griffith's characterization of it or the underlying facts, and denies the remaining allegations in paragraph 14.f.

g.      On August 12th, 2022, CIOX (agents) pursued lawsuits against Griffith, converting Griffith's reason for termination, communication history, and medical history to support bad faith claims.

**ANSWER:**    Denies the allegations in paragraph 14.g.

h.      On August 26th, 2022, preliminary protective orders were dismissed.

**ANSWER:**    Denies the allegations in paragraph 14.h.

i.      By October 11th, 2022, Mrs. Speicher, "Timothy Sharkey", and Kevin Cosgrove colluded to offer false testimony and evidence to support Protective Order.

**ANSWER:**    Denies the allegations in paragraph 14.i.

j.      During 2023 Appeal, it is learned that CIOX employees lacked any evidence to support claims, manipulating court proceedings for a civil "win", obstructing any lawsuit against CIOX, as, now, two separate accounts of Griffith's termination exit – both being "at-will" and "due to performance related issues".

**ANSWER:**    Denies the allegations in paragraph 14.j.

k.      In June 2023, Mrs. Speicher was still CIOX's contact regarding EEOC claims, or ones specifically having to deal with Griffith.

- 8 -

**ANSWER:**    Admits only that in June of 2023, Michele Speicher handled EEOC claims for Ciox and denies the remaining allegations in paragraph 14.k.

l.        In about August 2023, it was learned that Pete McCabe, previously CIOX's CEO, is now the CEO of Datavant.

**ANSWER:**    Admits only that Pete McCabe, previously Ciox's CEO, became the CEO of Datavant in August 2023 and denies the remaining allegations in paragraph 14.l.

15.        Griffith's settlement demand was the closest thing to the truth known by CIOX (and its agent[s]) – Griffith was wrongfully terminated, with continued psychological assault contributing to Griffith perpetual and permanent disability. Mrs. Speicher and Ms. Shaw (in their official capacities) pursued bad faith claims in an effort to defame, commit further abuse of process, and maliciously prosecute Griffith for claims known to be in bad faith. Engaging a campaign designed to attack Griffith using false testimony and evidence immediately after Griffith presented the truth prior to starting a lawsuit is, by definition, retaliation.

**ANSWER:**    Denies the allegations in paragraph 15.

### GENERAL DENIAL

16.        Ciox denies every allegation not specifically controverted or denied in the Complaint and denies that Griffith is entitled to any relief.

### DEFENSES

17.        The Complaint is presented in conclusory and vague terms, which prevents Ciox from anticipating all claims and defenses that may be applicable in this action. Ciox therefore reserves the right to assert additional defenses that may become known during the course of discovery or during any other proceeding in this action.  By setting forth the defenses

below, Ciox does not assume any burden of proof that otherwise does not exist as a matter of law.

## First Defense

18.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## Second Defense

19.     If Ciox took any action alleged in the Complaint, it did so for legitimate non-discriminatory and non-retaliatory reasons, having nothing to do with Griffith's alleged disability.

## Third Defense

20.     If Ciox took any action alleged in the Complaint it was in keeping with Ciox policies, procedures, and practices and was properly within Ciox's business judgment.

## Fourth Defense

21.     Griffith's claims are barred, in whole or in part, for failure to comply with the applicable statute of limitations or filing periods.

## Fifth Defense

22.     Griffith failed to take reasonable actions to avoid and/or mitigate his alleged damages.

### Sixth Defense

23.     Upon information and belief, Griffith is not a "qualified individual with a disability" under the Americans with Disabilities Act, nor does Griffith have a record of a qualifying impairment.

### Seventh Defense

24.     Griffith failed to engage in the interactive process to determine a reasonable accommodation that would allow Griffith to perform the essential functions of his job.

### Eighth Defense

25.     To the extent requested, Ciox provided Griffith with reasonable accommodations and any further accommodation would have imposed an undue hardship.

### Ninth Defense

26.     Griffith unreasonably failed to utilize Ciox's internal complaint procedure to address some or all of the allegations contained in the Complaint.

### Tenth Defense

27.     Griffith was not subjected to severe or pervasive harassing behavior or to inferior terms, conditions, or privileges of employment because of disability.

### Eleventh Defense

28.     Griffith's claims are barred, in whole or in part, by his failure to exhaust administrative remedies.

## Twelfth Defense

29.     At all times, Ciox's conduct was in good faith, without malice, and based upon reasonable grounds.

## Thirteenth Defense

30.     Ciox did not engage in, aid, ratify, condone, encourage, or acquiesce in any alleged discriminatory conduct.

## Fourteenth Defense

31.     At no time did Ciox take any action towards Griffith that it would not have taken toward similarly situated individuals regardless of disability.

## Fifteenth Defense

32.     Griffith was an employee-at-will, with no entitlement to or legal expectation of continued employment with Ciox.

## Sixteenth Defense

33.     Griffith cannot demonstrate that his separation from employment occurred under circumstances giving rise to an inference of discrimination or retaliation.

## Seventeenth Defense

34.     Griffith's actions and/or omissions were the sole proximate cause of his damages.

**WHEREFORE**, Defendant Ciox Health respectfully requests that this Court enter an Order dismissing the Complaint herein, with prejudice, and an award of all appropriate

fees and costs to Ciox, including legal fees, together with such other and further relief as the Court may deem just and reasonable.

Dated:          June 11, 2025

**HODGSON RUSS LLP**
*Attorneys for Defendant*

By: */s/ James J. Zawodzinski*
     James J. Zawodzinski, Jr., Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  716.856.4000
*jzawodzi@hodgsonruss.com*

- 13 -

67152577v1 078116.00027