**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Chad Griffith | : | Civil Action No. 3:23-cv-20513 |
| Plaintiff(s) | : | Hon. Georgette Castner |
| v. | : | **JOINT PROPOSED DISCOVERY PLAN** |
| Ciox Health | : | |
| Defendant(s) | : | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.
James J. Zawodzinski, Jr. Hodgson Russ LLP, 140 Pearl St, Buffalo, NY 14202, 716.848.1595

2. Set forth a brief description of the case, including the causes of action and defenses asserted. Plaintiff asserts a Title VII retaliation claim and ADA retaliation claim against Ciox Health.
Ciox Health asserts several defenses, including that it terminated Plaintiff for legitimate, non-discriminatory and non-retaliatory reasons.

3. Have settlement discussions taken place? Yes X No ______

   (a) What was plaintiff's last demand?

      (1) Monetary demand: $ 200,000,000

      (2) Non-monetary demand: ______

   (b) What was defendant's last offer?

      (1) Monetary offer: $ 0

      (2) Non-monetary offer: ______

4. The parties [have X have not ______] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have ______ have not X______ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor. The parties will exchange information by October 3, 2025.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). N/A

7. The parties [have __________ have not X__________] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties [have ___________ have not X___________] conducted discovery other than the above disclosures. If so, describe.______________________________________

9. Proposed joint discovery plan:

(a) Discovery is needed on the following subjects: Mr. Griffith's allegations that Ciox Health wrongfully terminated him from employment and his claims that he was denied a reasonable accomodation.

(b) Discovery [should ___________ should not x__________] be conducted in phases or be limited to particular issues. Explain: ________________________________

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures November 21, 2025.

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) November 21, 2025.

(3) Service of initial written discovery December 19, 2025.

(4) Maximum of 25 Interrogatories by each party to each other party.

(5) Maximum of 5 depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by June 12, 2025.

(7) Factual discovery to be completed by November 20, 2026.

(8) Plaintiff's expert report due on April 16, 2027.

(9) Defendant's expert report due on May 14, 2027.

(10) Expert depositions to be completed by June 25, 2027.

(11) Dispositive motions to be served within 60 days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.

______________________________________________________

(e) A pretrial conference may take place on September 10, 2027.

(f) Trial date: ____________ ( X Jury Trial; _____ Non-Jury Trial).

10. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes X No ____. If so, please explain Many witnesses are out of state for both parties, so video depositions will be requested.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes X No ______.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.
Data will be produced electronically and proportional to the needs of the case.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S Yes..

13. Do you anticipate any discovery problem(s) not listed above? Describe. Yes X No ______.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.) We do not expect this case to resolve at mediation.

15. Is this case appropriate for bifurcation? Yes ________ No X

16. An interim status/settlement conference (with clients in attendance) should be held in N/A.

17. We [do ________ do not X ] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.
Given the location of witnesses and counsel, Ciox Health would propose virtual and/or telephonic appearances to the extent permitted.

______________________________
Attorney(s) for Plaintiff(s) / Date

[signature] August 29, 2025
Attorney(s) for Defendant(s) / Date