IN THE UNITED STATES DISTRICT COURT OF NEW JERSEY
CIVIL DIVISION

| | |
|---|---|
| CHAD GRIFFITH,<br>Plaintiff,<br>v.<br>~~CIOX Health~~ Datavant,<br>Defendant. | Civil Action No.: 3:23-cv-20513-GC-DEA<br><br>PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b) AND, UPON GRANT OF SUCH RELIEF, FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56 |

Plaintiff ("Griffith") respectfully moves this Court for relief from the Court's prior Order/Judgment date April 10th, 2025 pursuant to Rule 60(b), and, upon the grant of such relief, for entry of summary judgment in Griffith's favor, pursuant to Rule 56.

## PRELIMINARY STATEMENT

The judgment on April 10th, 2025 was predicated upon material misrepresentations that directly affected the Court's adjudication. Once corrected, there is no genuine dispute of material fact and Griffith is entitled to judgment as a matter of law.

## PART I – MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)

### I. LEGAL STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment or order for reasons including:

- (1) mistake, inadvertence, or excusable neglect;
- (3) fraud, misrepresentation, or misconduct by an opposing party; or
- (6) any other reason that justifies relief.

Relief is appropriate where enforcement of the judgment would be inequitable or where the integrity of the judicial process was compromised.

### II. GROUNDS FOR RELIEF

#### a. THE JUDGEMENT WAS PROCURED THROUGH MATERIAL MISREPRESENTATION

The significant difference between the Virginia EEOC Charge (treated as "true") and the "Factual Background" of Defendant's Motion to Dismiss are the

"characterizations" Defendant informed the Court it would make to support its Motion to Dismiss. *See* Dkt. #13, "Factual Background" at [].

Specifically, after the April 20th, 2021 meeting (*See* Dkt. #1 at 16-17) and before April 23rd, 2021 "Disciplinary Action meeting" (*Id.* at 18-19), Defendant characterized a narrative where:

1. Megan Shaw and HR met Griffith "repeatedly";
2. Megan Shaw and HR met Griffith "repeatedly" to discuss [his] alleged "insufficient performance";
3. During any of the alleged "repeated" meetings, "Megan Shaw and HR" issued a "Disciplinary Action" to Griffith during one of them; and
4. Griffith "apparently" "did not dispute" *any* of the alleged "repeated" meetings, of which the "Disciplinary Action meeting" on April 23rd, 2021 was one in the alleged series.

The Court relied upon the Defense's representation in making it Order on April 10th, 2024.

5. On June 15th, 2025, Defendant informed the Court that it reviewed the "materials" which constitute the "abuse affidavit", delivered to HR on April 27th, 2021.
6. This single document, comprised of chronological "testimony and evidence", is Griffith's official abuse affidavit against Megan Shaw, disputing the "Disciplinary Action, and Griffith's official request for official reasonable accommodations.

Griffith now demonstrates that:

- Defendant's characterizations made for its Motion to Dismiss were materially false;
- The evidence contradicting this representation existed in Defendant's possession for years;
- Defendant, despite knowing the falsity of this representation, presented it as the core factual predicate, specifically influencing the Court's ruling, while shaping the procedural posture of the Defendant and case.

b. **DEFENDANT'S FRAUD UPON THE COURT PREVENTED A FULL AND FAIR ADJUDICATION**

During the Settlement Conference in 2025, Griffith informed the Court that Defendant set the proportionality to the case – Defendant's production of Griffith's abuse affidavit, previously concealed in the Motion to Dismiss and currently mischaracterized in its Answer.

By February 9th, 2026, Defendant served discovery requests that expand beyond the (current) scope of the civil action, and on this date, informed the Court that it needed Griffith medical information to accept Griffith's claims despite:

1. Defendant's confirmation of Griffith's short/long-term disability in 2020, Griffith's return to work in September 2020, and Griffith's promotion roughly 6 months later (*See* Dkt. #28);
2. Defendant's confirmation that Griffith specifically requested his doctor, a psychiatrist, participate in the official reasonable accommodation process during his employment, initiated with HR's receipt of Griffith's official abuse affidavit on April 27th, 2021 (See Dkt. #13);
3. Defendant received Griffith's disability determination by July 28th, 2022, a part of settlement negotiations occurring after he was already terminated, based on claims that were/are "true". See Dkt. #1.

Griffith reminded Defendant and the Court of the specific proportionality of this case, the "abuse affidavit" and the Court recalled.

Defense then informed Griffith and the Court that it "would not concede" to its ownership or non-ownership of the abuse affidavit, continuing to contest its existence and non-existence, after attesting to either/both before the Court, with its non-existence contributing to its Arguments, and its mis-"characterized" existence to support its Defenses.

Defendant:

- owned Griffith's abuse affidavit since April 27th, 2021,
- reviewed Griffith's abuse affidavit since April 27th, 2021,
- directly defied sworn statements, presented as testimony/evidence in a federal investigation, by attesting to the abuse affidavit's nonexistence by October 15th, 2024, knowing that attestation to be untrue, a manipulation, a mischaracterization, deception, trickery, and fraud.

Defendant's denial of this required evidence is what deprived the Court of an actual factual record, leading to a ruling that was issued on a distorted presentation of facts and obviated critical evidence.

**c. RELIEF IS NECESSARY TO PRESERVE THE INTEGRITY OF THE COURT**

Courts have an independent interest in ensuring that judgments are not obtained through deception. Allowing the judgment to stand would reward misconduct and undermine confidence in the adjudicative process.

Relief is appropriate under Rule 60(b)(3). Relief is appropriate under Rule 60(b)(6), as the circumstances in this matter are extraordinary and offend the fundamental principles of justice.

## III. Relief Requested

Griffith respectfully requests that the Court:

1. Vacate the Order dated April 10th, 2025;
2. Restore the claims to active adjudication;
3. Proceed to adjudicate Griffith's Motion for Summary Judgment as set forth below.

# PART II – MOTION FOR SUMMARY JUDGEMENT UNDER RULE 56 (CONDITIONED UPON RULE 60 RELIEF)

## IV. Legal Standard

Summary judgment shall be granted where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

## V. UNDISPUTED MATERIAL FACTS

1. By August 10th, 2022, Defendant received Griffith's employment claims and received a settlement letter regarding claims and request to settle. *See* Dkt. #1 at 28-35.
2. By and since August 12th, 2022, Defendant "expended significant time, energy, and resources" in the presentation and defense of claims first presented in preliminary protective orders against Griffith, prosecuted by "Kevin Cosgrove" on behalf of Megan Shaw, "Michele Speicher", and "Christine Green", Datavant's personnel.
3. On October 11th, 2022, Defendant's hired agent, "Tim Sharkey" contributed to "Michele Speicher" and "Christine Green" obtaining Protective Orders against Griffith from Hampton Circuit Court, after Defendant expended resources in their appeal from Hampton General. *See* Dkt. #1 at 37-39.
4. Griffith filed an Atlanta EEOC Charge against Defendant.
    a. Griffith asserted that "Virginia cases" involving Defendant and its personnel was retaliative effort after Griffith presented employment claims to Defendant in an effort to settle prior to a lawsuit.
    b. Defendant closed its headquarters in Alpharetta, Georgia, a suburb of Atlanta.
5. Griffith filed a Complaint with the US Federal Court of New Jersey.
6. On October 15th, 2024, Defendant filed a Motion to Dismiss, certified by its counsel, Hudgson Russ, pursuant to FRCP 11; Defendant after attesting that Griffith's claims were "true", characterized a narrative where, specifically after the meeting on April 20th, 2021 and by the "Disciplinary Action meeting" on April 23rd, 2021:
    a. Megan Shaw and HR staff "repeatedly" met with Griffith,

   b. Megan Shaw and HR "repeatedly" met with Griffith "to discuss their concerns over [his]" alleged "insufficient performance", and
   c. Griffith "did not dispute" *any* meeting regarding alleged "insufficient performance", of which the Disciplinary Action meeting on April 23rd, 2021, is.
7. On April 10th, 2025, the Court issued an Order that relied on Defendant's representation(s).
8. On June 11th, 2025, Defendant submitted an Answer.
   a. in the Defense's review of Griffith's submitted "materials", Defense informed the Court that it reviewed a single document: Griffith's abuse affidavit, formally disputing the Disciplinary Action, in Defendant's possession since April 27th, 2021. See Dkt. #28, Answer 7.c. at 4.
9. On October 15th, 2025, Defense's ownership of the abuse affidavit was presented as the specific proportionality of discovery required to settle this matter.
10. On February 9th, 2026, after concealing and then admitting the abuse affidavit existed, Defense informed the Court that it "would not concede" whether it owned the abuse affidavit or evidence of its existence.
   a. Defendant mounted Arguments that required the abuse affidavit's nonexistence.
   b. Defendant mounted Defenses that required the abuse affidavit's mischaracterized existence.
   c. Defendant mounted discovery requests that are disproportionate, knowing them to be disproportionate, as it has owned the information to establish Griffith's claims by:
      i. April 23rd, 2021;
      ii. April 27th, 2021;
      iii. May 10th, 2021;
      iv. June 2021;
      v. July 2021;
      vi. August 2021;
      vii. September 2021;
      viii. October 2021;
      ix. November 2021;
      x. December 2021;
      xi. January 2022;
      xii. February 2022;
      xiii. April 2202;
      xiv. May 2022;
      xv. June 2022;
      xvi. July 2022;

xvii. August 2022; and
xviii. every year since.

11. During this case's maturation, Defendant has provided:
    a. It concealed crucial evidence regarding Griffith's employment history, namely the "abuse affidavit" disputing the Disciplinary Action, contributory to a veritable conspiracy by its active concealment; and
    b. Griffith's claims are true.
12. During this case's maturation, Defendant has provided that the "Virginia cases" (or "Protective Order campaign against Griffith") that "used" Griffith's:
    a. Sex, race, and color;
    b. Federally protected health information; and
    c. Disability;

    were engaged after:

    d. Griffith reported abuse;
    e. Griffith filed an abuse affidavit supporting the report of abuse;
    f. HR did not produce an "abuse report" for the "abuse affidavit" prior to Griffith's termination (which, at this late stage, is substantial evidence that HR ["Juliette Maddox", "Michele Speicher", "Crytal Thudium", et al.] did not conduct a "thorough investigation" into Megan Shaw and itself two months before CIOX Health was sold for Seven Billion Dollars ($ 7, 000, 000, 000.00));
    g. North Carolina Unemployment Insurance determined Griffith was not terminated due to misconduct;
    h. Griffith filed a Charge of Discrimination against the Defendant;
    i. Griffith received a Right to Sue;
    j. Griffith engaged in settlement negotiations after he was already terminated;
    k. Griffith publicly wrote about the experience;
    l. Griffith planned to file a lawsuit against Defendant regarding claims that Defendant attested to being true.

Each fact is supported by:

- Griffith's Complaint. *See* Dkt. #1.
- Defendant's Motion to Dismiss. *See* Dkt. #13.
- Defendant's Letter to Court. See Dkt. #17.
- Court's Order. See Dkt. #25.
- Defendant Answer. *See* Dkt. #28.
- Count's knowledge from Conference and discovery follow-up by/on February 9th, 2021.

VI. NO GENUINE DISPUTE EXISTS

The dispositive issues:

- Whether there is undisputable evidence that Defendant's stated reason(s) for termination was pretextual.
- Whether Defendant engaged in retaliation by May 10th, 2022, August 12th, 2022, and/or since.
- Whether Defendant used Griffith's sex, race, color, and disabilities in the pursuit and acquisition of protective orders against Griffith.
- Whether Defendant made material misrepresentations that the Court relied upon in its ruling on April 10th, 2024.

Defendant's own admissions and documentary record eliminate any genuine dispute.

VII. JUDICIAL ECONOMY FAVORS RESOLUTION NOW

To recap:

- Defendant willfully distorted the evidentiary record;
- Defendant's material misrepresentation has been exposed;
- The evidentiary record is complete;
- The dispositive legal questions are purely legal.

Granting summary judgment following Rule 60 relief preserves judicial resources and prevents further prejudice.

## **Conclusion**

For the forgoing reasons, Griffith respectfully requests that this Court:

1. Grant relief from judgment pursuant to Rule 60(b);
2. Upon vacatur, enter summary judgment in Griffith's favor pursuant to Rule 56;
3. Award such further relief as the Court deems just and proper.

Dated: February 17th, 2026

Respectfully Submitted,

Chad Griffith
chadgriffith87@gmail.com

IN THE UNITED STATES DISTRICT COURT OF NEW JERSEY
CIVIL DIVISION

| | |
|---|---|
| CHAD GRIFFITH,<br><br>Plaintiff,<br><br>v.<br><br>~~CIOX Health~~ Datavant,<br><br>Defendant. | Civil Action No.: 3:23-cv-20513-GC-DEA<br><br>**PROPOSED ORDER** |

THIS MATTER, having been brought before the Court by the Plaintiff, and for good cause shown,

ON THIS ___ day of _______________, ______, IT IS ORDERED:

1. Summary Judgement is **GRANTED** in favor of Plaintiff on all claims.
2. Declaratory Judgment is **GRANTED** finding Defendant, in violation Title VII, ADA, and 42 U.S.C. §1981, is liable for:
   a. Griffith's Wrongful Termination;
   b. Discrimination against Griffith on the basis of disability, race, and protected activity;
   c. Facilitating a hostile work environment, harassment, and retaliation;
   d. Acting in a manner that violated Griffith's civil rights and contributed to Griffith's permanent disability.
3. Injunctive Relief is **GRANTED**, where:
   a. Defendant to expunge all false disciplinary records, fabricated allegations, and improper employment actions;
   b. Defendant to correct or retract any statements or records disseminated to third parties that defamed, slandered, or otherwise harmed Griffith's reputation;
   c. Defendant enjoined from engaging in further retaliation, interference, or obstruction of Griffith's legal rights;
4. Plaintiff is **AWARDED** 6 Million ($ 6, 000, 000, 000.00) for Economic Damages;

5. Plaintiff is **AWARDED** 90 Million ($ 90, 000, 000, 000. 00) for Compensatory Damages (Non-Economic);

6. Plaintiff is **AWARDED** Four Hundred and Fifty Million Dollars ($ 450, 000, 000.00) in additional tort damages of IIED, commensurate with the severity of the misconduct.

7. Plaintiff is **AWARDED** ___ Billion Dollars ($ _ , _00, 000, 000, 000.00) | ___ Hundred Million Dollars ($ _ , 000, 000, 000.00) in Punitive Damages;

8. Plaintiff is **AWARDED** ___ ________________________ Dollars ($ _________________________) for Statutory Damages and Fees;

9. ______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

___________________________
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE