HodgsonRuss LLP ATTORNEYS

**James J. Zawodzinski, Jr.**
Senior Associate
Direct Dial: 716.848.1595
*JZawodzi@hodgsonruss.com*

February 19, 2026

**Via CM/ECF Only**

Honorable Georgette Castner
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

Dear Judge Castner:

**Re: *Chad Griffith v. Ciox Health***
**Case No.: 3:23-cv-20513**

Defendant Ciox Health respectfully submits this letter request for a conference to discuss the recent motion filings of Plaintiff Chad Griffith. ECF Nos. 44 & 47. Ciox also requests that the Court hold any responsive deadlines in abeyance pending that conference.

On February 5, 2026, Mr. Griffith filed a "Motion to Vacate/Reconsider Prior Order, Apply Judicial Estoppel, Strike ore Preclude Contradictory Factual Positions, Limit Discovery, and Relative Relief." ECF No. 44. Mr. Griffith's February 5 motion seeks vacatur and/or reconsideration of Your Honor's April 10, 2025 Decision and Order. ECF No. 25.

The parties appeared for a prescheduled discovery status conference on February 9, 2026 before Judge Quinn. ECF No. 41. During that conference, the parties discussed various scheduling matters and Mr. Griffith's February 5 filing. Judge Quinn directed Ciox to file a letter by February 13 requesting a deadline for its opposition to Mr. Griffith's motion. On February 12, 2026, Ciox filed a request to extend its opposition deadline to Mr. Griffith's motion to March 6, 2026. ECF No. 45. Your Honor granted Ciox's request and extended Ciox's time to respond through March 6, 2026. ECF No. 46.

On February 17, 2026, Mr. Griffith filed a "Motion for Relief from Judgment re 25 ORDER." ECF No. 47. Mr. Griffith's February 17 motion largely seeks the same relief as his February 5 motion — vacatur and/or reconsideration Your Honor's Decision and Order on Ciox's Motion to Dismiss. ECF No. 25.

On February 18, 2026, I emailed Mr. Griffith and asked him if he intended for his February 17 motion to replace his February 5 motion because the motions both seek almost identical relief. If so, I requested that Mr. Griffith withdraw his February 5 motion.

Mr. Griffith responded and ignored my requests. Instead, Mr. Griffith demanded that Ciox settle the case or confirm to him Ciox's intent to "continue this matter," and separately accused Hodgson Russ of committing fraud on the Court.

This morning, I informed Mr. Griffith that I would seek guidance from the Court on his two motions. Mr. Griffith responded this afternoon, referring to me as a "fool and criminal." Mr. Griffith also informed me that, among other things, he would "not entertain [me] further."[1] A copy of my email exchange with Mr. Griffith regarding this request is attached to this letter.

Given counsel's location in Buffalo, New York, Ciox respectfully requests that the Court schedule a virtual conference by Microsoft Teams to discuss Mr. Griffith's recent motion filings and to set a briefing schedule on Mr. Griffith's February 17 motion.

Ciox also respectfully requests that the Court direct Mr. Griffith to refrain from *ad hominem* attacks on Ciox and/or its counsel in accordance with Appedix R to this Court's Local Rules, "Guidelines for Litigation Conduct," that apply equally to Mr. Griffith regardless of his *pro se* status.

We thank the Court for its consideration of this request.

Respectfully submitted,

James J. Zawodzinski, Jr.

JZ/

cc: Chad Griffith (*by CM/ECF only*)

Enc.

---

1 This is not the first time Mr. Griffith has referred to Ciox and/or its counsel with such inflammatory language.