February 23rd, 2026

Honorable Justin T. Quinn
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

RE: Griffith v. ~~CIOX HEALTH~~ DATAVANT, INC.
Case No.: 3:23-cv-20513

Dear Judge Quinn:

In Light of the recent Order from the Court, I am writing with respect to my Omnibus Motion and its potential to change the trajectory of discovery and/or this case. A short summary of events are presented, along with respectful requests of the Court.

1. The Defendant's Motion to Dismiss alleged that:
   - I had "repeated meetings" with "Megan Shaw and HR";
   - I had "repeated meetings" with "Megan Shaw and HR" regarding alleged "insufficient performance"; and
   - I "did not dispute" the Disciplinary Action meeting on April 23rd, 2021 – the only meeting where insufficient performance was alleged against me.
2. On April 10th, 2025, the Court dismissed my Wrongful Termination claims.
3. On June 11th, 2025, Defendant provided that it reviewed "materials" which complete a single "abuse affidavit", the formal dispute to the Disciplinary Action. (*See* Dkt. #28, Answer 7.c. at 4.).

4. In owning the abuse affidavit since April 27th, 2021, Defendant provides that it knowingly attested to a "convoluted" "characterization" of my work history (*See* Dkt. #13, "Factual Background" at 7-8, para 3, 4).
    - I did not omit "repeated meetings" "with Megan Shaw and HR" in the sworn affidavit of my experience – they did/do not exist.
    - I disputed the Disciplinary Action *during* the Disciplinary Action meeting on April 23rd, 2021, and filed the abuse affidavit on April 27th, 2021, to officialize:
        - the report of abuse against Megan Shaw,
        - the request to remove the Disciplinary Action from my employee file, and
        - a request for reasonable accommodations.
5. During the Conference on October 15th, 2025, I informed the Court that Defendant confirmed the existence of my abuse affidavit, the only document/narrative required to substantiate my claims and disprove theirs.
6. Since the Conference, Defendant has requested information that I believe to be disproportionate and abusive; Defendant already owns the factual basis/background of my disabilities, wrongful termination claims, and permanent disability. I did not conceal the specific evidence that would establish my claims as "the truth" – *it* did.
7. During the Conference on February 9th, 2026, I restated that discovery rests with Defendant's production of the abuse affidavit. Hodgson Russ refused to concede whether the abuse affidavit did or did not exist, to both me *and* the Court, after attesting to both during this matter's maturation.
8. On February 18th, 2026, Hodgson Russ did not email me to request a conference on my Motions – as provided to the Court, it did so to softly suggest that I withdraw the Omnibus Motion. It was only after my response that Hodgson Russ suggested a

conference, using the email of my reasonable inquiries and truthful claims to do so. *See* Dkt. #48.

9. It is no longer whether or not the Defendant has the abuse affidavit – the Defendant is actively concealing it from the Court, which Defendant is willing to continue "**THROUGH Friday, March 27, 2026 AND BEYOND**".

I respectfully request:

1. Court's consideration and adjudication of the pending Omnibus Motion addressing alleged Fraud Upon the Court;
2. A case management conference to address the procedural impact of the Court's findings;
3. Clarification on remedial measures based upon the Court's findings; and
4. Clarification on whether any prior rulings materially influence by Defendant's misrepresentations should be revisited, modified, or vacated.

Respectfully Submitted,

Chad Griffith
chadgriffith87@gmail.com