**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAD GRIFFITH,<br>Plaintiff,<br>v.<br>CIOX HEALTH,<br>Defendant. | Civil Action No.: 3:23-cv-20513-GC-DEA |

# CIOX HEALTH'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION

**HODGSON RUSS LLP**
*Attorneys for Datavant*
James J. Zawodzinski, Jr.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000
*jzawodzi@hodgsonruss.com*

# TABLE OF CONTENTS

PAGE


Preliminary Statement....1

Procedural History ....3

Argument ....6

I. MR. GRIFFITH FAILS TO MEET THE THRESHOLD TIMELINESS RQEUIREMENT FOR RECONSIDERATION ....6

II. MR. GRIFFITH FAILS TO ARTICULATE ANY VIABLE BASIS TO RECONSIDER THE COURT'S ORDER ON CIOX'S MOTION TO DISMISS....6

III. MR. GRIFFITH IS NOT ENTITED TO SANCTIONS BECAUSE CIOX DID NOT VIOLATE RULE 11 ....9

IV. JUDICIAL ESTOPPEL IS INAPPLICABLE ....10

V. CIOX DID NOT COMMIT FRAUD UPON THE COURT ....12

VI. MR. GRIFFITH IS NOT ENTITLED TO A PROTECTIVE ORDER OR AN ORDER AGAINST CIOX COMPELLING PRODUCTION ....12

VII. MR. GRIFFITH IS NOT ENTITLED TO SUMMARY JUDGMENT OR JUDGMENT AS A MATTER OF LAW ....14

VIII. CIOX OPPOSES ANY ADDITIONAL RELIEF NOT SPECIFICALLY ADDRESSED HERE....15

Conclusion ....16

# TABLE OF AUTHORITIES

PAGE

**Federal Cases**

*A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*,
2010 WL 335616 (D.N.J. Jan. 29, 2010) .... 14

*Adamson v. Ortho-McNeil Pharm. Inc.*,
2007 WL 604790 (D.N.J. Feb. 20, 2007) .... 8, 13

*Bowers v. NCAA*,
130 F. Supp. 2d 610 (D.N.J. 2001) .... 7

*Carlino v. Gloucester City High Sch.*,
57 F. Supp. 2d 1 (D.N.J. 1999) .... 9

*Carmichael v. Everson*,
2004 WL 1587894 (D.N.J. May 21, 2004) .... 7

*Church & Dwight Co., Inc. v. Abbott Laboratories*,
545 F. Supp. 2d 447 (D.N.J. 2008) .... 6, 9

*G-I Hold., Inc. v. Reliance Ins.*,
586 F.3d 247 (3d Cir. 2009) .... 11

*Harborview Cap. Partners, LLC v. Cross River Bank*,
2023 WL 6619638 (D.N.J. Oct. 11, 2023) .... 14

*Herring v. U.S.*,
424 F.3d 384 (3d Cir. 2005) .... 12

*Interfaith Comm. Org. Inc. v. PPG Indus., Inc.*,
702 F. Supp. 2d 295 (D.N.J. 2010) .... 6

*Kwanzaa v. Brown*,
2009 WL 10873027 (D.N.J. Nov. 12, 2009) .... 13

*Love v. Does 1-9*,
2023 WL 4851064 (D.N.J. July 28, 2023) .... 15

*M.K. ex rel. D.K. v. Hillsdale Bd. of Ed.*,
2006 WL 2067177 (D.N.J. July 20, 2006) .... 8

*Memory Bowl v. North Pointe Ins. Co.*,
280 F.R.D. 181 (D.N.J. Mar. 13, 2012) .... 13, 14

*Montrose Med. Grp. Participating Savings Plan v. Bulger*,
243 F.3d 773 (3d Cir. 2001) .... 10, 11

# TABLE OF AUTHORITIES - cont'd

PAGE

*Nathan v. Princeton Univ.*,
2012 WL 4794353 (D.N.J. Oct. 9, 2012) ..... 7

*NL Indus. v. Comm. Union Ins. Co.*,
935 F. Supp. 1311 (D.N.J. 1990) ..... 6

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) ..... 13

*Petrucelli v. Bohringer & Ratzinger*,
46 F.3d 1298 (3d Cir. 1995) ..... 14

*Rapaport v. Robin S. Weingast & Assocs., Inc.*,
2013 WL 6022441 (D.N.J. Nov. 13, 2013) ..... 13

*Reed v. Swatch Grp (US), Inc.*,
2014 WL 7370031 (D.N.J. Dec. 29, 2014) ..... 8

*Roberts v. Harvey,*
2007 WL 1959229 (D.N.J. June 28, 2007) ..... 9

*Robinson v. Horizon Blue Cross-Blue Shield of N.J.*,
2013 WL 6858956 (D.N.J. Dec. 23, 2013) ..... 14

*Rollins v. Fauver*,
1994 WL 386379 (D.N.J. July 22, 1994) ..... 8

*Roofer's Pension Fund v. Papa*,
2024 WL 4205638 (D.N.J. Sep. 12, 2024) ..... 11

*Wilson v. USI Ins. Serv. LLC*,
57 F.4th 131 (3d Cir. 2023) ..... 8

## Preliminary Statement

Mr. Griffith is a *pro se* litigant who has thwarted Ciox's defense of this case since filing his Complaint on September 19, 2023. He has ignored Ciox's discovery demands, refused to confer in good faith, and has made serial, vexatious filings against Ciox and its counsel. Now, confronted with the Court's directive to participate in the discovery process and confer with Ciox in good faith, Mr. Griffith seeks to derail this litigation by requesting reconsideration and vacatur of the Court's Decision and Order on Ciox's Motion to Dismiss (the "MTD Order") and a slew of ancillary and extraordinary relief against Ciox. Mr. Griffith claims that once the Court reconsiders and vacates its prior MTD Order, "no genuine issue of material fact" will remain — the parties can "proceed to summary judgment on a corrected record" and award Mr. Griffith "judgment as a matter of law." ECF No. 44. The Omnibus Motion is nothing more than a distracting smokescreen to conceal Mr. Griffith's defaults here.

There is a threshold problem with Mr. Griffith's Omnibus Motion.[1] It is time-barred pursuant to Local Rule 7.1(i), and this Court should deny the Omnibus Motion for this reason alone. The Omnibus Motion primarily requests reconsideration and/or vacatur of the Court's MTD Order. Local Rule 7.1(i) required Mr. Griffith to have "served and filed" his Omnibus Motion "within 14 days after entry of the" Court's MTD Order, or by April 24, 2025. Mr. Griffith filed his Omnibus Motion on February 5, 2026, ten months after the deadline.

---

[1] Mr. Griffith renews his prior request for a "court-appointed attorney." ECF No. 44 at 1. Ciox does not oppose Mr. Griffith's request.

To the extent the Court considers the merits of Mr. Griffith's Omnibus Motion, the Court should deny the Motion for two reasons. First, the Omnibus Motion fails to meet the high standard for reconsideration. Second, it seeks extraordinary relief which is either not available or cannot be awarded against Ciox. Mr. Griffith's motion relies on an alleged misrepresentation made by Ciox in the "Factual Background" section of its Motion to Dismiss Memorandum. Mr. Griffith suggests reconsideration is appropriate because the Court relied upon that alleged misrepresentation by Ciox when it partially granted the Motion to Dismiss.

Mr. Griffith's argument is premised on a misrepresentation that does not exist, and it is based on a misunderstanding of the Rule 12(b)(6) standard and this Court's MTD Order. The Court determined that Mr. Griffith's own allegations were insufficient to state a claim for Title VII and ADA retaliation, and it properly dismissed those claims. The Court did not adjudicate the veracity of Mr. Griffith's allegations, and it did not base its dismissal decision on Ciox's summary of Mr. Griffith's allegations in the "Factual Background" section of Ciox's Memorandum. In fact, the Court assumed that all of Mr. Griffith's well-pleaded allegations were true. There is no basis for reconsideration or vacatur here, and the Court should deny Mr. Griffith's Omnibus Motion.

Mr. Griffith also claims that Ciox committed fraud on the Court and should be sanctioned, estopped, and penalized by having its Answer stricken. In turn, Mr. Griffith suggests summary judgment or judgment as a matter of law in his favor is appropriate. The additional relief Mr. Griffith seeks is derivative of his reconsideration request. Because there is no basis for reconsideration or vacatur, Mr. Griffith's additional claims for relief and request for judgment in his favor should be denied as well.

**Procedural History**

On September 19, 2023, Mr. Griffith filed this action against Ciox *pro se*. ECF No. 1. The Complaint appeared to allege the following: (1) retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) discrimination under the Americans with Disabilities Act ("ADA"); (3) retaliation regarding an "abuse report" under the ADA; and (4) retaliation regarding accommodations under the ADA. *See id.* On October 15, 2024, Ciox moved to dismiss the Complaint as frivolous and for its failure to state a claim pursuant to 28 U.S.C. § 1915 and Rule 12(b)(6). *See* Dkt No. 13-1.

Relevant here, the "Factual Background" section of Ciox's Motion to Dismiss summarizes Mr. Griffith's allegations, including:

> Griffith's allegations regarding his work performance following that meeting are convoluted. Griffith apparently does not dispute that Ms. Shaw and Human Resources staff repeatedly met with him to discuss their concerns over his insufficient performance (they did). [Compl.] at pp. 16-19. During those meetings, Ciox placed Griffith on "Disciplinary Action." *Id.* at p. 19. Ms. Shaw worked with the Human Resources Department to create a "Corrective Action" plan for Griffith. *Id.*

*Id.* at p. 8.

Mr. Griffith did not oppose Ciox's Motion to Dismiss, instead filing a series of letters asking the Court to dismiss his Complaint without prejudice and to toll the applicable statutes of limitations for his claims. *See* ECF Nos. 15, 19. Ciox opposed these requests and highlighted to the Court (and Mr. Griffith) that a dismissal without prejudice does not toll statutes of limitations. *See* ECF Nos. 17, 20. This Court agreed and ordered Mr. Griffith to

notify the Court by December 12, 2024 if he still intended to voluntarily dismiss the action. *See* ECF No. 21. Mr. Griffith failed give any such notice, and the Court did not dismiss the action. *See* ECF No. 22.

On April 10, 2025, the Court issued the MTD Order, which dismissed Mr. Griffith's Title VII retaliation and ADA "abuse report" retaliation claims. *See* ECF Nos. 24, 25. Mr. Griffith's ADA discrimination and accommodations request retaliation claims survived. *See id.* The Court granted Mr. Griffith the opportunity to file an amended complaint by May 10, 2025. *See id.* Mr. Griffith did not amend his Complaint.

Ciox fully answered Mr. Griffith's surviving claims on June 11, 2025. ECF No. 28. Paragraph 7.c. of the Complaint and Ciox's answer to that allegation are relevant here:

> [7].c. Griffith submitted testimony and evidence to HR in support abuse investigation, detailing Ms. Shaw's misrepresentation and manipulation of data to support Disciplinary Action.
>
> **ANSWER:** Admits that Griffith submitted materials to HR, refers to those materials for their contents, denies any characterization of those materials or the underlying facts, and denies the remaining allegations in paragraph 7.c.

*Id.* at p. 4.

On October 29, 2025, Ciox served its Rule 26 Initial Disclosures pursuant to the Court's Scheduling Order. *See* ECF Nos. 41(1), 43. Mr. Griffith did not serve his Initial Disclosures by the Court's October 29, 2025 deadline. *See* ECF No. 43.

On November 13, 2025, Ciox served its First Request for Production, First Set of Interrogatories, and Notice of Deposition on Mr. Griffith. *See id.* Mr. Griffith did not respond to

any of Ciox's discovery demands. *See id.* On January 22, 2026, Ciox sent Mr. Griffith a deficiency letter, requesting that he cure his defaults by January 30, 2026. *See id.* Mr. Griffith also did not respond to Ciox's letter. *See id.*

On February 5, 2026, Mr. Griffith filed this Omnibus Motion, which seeks "to Vacate/Reconsider Prior Order, Apply Judicial Estoppel, Strike or Preclude [Contradictory] Factual Positions, Limit Discovery, and Relative Relief." *See* ECF No. 44. The Court extended Ciox's time to oppose Mr. Griffith's Omnibus Motion through March 6, 2026. *See* ECF No. 46.

On February 17, 2026, Mr. Griffith filed an additional "Motion for Relief from Judgment Pursuant to FRCP 60(b) and, Upon Grant of Such Relief, for Partial Summary Judgment Pursuant to Rule 56." *See* ECF No. 47. The later motion sought largely the same relief as the Omnibus Motion. In response to a February 19, 2026 letter from Ciox (ECF No. 48), the Court issued a Text Order: (1) denying Mr. Griffith's February 17 Motion without prejudice; (2) directing Mr. Griffith to raise any discovery issues in a separate letter directed to Magistrate Judge Quinn; and (3) directing Ciox to raise any issues not addressed in the Text Order in a separate letter to Magistrate Judge Quinn. *See* ECF No. 50.

## Argument

### I. MR. GRIFFITH FAILS TO MEET THE THRESHOLD TIMELINESS RQEUIREMENT FOR RECONSIDERATION

The Court must first determine whether a reconsideration motion is timely under applicable Local or Federal Rules before reaching its merits. The Court's Local Rule 7.1(i)[2] requires that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge." L. R. CIV. P. 7.1(i). Here, Mr. Griffith filed and served his motion on February 5, 2026 — ten months after this Court entered its April 10, 2025 MTD Order. Mr. Griffith's failure to meet the 14-day deadline bars any relief. This Court should deny his Omnibus Motion for this reason alone.

### II. MR. GRIFFITH FAILS TO ARTICULATE ANY VIABLE BASIS TO RECONSIDER THE COURT'S ORDER ON CIOX'S MOTION TO DISMISS

To the extent the Court considers the merits of Mr. Griffith's Omnibus Motion (which it should not), Mr. Griffith's Omnibus Motion should be denied because it falls short of the high reconsideration standard long employed by this Court and others in the Third Circuit. Reconsideration is an "extraordinary remedy" that should be granted sparingly. *Interfaith Comm. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317 (D.N.J. 2010) (citing *NL Indus. v. Comm. Union Ins. Co.*, 935 F. Supp. 1311, 1314 (D.N.J. 1990)). Mere disagreement with the Court's initial decision is not enough to support a motion for reconsideration or vacatur. *Church*

---

[2] L. R. Civ. P. 7.1(i) carves out exceptions to the 14-day rule where the motion is made pursuant to Rules 50, 52, or 59. None of those exceptions apply here.

*& Dwight Co., Inc. v. Abbott Laboratories*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Mr. Griffith must show: (1) an intervening change in controlling law; (2) evidence previously unavailable has become available; or (3) that reconsideration is "necessary to correct a clear error of law or prevent manifest injustice." *Id.* (citing *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004)). None of these three factors are present here.

Mr. Griffith's Omnibus Motion requests reconsideration based on an alleged "error" he claims impacted the Court's MTD Order. That argument is based on a misunderstanding of applicable law. Ciox moved to dismiss Mr. Griffith's Complaint pursuant to 28 U.S.C. § 1915 and, in relevant part, Rule 12(b)(6). *See* ECF No. 13-1. The Court dismissed two of Mr. Griffith's claims pursuant to Rule 12(b)(6). *See* ECF Nos. 24-25. The Court's dismissal of these claims was not based on any "error."

The Court should deny Mr. Griffith's request for reconsideration for two reasons. First, Mr. Griffith claims the "error" in the Court's MTD Order arises from a statement in the "Factual Background" section of Ciox's Motion to Dismiss regarding Ciox staff repeatedly meeting with Mr. Griffith to discuss his insufficient work performance. *See* ECF No. 44, pp. 4-5. Ciox made that statement based on Mr. Griffith's own allegations. His complaint alleges that on one occasion Ciox staff met with him to discuss that he left work early and, on another occasion, Ciox staff met with him to discuss his "alleged misdoings." ECF No. 1, pp. 17, 18. Ciox's statement was no more than a reiteration of Mr. Griffith's own allegations, which are entitled to a presumption of truth on a Rule 12(b)(6) motion. *Nathan v. Princeton Univ.*, 2012 WL 4794353, at *2 (D.N.J. Oct. 9, 2012).

Second, the veracity of any allegation was irrelevant to Ciox's Motion to Dismiss. A Rule 12(b)(6) motion does not question the veracity of alleged facts — it tests the legal foundation of the claims. *See Adamson v. Ortho-McNeil Pharm. Inc.*, 2007 WL 604790, at *3 (D.N.J. Feb. 20, 2007). The Court could not — and did not — decide factual issues when it adjudicated Ciox's Motion to Dismiss. *Reed v. Swatch Grp (US), Inc.*, 2014 WL 7370031, at *5 (D.N.J. Dec. 29, 2014); *see also Rollins v. Fauver*, 1994 WL 386379, at *3 (D.N.J. July 22, 1994). On a Rule 12(b)(6) motion, "whether the facts are disputed or not is irrelevant." *M.K. ex rel. D.K. v. Hillsdale Bd. of Ed.*, 2006 WL 2067177, at *2 (D.N.J. July 20, 2006).

The Court's MTD Order confirms this understanding — specifically that the Court accepted Mr. Griffith's factual allegations as true and drew all reasonable inferences in his favor. *See* ECF No. 24, p. 4 (citing *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023)). The Court did not rely upon the veracity of Mr. Griffith's allegations in its MTD Order. The Court dismissed Mr. Griffith's abuse report-related claims because Mr. Griffith failed to allege that his abuse report was submitted in response to race, gender, or sex discrimination and failed to allege that his disability was the reason for his alleged abuse. *See* ECF No. 24, pp. 7, 13-14. Whether Mr. Griffith and Ciox staff met to discuss his work performance and whether Ciox has the alleged abuse report is irrelevant to these deficiencies.

Mr. Griffith has not shown: (1) an intervening change in controlling law; (2) evidence previously unavailable has become available; or that (3) reconsideration is "necessary

to correct a clear error of law or prevent manifest injustice." *Church & Dwight Co., Inc.*, 545 F. Supp. 2d at 449. The Court should deny Mr. Griffith's request for reconsideration.[3]

## III. MR. GRIFFITH IS NOT ENTITED TO SANCTIONS BECAUSE CIOX DID NOT VIOLATE RULE 11

Mr. Griffith next claims that Ciox's alleged misrepresentation to the Court entitles him to Rule 11 sanctions against Ciox. There is no evidence of sanctionable conduct by Ciox and this request should be denied outright. Rule 11(b)(3) provides that by presenting a pleading to the court, an attorney certifies to the best of their knowledge that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." Rule 11 sanctions are warranted "only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Carlino v. Gloucester City High Sch.*, 57 F. Supp. 2d 1, 37 (D.N.J. 1999). Mr. Griffith has not identified any conduct by Ciox which comes close to a Rule 11 violation.

Mr. Griffith only suggests that Ciox's alleged misrepresentation to the Court regarding whether Ciox possessed "evidence of Griffith's dispute to the Disciplinary Action meeting" is sanctionable conduct. *See* ECF No. 44, p. 5. The statement Mr. Griffith takes issue with in Ciox's Motion to Dismiss arises from his own allegations, not any factual assertion by Ciox. *See* Section I, *supra*.

[3] To the extent Mr. Griffith requests "vacatur" of the Court's MTD Order, the Court should deny his vacatur request for all the same reasons set forth herein. *See Roberts v. Harvey*, 2007 WL 1959229, at *1 (D.N.J. June 28, 2007) (denying motion to "vacate decision" on motion to dismiss under standard for motion for reconsideration and L. R. CIV. 7.1(i)).

Ciox similarly never admitted that it possesses Griffith's "abuse report," which he claims to be evidence of his dispute. Mr. Griffith alleged that he "submitted testimony and evidence to HR in support abuse investigation, detailing Ms. Shaw's misrepresentation and manipulation of data to support Disciplinary Action." ECF No. 1 ¶ 7.c. In response to this allegation, Ciox answered as follows: "Admits that Griffith submitted materials to HR, refers to those materials for their contents, denies any characterization of those materials or the underlying facts, and denies the remaining allegations in paragraph 7.c." ECF No. 28, p. 4. Ciox's answer to paragraph 7.c. of the Complaint does not admit that Ciox has the alleged "abuse report." It does not undermine or otherwise contradict any prior positions Ciox has taken — it only "refers to that document for their contents." For these reasons, Mr. Griffith's request for Rule 11 sanctions against Ciox should be denied.

## IV. JUDICIAL ESTOPPEL IS INAPPLICABLE

Mr. Griffith's judicial estoppel argument fails for all of the same reasons as his other arguments. Judicial estoppel "is often the harshest remedy" that should only be employed "when a party's inconsistent behavior would otherwise result in a miscarriage of justice." *Montrose Med. Grp. Participating Savings Plan v. Bulger*, 243 F.3d 773, 784 (3d Cir. 2001) (citation and internal quotations omitted). A district court should not invoke judicial estoppel unless:

> (1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one [they] asserted in a prior proceeding;
>
> (2) the party changed [their] position in bad faith, i.e., in a culpable manner threatening to the court's authority or integrity; and

> (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity.

*Id.* at 777-78.

Mr. Griffith has not shown any of these factors here. Mr. Griffith's judicial estoppel argument relies upon his belief that Ciox's summary of his allegations regarding work performance meetings contradicts its response to paragraph 7.c. in his Complaint, and that the contradiction warrants estoppel and striking of Ciox's answer with defenses. There is no inconsistency, and this Court did not rely upon the veracity of Mr. Griffith's allegations in deciding Ciox's Motion to Dismiss. Judicial estoppel is inapplicable where, as here, Ciox "did not convince the District Court to accept its earlier position." *See Roofer's Pension Fund v. Papa*, 2024 WL 4205638, at *16 (D.N.J. Sep. 12, 2024) (citing *G-I Hold., Inc. v. Reliance Ins.*, 586 F.3d 247, 262 (3d Cir. 2009)).

Even if there was some kind of inconsistency in Ciox's position (there is not), "[i]nconsistencies are not sanctionable unless a litigant has taken one or both positions in bad faith—i.e., with intent to play fast and loose with the court." *Montrose Med.*, 243 F.3d at 780 (citation and internal quotations omitted). A bad faith finding must be based on more than the mere existence of an inconsistency, and Mr. Griffith suggests nothing more here. *Id.* (citation and internal quotations omitted).

Mr. Griffith has not shown any indicia of bad faith by Ciox, and there is no basis to apply judicial estoppel or to strike Ciox's properly filed answer and defenses. His request for "estoppel" should be denied, and Ciox's answer with defenses should remain its operative responsive pleading.

## V. CIOX DID NOT COMMIT FRAUD UPON THE COURT

Mr. Griffith next levies the gravely serious accusation that Ciox committed fraud upon the Court. This claim fails for the same reasons that his earlier claims fail — there was no inconsistency or misrepresentation by Ciox, and the Court did not rely upon the veracity of the allegations in rendering its MTD Order. Fraud upon the Court requires clear, unequivocal and convincing evidence of (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. *Herring v. U.S.*, 424 F.3d 384, 386-387 (3d Cir. 2005). Mr. Griffith has not shown any intentional fraud that deceived the Court — because there is none. In fact, Mr. Griffith's cavalier accusations could subject him to sanctions (which Ciox is not currently pursuing). The Court should reject Mr. Griffith's fraud arguments.

## VI. MR. GRIFFITH IS NOT ENTITLED TO A PROTECTIVE ORDER OR AN ORDER AGAINST CIOX COMPELLING PRODUCTION[4]

Mr. Griffith has refused to participate in the discovery process.[5] His Omnibus Motion is his latest attempt to evade his discovery obligations by requesting a protective order

---

4 The Court's February 23, 2026 Text Order directs Mr. Griffith to raise issues pertaining to discovery in a separate letter addressed to Judge Quinn. Ciox nonetheless sets forth its argument in opposition to that part of Mr. Griffith's Omnibus Motion that requests a protective order and to compel discovery to preserve Ciox's arguments in opposition to Mr. Griffith's Omnibus Motion.

5 On February 25, 2026, Mr. Griffith filed a letter that purports to address discovery issues, but there is significant overlap between his letter and his Omnibus Motion. The relief requested in the February 25 Letter is completely unrelated to discovery. To the extent the Court addresses his February 25 Letter on this motion, Ciox incorporates its opposition to that letter. *See* ECF No. 52. On March 3, 2026, Mr. Griffith filed a reply letter that accuses Ciox and its counsel of misconduct. The Court should disregard this reply letter as violative of Judge Quinn's rules regarding discovery and motion practice.

barring Ciox from requesting *any* discovery. ECF No. 44, p. 7. Rule 26(b)(1) entitles Ciox to discover information relevant to Mr. Griffith's claims and Ciox's defenses — not just the information Mr. Griffith believes is relevant. *See Rapaport v. Robin S. Weingast & Assocs., Inc.*, 2013 WL 6022441, at *2 (D.N.J. Nov. 13, 2013). The Court may only issue a protective order for good cause to protect a litigant from annoyance, embarrassment, oppression, or undue burden or expense. *Memory Bowl v. North Pointe Ins. Co.*, 280 F.R.D. 181, 185 (D.N.J. Mar. 13, 2012) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* Broad allegations of harm, absent specific examples or reasoning, do not support a finding of good cause. *Id.* Moreover, Mr. Griffith has the burden of clarifying, explaining, and supporting his objections. *Kwanzaa v. Brown*, 2009 WL 10873027, at *4 (D.N.J. Nov. 12, 2009).

Mr. Griffith's attempt to deny Ciox any discovery appears to derive from his misunderstanding of the "Factual Background" section of Ciox's Motion to Dismiss and the standard of review on a Motion to Dismiss. Rule 12(b)(6) required Ciox and the Court to accept Mr. Griffith's well-pled allegations as true for the sake of the motion, not the entire case. *See Adamson*, 2007 WL 604790, at *3. Ciox is entitled to discovery on Mr. Griffith's claims and Ciox's defenses. Mr. Griffith's unsupported argument that the "[t]he abuse affidavit[6] is the

6 Ciox understands the "abuse affidavit" referenced in Mr. Griffith's Omnibus Motion to be synonymous with the "abuse report" referenced in his Complaint.

only document required to prove the truth" does not overcome that entitlement. ECF No. 44, pp. 6-7.

Similarly, Mr. Griffith's generic argument that discovery allows Ciox to "harass" him does not warrant a protective order. *See Memory Bowl*, 280 F.R.D. at 185. Ciox has not harassed Mr. Griffith, and Mr. Griffith is not entitled to a protective order to shield him from his obligations as a litigant.

To the extent Mr. Griffith seeks to compel the production of his "abuse affidavit," the Court should deny that request. "[A] party may only move to compel the production of documents after having first requested production of those documents." *Robinson v. Horizon Blue Cross-Blue Shield of N.J.*, 2013 WL 6858956, at *4 (D.N.J. Dec. 23, 2013) (citing Fed. R. Civ. P. 37(A)(3)(B)(iv)); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995). Mr. Griffith did not serve discovery demands. And Ciox does not affirmatively know what document the purported "abuse affidavit" actually is. The Court should deny any request by Mr. Griffith to compel production by Ciox.

## VII. MR. GRIFFITH IS NOT ENTITLED TO SUMMARY JUDGMENT OR JUDGMENT AS A MATTER OF LAW

Mr. Griffith's Omnibus Motion also appears to request summary judgment or judgment as a matter of law against Ciox. Both requests for entry of judgment should be denied for two reasons. First, Ciox is entitled to discovery before the parties proceed to summary judgment. *See A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*, 2010 WL 335616, at *8 (D.N.J. Jan. 29, 2010); *Harborview Cap. Partners, LLC v. Cross River Bank*, 2023 WL 6619638, at *4

(D.N.J. Oct. 11, 2023).[7] Mr. Griffith has not articulated any viable basis to deprive Ciox of that right.

Second, Mr. Griffith appears to believe that if Ciox's "Motion to Dismiss, Answer, and/or contradictory factual positions" are "stricken, precluded, and/or disregarded," *see* ECF No. 44, p. 7, there will be no genuine issue of material fact and Mr. Griffith will be entitled to judgment in his favor. Mr. Griffith does not "allege specific facts, substantiated by evidence on the record" in support of his requests for entry of judgment in his favor. *See Love v. Does 1-9*, 2023 WL 4851064, at *5 (D.N.J. July 28, 2023) (denying *pro se* plaintiff's summary judgment motion because plaintiff "totally ignore[d] all rules and standards"). Mr. Griffith fails to meet the high bar for such relief, and his premature requests for summary judgment or judgment as a matter of law should be denied. *Id.*

## VIII. CIOX OPPOSES ANY ADDITIONAL RELIEF NOT SPECIFICALLY ADDRESSED HERE

Ciox's opposition addresses each of Mr. Griffith's requests for relief set forth on page 7 of his Omnibus Motion. To the extent Mr. Griffith's Omnibus Motion requests any relief not specifically addressed in this opposition, Ciox opposes it.

---

7 Even if this were a legitimate motion for summary judgment, Rule 56(f) would preclude entry of summary judgment in Mr. Griffith's favor because he does not present any admissible evidence or otherwise comply with Court Rules. *See* FED. R. CIV. P. 56(f).

## Conclusion

For all the reasons set forth above, Ciox respectfully requests that the Court deny Mr. Griffith's Omnibus Motion in its entirety and award Ciox such further relief as the Court deems just and proper.

Dated: March 6, 2026

**HODGSON RUSS LLP**
*Attorneys for Ciox Health*

By: /s/James J. Zawodzinski, Jr.
James J. Zawodzinski, Jr.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: (716) 856-4000
*jzawodzi@hodgsonruss.com*