March 9th, 2026

Honorable Justin T. Quinn
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

RE: Griffith v. ~~CIOX HEALTH~~ DATAVANT, INC.
Case No.: 3:23-cv-20513

Dear Judge Quinn:

Hodgson Russ has represented Defendant's requests for consideration(s)/relief/favor by letter as early as November 2024 (*See generally* Dkt. #17.); Hodgson Russ's request to bar my ability to do so *in a letter* (See Dkt. #52) is absurd and obstructive. Please accept the following considerations/requests of Court.

**Court May Rule Immediately on Fraud On the Court**

On October 15th, 2024, Hodgson Russ submitted a Memorandum of Law in Support of [Defendant's] Motion to Dismiss; Hodgson Russ attests that it used my sworn statements from Virginia's EEOC Charge, in part, and characterizations made specifically for the Motion to Dismiss, in part. *See* Dkt. #13, "Factual Background" at 7, para 1.

Defendant exploited the absence of narrative, specifically between April 21st, 2021-April 22nd, 2021 (*See* Dkt. #1 at 16-19), and "convoluted" my work history with fraudulently "characterized" allegations. *See* Dkt. #13, "Factual Background" at 7-8, para 3.

In Defendant's Answer, Defendant attests to reviewing my "abuse affidavit" (*See* Dkt. #28, Answer 7.c. at 4.), the "dispute" that Defendant fraudulently alleged it did not have knowledge or evidence of (*See* Dkt. #13, "Factual Background" at 8, para 3.).

Received by HR on April 27th, 2021, the existence of my abuse affidavit establishes these facts before the Court:

- Defendant owns the "dispute" to the *only* meeting which alleged insufficient performance – the Disciplinary Action meeting – occurring on April 23rd, 2021; the dispute provides that Hodgson Russ certified a narrative influenced by a red herring, a logical "fallacy", that fraudulently alleged "repeated meetings" that I *could not* dispute, because they *did not exist*.
- Defendant terminated me "at will" on May 10th, 2021 (*See* Dkt. #28, Answer 7.d. at 4.):
    - roughly two weeks after HR received my "dispute" (*Id.* Answer 7.c. at 4), and
    - within one week of requesting the "abuse report" *from* HR to file reasonable accommodations requested within my "dispute" (*See* Dkt. #13, "Factual Background at 8, para 5.).
        - HR's failure/refusal to provide an "abuse report" prior to my termination barred my ability to file reasonable accommodations with all "abuse claim documentation" ("dispute" *and* "abuse report") before I was terminated. *See* Dkt. #1 at 20.
- By August 10th, 2022, Defendant owned the factual background of my work history to establish Wrongful Termination claims; I requested a fair settlement prior to filing a lawsuit. *Id.* at 28-35.

I am not asking Defendant to produce the dispute – it demonstrates to me (and the Court) that it is fraudulently controlling this document. I am providing to the Court that Defendant received my "dispute" – a "summary of statements" (*See* Dkt. #52 at 2, para 5.) "and evidence" in a single document – on April 27th, 2021 (*See* Dkt. #28, Answer 7.c. at 4), and, since October 15th, 2024:

- Defendant's Motion to Dismiss characterized a fraudulent "Factual Background" that contested its ownership of my dispute and my factual work history.
- The Court issued a ruling that dismissed my Wrongful Termination claims, adjudicated from Defendant's Motion to Dismiss and Letters in its support.
- Defendant provided, in its Answer, that it owned my dispute which establishes my factual work history.
- Defendant contested and misrepresented my factual work history for its Motion to Dismiss; Hodgson Russ appreciates that veracity was not a consideration in the Motion to Dismiss, suggesting that veracity was not a consideration it made. (*See* Dkt. #52 at 1, para 3.).

Defendant's Motion to Dismiss is direct evidence of its plan and/or scheme to compromise the judicial integrity of this Court and taint these proceedings by engaging deceit, trickery, misrepresentations, and fraud to "dismiss" my claims, after the Court was informed that my claims were true. The Court dismissed my Wrongful Termination claims based on Defendant's willful misrepresentations and obviation/concealment of evidence. I request the Court rule upon evidence and its findings to certify Defense's/Defendant's Fraud on the Court.

**Court is Requested to Impose Sanctions**

It is not that Hodgson Russ did not commit litigation misconduct, fraud, and violate Rule 12, Rule 11, Rule 8, and potentially Rule 37 – it obfuscated its conduct from the Court.

The Court's measures to restore judicial integrity are antecedent to any relief I request; Sanctions are remedial and include dispositive relief. To this end, I withdraw relief in my Omnibus Motion to specifically what the Court deems just and proper, with Sanctions being both appropriate relief and appropriate measure of the Court within its own Inherent Authority.

I maintain that a Conference is necessary to discuss the Court's findings and measures to be imposed by its findings, including rulings that were affected by Defendant's misrepresentations (made as early as its Motion to Dismiss).

I maintain that a stay of discovery is necessary while the Court evaluates any and all measures it may impose based on its findings.

**<u>Court is Requested to Disregard/Strike Defendant's Opposition to the Omnibus Motion</u>**

I submitted my Omnibus Motion on February 6th, 2026 and Hodgson Russ verified its receipt during the February 9th, 2026 Conference, where during this conference, it also refused to concede to the existence of my "abuse affidavit" (or "dispute") Defendant expressly informed the Court did not exist in its Motion to Dismiss and did exist in its Answer.

According to Local Civil Rule 7.1(d)(2), the Opposition was filed untimely. According to the facts of this case, the Opposition is an artifact of Fraud on the Court.

I request the Court Disregard/Strike Defendant's Opposition.

I ask this Court to fully appreciate the significance of Defendant's actions, specifically engaged against me, due to the manner in which I was/am situated.

Respectfully Submitted,

Chad Griffith
chadgriffith87@gmail.com