March 26th, 2026

Honorable Georgette Castner
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

RE: Griffith v. ~~CIOX HEALTH~~ DATAVANT, INC.
Case No.: 3:23-cv-20513

Dear Judge Castner:

Hodgson Russ emailed today, requesting an adjournment through May 6th, 2026, for a reason it has not decided to share with me. I do not respect this request, nor should the Court honor it.

**The Court is Requested to Observe the Inherent Harm with Defendant's tentative Motion for Adjournment**

Defendant is the custodian of its own records and has demonstrated a campaign that actively contested/concealed my factual work history it owns. Through the maturation of this case, Defendant has demonstrated that, five years after my termination, it does not have a legal reason for my termination.

In its discovery letter to the Court, Hodgson Russ identifies discovery's end date and requested the Court punish Griffith for failing to provide information to it prior to this date.

Granting Defendant's pending request for Adjournment would:

- extend the length of time its prejudice will exist against me;
- delay judicial oversight in matters currently before the Court;
- expands the inequity I face (caused by Defendant and its personnel as early as April 23rd, 2021);
- remove the obligation to provide evidence ("abuse affidavit"/"dispute") Datavant has concealed from independent/outside review since April 27th, 2021.

Hodgson Russ recognizes my "frustration" but does not inform the Court that it knows the exact cause. The Court may accept that my frustrations result from Datavant and its personnel illegally terminating me on May 10th, 2021 – 5 years ago – and has demonstrated its campaign for misrepresentation, fraud, and criminality to deny the truth of my factual work history (t*o me*) prior to being able to establish the breadth and ramifications of its actions as a matter of law.

**The Court is Requested to Deny Defendant's pending Adjournment request**

Defendant's actions have created a situation where:

- It willfully presented a fraudulent, "characterized" version of my work history in its Motion to Dismiss.
- It provided that it owned my "abuse affidavit", the "dispute" it previously attested to not having evidence or knowledge of, establishing Virginia's EEOC Charge and Complaint as "true".
- It refused to concede as to whether or not it owns this document after claiming it did not exist and then later claiming that it did.
- It claims my "abuse affidavit" is nothing other than my "statements" ("and evidence), which, in contesting the Disciplinary Action, is a "dispute".

This legal tactic, a part of its strategy to dismiss my claims, is further evidence of discovery abuse and continued fraud:

- Defendant's years long scheme has been revealed – it concealed the "abuse affidavit" from every federal agency that would have required its production during an investigation of my work history:
    - Datavant's refusal to Appeal the North Carolina Unemployment Insurance determination obviated the need of a federal investigation of my factual work history.
    - After refusing EEOC mediation, Defendant's personnel relayed an allegation to EEOC Investigators that Datavant "takes all abuse claims seriously" while owning the procedural and evidentiary history of my factual work history, obviating the need to investigate my factual work history or wrongdoing by Defendant's personnel leading up to an including my termination.
- Datavant's representatives facilitated a Protective Order campaign against me while owning the procedural and evidentiary history of my factual work history, establishing unlawful/illegally conduct of Defendant and its personnel.
- Defendant and Hodgson Russ prepared a defense that concealed the knowledge, evidence, and existence of the "abuse affidavit", "dispute" to the Disciplinary Action, in this Court by October 15th, 2024.
- Defendant and Hodgson Russ requests an adjournment, delaying its obligation to produce the "abuse affidavit" that would establish my factual work history as a matter of law.

To allow Defendant's adjournment is to reward it for unlawful/criminal behavior engaged against Griffith since April 23rd, 2021. I request the Court deny Defendant's Adjudication request.

**<u>Emergency Relief is Warranted; Court requested to Order Defendant to Show Cause</u>**

I have expressed the threat Defendant and Hodgson Russ present to me, the administration of justice, and any employee that requires Defendant to act in a manner befitting

its status as an EEO Company. Under Local Civil Rule 65.1, an Order to Show Cause is appropriate where ordinary motion practice is insufficient; in this circumstance, evidence of Fraud On the Court was presented to the Court, Defendant and Hodgson Russ revealed/reveals its fraudulence before the Court, and Defendant was compelled to produce the "abuse affidavit" it has hidden from the Court that establishes Griffith's claims as true.

I request the Court to demand Defendant and Hodgson Russ to show cause why an Order should not be entered:

1. Granting a Protective Order against Defendant and Hodgson Russ during discovery;
2. Compelling Defendant or Hodgson Russ to produce the specific "abuse affidavit" it has effectively hidden for years;
3. Confirming Defendant's Fraud On the Court;
4. Terminating Defendant's pending Opposition;
5. Terminating Defendant's pending adjournment request;
6. Ordering Sanctions against Defendant and Hodgson Russ, including dispositive Judgment (*See* Dkt. #47 at p 8-9), with the Settlement Letter delivered on August 10th, 2022 (*See* Dkt. #1 at 32-35) informing additional tort damages.

Datavant cannot provide a lawful reason for my termination while demonstrating the extent of fraud engaged to commit unlawful/illegal acts against me and any Court that was presented with its fraudulent, "characterized" allegations of my factual work history. I ask the Court to allow Datavant to show cause by March 30th, 2026.

Respectfully Submitted,

Chad Griffith
chadgriffith87@gmail.com