ORDER

HodgsonRuss LLP ATTORNEYS

**James J. Zawodzinski, Jr.**
Senior Associate
Direct Dial: 716.848.1595
*JZawodzi@hodgsonruss.com*

Defendant's request is GRANTED. The return date for Plaintiff's motion (ECF #57) is adjourned to 5/18/26.

SO ORDERED 3/31/2026

Hon. Justin T. Quinn, U.S.M.J.

**Via CM/ECF Only**

Honorable Justin T. Quinn
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

Dear Judge Quinn:

**Re: *Chad Griffith v. Ciox Health***
**Case No.: 3:23-cv-20513**

Ciox Health submits this letter in response to the "Motion for Protective Order and to Compel" (ECF No. 57) and "Letter to Judge Castner regarding adjournment request" (ECF No. 58) filed with the Court by Plaintiff Chad Griffith this week.

**The Court Should Deny or Strike the Motion of**
**Mr. Griffith for a Protective Order and to Compel (ECF No. 57)**

Ciox Health requests that the Court deny or strike Mr. Griffith's March 19, 2026 Motion for a Protective Order and to Compel. The Motion for Protective Order and to Compel is duplicative of Mr. Griffith's Omnibus Motion.[1] *Compare* ECF No. 44 (Omnibus Motion) *with* ECF No. 57 (Motion for Protective Order and to Compel). Mr. Griffith's Omnibus Motion seeks a protective order "staying or limiting discovery as appropriate" and "an Order directing Defendant to produce the abuse affidavit, with a certificate of authenticity." ECF No. 44 at 7. Mr. Griffith's Motion for a Protective Order and to Compel requests identical relief: a "Protective Order, limiting Defendant's discovery requests" and an order "compel[ling] Defendant to produce the 'abuse affidavit.'" ECF No. 57 at 15. Ciox Health has already opposed Mr. Griffith's requests for a protective order and to compel production in its opposition to the Omnibus Motion. ECF No. 54 at Section VI. The Omnibus Motion is pending before Judge Castner. Judicial economy compels denial of the Motion.

[1] Mr. Griffith also addressed these same issues in his letter filing with the Court on February 25, 2026 (ECF No. 51) and on March 4, 2026 (ECF No. 53). Ciox Health responded to those letters on March 3, 2026. ECF No. 52. The Court reviewed those filings and directed Mr. Griffith "to respond to Defendant's discovery by March 19." ECF No. 55.

The Court should also deny or strike Mr. Griffith's Motion for a Protective Order and to Compel because it is improperly before the Court. Mr. Griffith seeks discovery-related relief pursuant to FED. R. CIV. P. 26 and FED. R. CIV. P.37. Judge Quinn's Local Rules require that the parties confer in good faith and work to resolve discovery disputes before a party files a discovery-related motion. The Local Rules also preclude discovery motions absent "leave of Court." Mr. Griffith did not confer with Ciox Health regarding his discovery requests, and he did not file the appropriate letter request to the Court requesting leave to file a motion. The Court did not grant Mr. Griffith leave to file a discovery-related motion. The Motion for a Protective Order and to Compel is defective on this basis, and it should be denied or stricken outright.

**In the Alternative, Ciox Health Requests**
**An Extension of Time to Respond to the Motion**

Alternatively, Ciox Health requests an adjournment of the return date for Mr. Griffith's Motion for a Protective Order and to Compel (ECF No. 57) to May 18, 2026. Mr. Griffith filed his Motion on March 19, 2026. The Court set April 20, 2026 as the return date. This return date has not been previously extended or adjourned. Ciox's current deadline to oppose Mr. Griffith's Motion is April 6, 2026. *See* L. CIV. R. 7.1(d)(2).

GRANTED

Ciox respectfully requests that the return date for Mr. Griffith's Motion be adjourned to May 18, 2026. The basis for this extension request is the press of other business, including conflicting dispositive deadlines in other matters. Mr. Griffith opposes Ciox's request. This extension may impact the close of fact discovery in this case, but Ciox Health submits that such effect, if any, is minimal given Mr. Griffith's nonparticipation in discovery.

We thank the Court for its consideration of these requests.

Respectfully submitted,

James J. Zawodzinski, Jr.

cc: Chad Griffith (*via CM/ECF Only*)