**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAD GRIFFITH,

Plaintiff,

v.

CIOX HEALTH,

Defendant.

Civil Action No.: 3:23-cv-20513-GC-DEA

# CIOX HEALTH'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO COMPEL

**HODGSON RUSS LLP**
*Attorneys for Defendant*
James J. Zawodzinski, Jr.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000
*jzawodzi@hodgsonruss.com*

# TABLE OF CONTENTS

PAGE


Preliminary Statement ........ 1

procedural history ........ 2

Argument ........ 2

I. MR. GRIFFITH'S MOTION IS NOT PROPERLY BEFORE THE COURT ........ 2

II. THE COURT SHOULD DENY MR. GRIFFITH'S MOTION IN ITS ENTIRETY BECAUSE IT FAILS TO MEET HIGH BAR REQUIRED FOR A PROTECTIVE ORDER OR ORDER TO COMPEL ........ 3

III. MR. GRIFFITH'S BOILERPLATE OBJECTIONS TO CIOX'S DISCOVERY DEMANDS ARE IMPROPER ........ 5

IV. MR. GRIFFITH'S CONTINUED DISCOVERY VIOLATIONS ARE PURPOSEFUL AND THEY WARRANT AN IMPOSITION OF SANCTIONS ........ 6

V. CIOX OPPOSES ANY ADDITIONAL RELIEF NOT SPECIFICALLY ADDRESSED HERE ........ 6

Conclusion ........ 7

## TABLE OF AUTHORITIES

PAGE

**Federal Cases**

*Freeman v. McDowell*,
2012 WL 3240848, at *3-6 (D.N.J. Jan. 24, 2012) ... 6

*Gregory v. Gregory*,
2016 WL 6122456, at *3 (D.N.J. Oct. 18, 2016) ... 5

*Harris v. PV Holding Corp.*,
2009 WL 2600415, at *1 (E.D. Pa. Aug. 20, 2009) ... 5

*In re Tuttle*,
2023 WL 5321059, at *2 (D.N.J. Aug. 18, 2023) ... 4

*Knaupf v. Unite Here Local 100*,
2015 WL 7451190, at *4 (D.N.J. Nov. 23, 2015) ... 5

*Kwanzaa v. Brown*,
2009 WL 10873027, at *4 (D.N.J. Nov. 12, 2009) ... 4

*Memory Bowl v. North Pointe Ins. Co.*,
280 F.R.D. 181 (D.N.J. Mar. 13, 2012) ... 3, 4

*Northfleet Corp. v. Consol. Rail Corp.*,
1984 WL 2615, at *2 (E.D. Pa. Apr. 27, 1984) ... 5

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) ... 3

*Rapaport v. Robin S. Weingast & Assocs., Inc.*,
2013 WL 6022441, at *2 (D.N.J. Nov. 13, 2013) ... 3

**Rules & Regulations**

Fed. R. Civ. P. 33(b)(2)(4) ... 5

## **Preliminary Statement**

Mr. Griffith seeks sweeping discovery relief from this Court when Mr. Griffith himself has failed to comply with any of his discovery obligations in this case. His latest Motion should be denied outright because it is procedurally defective. Judge Quinn's Case Management Order and the Court's Local Rules required Mr. Griffith to confer with Ciox in good faith to resolve any discovery dispute "before bringing such dispute to the attention of the Court." Mr. Griffith refused to confer with Ciox, and he did not seek leave of this Court to file his Motion. The Court need not reach the merits of the Motion based on Mr. Griffith's failure to follow this Court's Rules, and the Court should deny the Motion on this basis alone.

To the extent the Court considers the merits of Mr. Griffith's Motion, the Court should deny the Motion for two reasons. First, the Motion is duplicative of Mr. Griffith's Omnibus Motion, which remains pending.[1] *See* ECF No. 47. Mr. Griffith again demands a protective order insulating him from all discovery obligations and an order compelling Ciox to produce an "abuse affidavit." *See generally* ECF No. 57. Mr. Griffith is not entitled to this relief, regardless of how many times and from whom he demands it. Second, the Motion fails to meet the high standard for a protective order or an order to compel at this late stage in discovery. Mr. Griffith only complains that Ciox has engaged in "abusive discovery practices" and "harassed" Mr. Griffith. Neither of those statements are true, and they are belied by the record before the Court. The Court should deny Mr. Griffith's Motion in its entirety based on these two substantive defects.

---

[1] The pending status of the Omnibus Motion cautions against an award of relief of any kind on this Motion.

## **Procedural History**

For judicial efficiency, Ciox incorporates the Procedural History of this action as set forth in its Opposition to Mr. Griffith's Omnibus Motion, dated March 6, 2026 (ECF No. 54) (the "Omnibus Opposition"). Additional facts relevant to this opposition are set forth in the accompanying Declaration of James J. Zawodzinski, dated May 4, 2026 ("Zawodzinski Decl.").

## **Argument**

### I. MR. GRIFFITH'S MOTION IS NOT PROPERLY BEFORE THE COURT

The Court should summarily deny or strike Mr. Griffith's Motion because it does not comply with Judge Quinn's Civil Case Management Order (the "CMO") or the Scheduling Order in this case. ECF No. 41, ¶ 13. The CMO and the Scheduling Order preclude formal motions absent prior leave from this Court. Mr. Griffith never requested — let alone received — leave to file this Motion from Judge Quinn.

The CMO also requires that the parties confer in good faith to resolve discovery disputes prior to bringing them to the Court. ECF No. 41, ¶ 13 (Scheduling Order directing the parties to Judge Quinn's CMO). Even if Mr. Griffith had attempted to confer in good faith with Ciox's counsel, which he did not, he was required to raise his discovery dispute by letter addressed to Judge Quinn before filing this Motion. Mr. Griffith failed to follow any of Judge Quinn's rules related to discovery motions. Mr. Griffith's *pro se* status does not excuse him from this failure, particularly because Judge Castner specifically instructed him to file a "separate letter directed to" Judge Quinn to raise any issues pertaining to discovery. *See* ECF No. 50. Mr. Griffith's Motion should be denied outright based on his failure to follow this Court's clear Rules and express direction.

## II. THE COURT SHOULD DENY MR. GRIFFITH'S MOTION IN ITS ENTIRETY BECAUSE IT FAILS TO MEET HIGH BAR REQUIRED FOR A PROTECTIVE ORDER OR ORDER TO COMPEL

Mr. Griffith's Motion recycles the same complaints he already argued in his Omnibus Motion. *Compare* ECF No. 44 *with* ECF No. 57. In the event the Court considers the merits of Mr. Griffith's latest Motion (which it should not), the Motion should be denied.

First, Mr. Griffith again accuses Ciox of defrauding, manipulating, and otherwise abusing the litigation process. *See* ECF No. 57 at 10-12. Mr. Griffith does not appear to request any affirmative relief tied to these allegations. Rather, the sole purpose of the statements appears to be another generalized attack against Ciox. Ciox denies these baseless accusations for the same reasons articulated in its Omnibus Opposition, which Ciox incorporates by reference here for judicial efficiency. *See* ECF No. 54 at 16.

Next, Mr. Griffith reiterates his requests for a protective order and an order compelling Ciox to produce an "abuse affidavit." *See* ECF No. 57 at 13-14. He is not entitled to either form of relief. As stated in Ciox's opposition to Mr. Griffith's Omnibus Motion (ECF No. 54)[2], Rule 26(b)(1) entitles Ciox to discover information relevant to Mr. Griffith's claims and Ciox's defenses — not just the information Mr. Griffith believes is relevant. *See* *Rapaport v. Robin S. Weingast & Assocs., Inc.*, 2013 WL 6022441, at *2 (D.N.J. Nov. 13, 2013). The Court may only issue a protective order for good cause to protect a litigant from annoyance, embarrassment, oppression, or undue burden or expense. *Memory Bowl v. North Pointe Ins. Co.*, 280 F.R.D. 181, 185 (D.N.J. Mar. 13, 2012) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d

---

[2] Mr. Griffith requests identical relief in his Omnibus Motion, and Ciox repeats its opposition to that motion here.

772, 786 (3d Cir. 1994)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* Broad allegations of harm, absent specific examples or reasoning, do not support a finding of good cause. *Id.* Moreover, Mr. Griffith has the burden of clarifying, explaining, and supporting his objections. *Kwanzaa v. Brown*, 2009 WL 10873027, at *4 (D.N.J. Nov. 12, 2009).

Mr. Griffith's generic argument that discovery allows Ciox to "harass" him does not warrant a protective order. *See Memory Bowl*, 280 F.R.D. at 185. Ciox has not harassed Mr. Griffith, and Mr. Griffith is not entitled to a protective order shielding him from his obligations as a litigant. Ciox anticipates Mr. Griffith may attempt to defend that part of his Motion seeking to compel production because, on April 22, 2026, Mr. Griffith emailed overbroad and irrelevant demands for documents and communications to Ciox's counsel — more than a month after he filed this Motion. Zawodzinski Decl. ¶¶ 11-12, Ex. 1. Mr. Griffith's demands are embedded in a larger, threatening email to Ciox's counsel that demands Ciox settle the case and seeks to extort from Ciox an extraordinary sum of money. Mr. Griffith's email is not a discovery demand, and Ciox is not required to respond.

Even if the contents of Mr. Griffith's April 22, 2026 email were considered proper discovery demands (they are not), the demands are six months overdue, and the Court should reject out of hand any attempts by Mr. Griffith to impose belated and improper requests for information at this late stage in discovery.[3]

---

[3] To the extent the Court converts Mr. Griffith's email into formal discovery demands (it should not), Mr. Griffith's motion to compel is also premature. *See In re Tuttle*, 2023 WL 5321059, at *2 (D.N.J. Aug. 18, 2023) (denying motion to compel filed before expiry of party's time to respond to those demands).

## III. MR. GRIFFITH'S BOILERPLATE OBJECTIONS TO CIOX'S DISCOVERY DEMANDS ARE IMPROPER

Mr. Griffith raises several objections to Ciox's discovery demands for the first time on this Motion. Mr. Griffith's objections should be disregarded by the Court for two reasons. First, they are untimely. Mr. Griffith's responses and any objections to Ciox's discovery were originally due on December 15, 2025. Mr. Griffith failed to respond by December 15, and the Court extended his time to respond through March 19, 2025. *See* ECF No. 55. Once again, Mr. Griffith failed to respond by the March 19, 2025 deadline. Mr. Griffith has had several bites at the apple, and the Court should deem waived any objections by Mr. Griffith to Ciox's discovery demands. *See, e.g.*, Fed. R. Civ. P. 33(b)(2)(4); *see also Northfleet Corp. v. Consol. Rail Corp.*, 1984 WL 2615, at *2 (E.D. Pa. Apr. 27, 1984); *Harris v. PV Holding Corp.*, 2009 WL 2600415, at *1 (E.D. Pa. Aug. 20, 2009).

Second, Mr. Griffith's "bald, unsupported assertions of undue burden and irrelevancy" as objections to Ciox's discovery demands are insufficient on their face. *Knaupf v. Unite Here Local 100*, 2015 WL 7451190, at *4 (D.N.J. Nov. 23, 2015). "When a party objects that a discovery request [is] irrelevant or unduly burdensome, that party must show specifically how the request is burdensome, oppressive, or irrelevant." *Id.* (cleaned up). Mr. Griffith's view that an "abuse affidavit" is the only relevant document and his firm belief that Ciox possesses that singular document is not enough to meet this standard.

Even if Mr. Griffith had articulated specific objections, he was required to "specifically identify any responsive materials that are being withheld" on the basis of his objections, which he failed to do. *Gregory v. Gregory*, 2016 WL 6122456, at *3 (D.N.J. Oct. 18, 2016). Mr. Griffith has ignored this Court's Rules and the Federal Rules of Civil Procedure

during the entirety of the discovery process, and this Court should disregard his belated objections filed for the first time on this Motion.

## IV. MR. GRIFFITH'S CONTINUED DISCOVERY VIOLATIONS ARE PURPOSEFUL AND THEY WARRANT AN IMPOSITION OF SANCTIONS

Mr. Griffith continues to use motion practice as a shield against disclosure. Mr. Griffith received several extensions from this Court of his deadline to respond to Ciox's discovery demands. On March 19, 2026, the Court provided Mr. Griffith with a final opportunity to respond or object to Ciox's discovery demands by March 19, 2026. *See* ECF No. 55. Mr. Griffith did not respond by March 19, 2026. Instead, he belatedly lodged unsubstantiated objections to Ciox's discovery demands on this Motion and again by email on April 22, 2026. Zawodzinski Decl. at Ex. 1. Ciox respectfully requests that the Court warn Mr. Griffith that his failure to comply with discovery in this case may result in the imposition of sanctions including, but not limited to, dismissal. *See Freeman v. McDowell*, 2012 WL 3240848, at *3-6 (D.N.J. Jan. 24, 2012).

## V. CIOX OPPOSES ANY ADDITIONAL RELIEF NOT SPECIFICALLY ADDRESSED HERE

Ciox's opposition addresses each of Mr. Griffith's requests for relief set forth on page 14 of his Motion. To the extent Mr. Griffith's Motion requests any relief not specifically addressed in this opposition, Ciox opposes it.

## Conclusion

For all the reasons set forth above and in Ciox's Omnibus Opposition, Ciox respectfully requests that the Court grant an order: (1) denying Mr. Griffith's Motion for a Protective Order and to Compel; (2) mandating that Mr. Griffith comply with the Court's March 10, 2026 Order; and (3) awarding Ciox such further relief as the Court deems just and proper.

Dated: May 4, 2026

**HODGSON RUSS LLP**
*Attorneys for Ciox Health*

By: /s/James J. Zawodzinski, Jr.
James J. Zawodzinski, Jr.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: (716) 856-4000
*jzawodzi@hodgsonruss.com*