**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAD GRIFFITH,<br><br>Plaintiff,<br><br>v.<br><br>CIOX HEALTH,<br><br>Defendant. | Civil Action No.: 3:23-cv-20513-GC-DEA |

**DECLARATION OF JAMES J. ZAWODZINSKI IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO COMPEL**

James J. Zawodzinski, Jr., under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1. I am an attorney with Hodgson Russ LLP, and I am counsel for Defendant Ciox Health[1] in this matter. I make this declaration in opposition to the Motion for a Protective Order and to Compel filed by Plaintiff Chad Griffith. ECF No. 57.

2. The Court's Pretrial Scheduling Order directs that the "parties' initial written discovery requests must be served by November 14, 2025." ECF No. 14, ¶ 6.

[1] Ciox Health, improperly named herein, is registered to do business as Ciox Health, LLC d/b/a Datavant Group and/or Ciox Health, LLC n/k/a Datavant, LLC. On April 29, 2026, Mr. Griffith filed a Motion to Substitute Party, which Ciox Health will address in a separate filing. *See* ECF No. 65.

3. On November 13, 2025, Ciox served its discovery demands on Mr. Griffith. *See* ECF No. 52-1 (Exhibit A – Ciox's Discovery Demands to March 3, 2026 Letter from James J. Zawodzinski, Jr.).

4. Mr. Griffith did not serve discovery demands on Ciox.

5. On February 25, 2026, Mr. Griffith filed a letter directed to Judge Quinn, which demanded certain additional relief related to Mr. Griffith's previously filed Omnibus Motion (ECF No. 44), a case management conference, remedial measures, and clarification on prior rulings. ECF No. 51.

6. On March 3, 2026, Ciox responded to Mr. Griffith's February 25 letter. ECF No. 52. Ciox also requested that the Court compel Mr. Griffith to respond to Ciox's discovery demands, which were then more than 100 days outstanding. *Id.*

7. On March 4, 2026, Mr. Griffith responded to Ciox's March 3 letter. ECF No. 53. Mr. Griffith demanded that the Court enter a "protective order" shielding him from any obligation to respond to Ciox's discovery demands. *Id.*

8. On March 10, 2026, the Court issued a Text Order, which granted Ciox's request and directed Mr. Griffith to "respond to [Ciox's] discovery [demands] by March 19." ECF No. 55. "To the extent [Mr. Griffith] objects to a specific discovery request[,]" the Court directed Mr. Griffith to "lodge an appropriate objection as permitted by the Federal Rules." *Id.*

9. Mr. Griffith did not respond to Ciox's discovery demands by March 19, 2026 or "lodge an[y] appropriate objection" to those demands in accordance with the Court's March 10, 2026 Text Order. *See* ECF No. 55.

10. Instead, on March 19, 2026, Mr. Griffith filed a Motion for a Protective Order and to Compel, which seeks sweeping discovery relief against Ciox when Mr. Griffith himself has refused to comply with any of his discovery obligations in this case. ECF No. 57.

11. On April 22, 2026 — 34 days after he filed his Motion — Mr. Griffith emailed Ciox's counsel, copying "Alex Sterling," which included a PDF attachment entitled, "Gmail – Griffith v CIOX HEALTH nka Datavant, INC. – Settlement.pdf." A true and correct copy of Mr. Griffith's email, with PDF attachment, is attached hereto as **Exhibit 1**.[2]

12. Mr. Griffith's April 22, 2026 email provides Ciox with several ultimatums to resolve his pending claims. *Id.* Mr. Griffith demands that Ciox produce certain information if it "wishes to contest this matter further" or (1) "reinstate/facilitate [his] employment with senior-level (CEOO/CFO/CHRO) salary/benefits by 12 PM, April 23rd, 2026," (2) "finalize a Settlement Agreement by May 6th, 2026 (a sample Settlement Agreement will be delivered upon [his] reinstatement)," and (3) begin paying Mr. Griffith "by June 25th, 2026." *Id.*

Dated: May 4, 2026

s/James J. Zawodzinski, Jr.
James J. Zawodzinski, Jr.

[2] Ciox Health redacted sensitive settlement figures from this email and its attachment.