May 13th, 2026

Honorable Justin T. Quinn
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

RE: Griffith v. ~~CIOX HEALTH~~ DATAVANT, INC.
Case No.: 3:23-cv-20513

Dear Judge Quinn:

I, Griffith, respectfully submit this letter in reply letter to Defendant's Opposition and to request leave to narrow my pending Omnibus Motion.

This letter is not a new Motion – this letter is to clarify the procedural posture of the pending discovery dispute, respond to Defendant's Opposition, and address Defendant's argument that my discovery Motion (ECF #57) is duplicative of the Omnibus Motion.

**I. <u>Griffith's Reply in Further Support of ECF #57</u>**

Defendant argues that ECF #57 should be denied because it is procedurally improper, duplicative, and an attempt to avoid discovery.

I do not seek to avoid discovery – I seek proportional sequencing of discovery. Specifically, I request the Court require Defendant to identify and produce the HR "materials" Defendant admits I submitted on April 27th, 2021 (*See* Dkt. #28, Answer 7.c.); the admitted "materials" are central to my surviving ADA claims, my requested

accommodations, Defendant's knowledge, the timing of my termination, the proportional scope of remaining discovery, and to fairly determine the proper scope of my discovery obligations.

## II. **Defendant Should Not Be Permitted to Use Broad Discovery Before Producing the Central HR Materials**

Defendant's Opposition asks the Court to deny ECF #57 and consider me non-compliant. This framing is not accurate.

I am willing to participate in discovery, but Defendant should not be permitted to demand broad discovery from me while refusing to identify or produce the "abuse affidavit" or HR "materials" submitted to it on April 27th, 2021.

Defendant's admitted HR materials should come first because those materials determine the factual foundation for the surviving claims and the proper scope of Defendant's requests.

Without those materials, I am forced to respond to broad discovery demands without first receiving the document that shows:

1. What I reported to HR;
2. Whether the submission disputed the Disciplinary Action;
3. Whether the submission included accommodation-related information;
4. What Defendant ("personnel") reviewed prior to my termination;
5. What Defendant ("personnel") communicated prior to my termination;
6. Whether Defendant's later factual positions are consistent with its own HR record.

Rule 26 proportionality addresses this.

## III. **Defendant's Procedural Objection Should Not Defeat Narrow Discovery Relief**

Defendant argues that ECF #57 is procedurally improper because I did not confer or obtain leave before filing. Hodgson Russ provides that I did make a good faith effort to settle this matter in August 2024[1]; history provides that conferrals with Hodgson Russ are futile.

I am not asking the Court to disregard its discovery procedures – I am asking the Court to resolve the present procedural dispute in a manner that promotes proportionality and avoids further abuse and/or prejudice. If the Court determines that additional conferral[2], a revised letter, or narrower submission is required, I request leave to comply rather than outright denial of ECF #57.

The practical reality and central discovery issue is Defendant admits to my submission of HR materials but continues to seek broad discovery from me before identifying and producing the core HR document that defines the scope of this case.

## IV. <u>**Griffith's Request for Leave or Direction to Amend/Narrow Omnibus Motion**</u>

Defendant argues that ECF #57 is duplicative of the Omnibus Motion. The Court's docket would benefit from clarification.

Hodgson Russ, acting as counsel for Defendant, provides that at least since August 2024's option to settle, it knowingly facilitated, advanced, and maintained materially false factual positions regarding my employment history and the April 27th, 2021 abuse affidavit/dispute. *See* Dkt. #13, "Factual Background" at 7-8 (stating that "Griffith's allegations regarding his work performance following that meeting are

[1] The email was seductive enough for Hodgson Russ to use as evidence now, but not realistic enough as a consideration for settlement then.

[2] Court-supervised conferral is required for the balance of this Action.

convoluted"). The Court's docket provides Defendant's demonstrated fraud on the Court, Rule 11 misconduct, discovery abuse, and bad-faith litigation conduct.

To avoid duplication and to appropriately separate discovery management from merits-based issues, I request leave, or direction as the Court deems appropriate, to Amend/Narrow the Omnibus Motion so that it no longer seeks Rule 26 or Rule 37 discovery relief.

Amended/Narrowed, I would only address the following non-discovery issues:

1. Revision of the April 10th, 2025 partial Dismissal Order or leave to Amend Out of Time;
2. Restoration of dismissed claims, including Title VII retaliation and ADA retaliation claims;
3. Fraud Upon the Court;
4. Sanctions or other appropriate remedial relief based on alleged litigation misconduct;
5. Striking, preclusion, or other relief concerning disputed factual positions; and
6. Partial summary judgment under Rule 56, to the extent the Court determines the existing record permits such relief.

I am not asking Judge Quinn to adjudicate Fraud On the Court, sanctions, claim restoration, or summary judgement through this discovery reply letter. I only seek to clarify those non-discovery issues should remain separate from the Rule 26 and Rule 37 discovery issues addressed before Judge Quinn.

Amendment/Narrowing satisfies Defendant's duplication argument, reduces overlap, and restores the judicial record to a much more manageable state.

## V. **Requested Relief**

For the reasons above, I respectfully request that the Court:

1. Reject Defendant's request to deny or strike ECF #57 as duplicative or procedurally improper;
2. Order Defendant to identify and produce the HR materials referenced in ECF #28, Answer 7.c., including the document I identify as the "abuse affidavit" or "dispute";
3. Permit me to serve discovery responses and objections after Defendant produces all materials, documents, and communications concerning the reason, basis, timing, or justification of my termination on May 10th, 2021;
4. In the alternative, provide me leave or direction to re-submit the discovery dispute in the precise procedural form the Court prefers;
5. Grant leave, or provide such direction the Court deems appropriate, for me to narrow/amend ECF #44 by withdrawing Rule 26 and Rule 37 discovery-management relief from the Omnibus Motion; and
6. Grant such other proportional discovery relief as the Court deems fair and just.

Respectfully Submitted,

Chad Griffith
chadgriffith87@gmail.com