May 18th, 2026

Honorable Georgette Castner
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

RE: Griffith v. ~~CIOX HEALTH~~ Datavant Group, LLC f/k/a Ciox Health, LLC.
Case No.: 3:23-cv-20513

Dear Judge Castner:

I, Griffith, respectfully submits this Reply in support of Griffith's Motion to Substitute Party Defendant. Griffith also responds to Defendant's ECF #s 68–69.

Griffith moved under Federal Rule of Civil Procedure 25(c) to substitute Datavant, Inc. in place of CIOX Health to formally address Defendant's claims against Griffith for "improper naming", since Defendant's Motion to Dismiss. Griffith's Motion requested substitution to clarify the docket and caption without altering the claims or defenses in this action. This request was made since during the Settlement Conference in October 2025.

Defendant does not oppose substitution: Defendant states that "Ciox Health does not oppose Mr. Griffith's request to substitute the proper corporate defendant in place of Ciox Health." (*See* Dkt. #68.) Defendant only disputes the precise legal name of the substituted entity.

Defendant's filings. However, create uncertainty as to the exact legal name and corporate identity of the proper substituted defendant. ECF #68 states that "the proper corporate defendant in this litigation is Datavant, LLC.", but ECF #69, filed the same day, identifies Defendant as "Datavant Group, LLC f/k/a Ciox Health, LLC," and discloses that Smart Holdings Corp. is

Datavant Group, LLC's sole member. Griffith further notes that New Mountain Capital publicly identifies "Datavant Group" as a current portfolio company and states that Datavant Group was formed through the combination of Ciox Health and Datavant. This public statement is consistent with Plaintiff's position that the case caption should no longer remain against "Ciox Health" alone and the need for clarification as Defendant has now used at least two different names for the entity it says should replace Ciox Health: "Datavant, LLC" and "Datavant Group, LLC f/k/a Ciox Health, LLC."

Griffith does not seek to substitute an incorrect entity. Griffith respectfully requests that the Court require Defendant to certify the exact legal name, former name, d/b/a name, state of formation, sole member, and any parent or controlling entity necessary to accurately identify the proper substituted defendant. This clarification is necessary to avoid further confusion in the caption, docket, discovery, and any future judgment.

Griffith further requests that substitution be entered without prejudice to Griffith's existing claims, motions, discovery position, or reliance on Defendant's prior pleadings, admissions, disclosures, and filings. Substitution was requested to clarify the record; it should not restart the litigation, erase prior admissions, impair pending motions, alter discovery obligations, or permit Defendant to avoid positions previously taken in this case.

Accordingly, Griffith respectfully requests that the Court:

1. Grant Griffith's Motion to Substitute Party Defendant;
2. Require Defendant to clarify whether the proper substituted defendant is "Datavant, LLC" or "Datavant Group, LLC f/k/a Ciox Health, LLC";
3. Require Defendant to certify the exact legal name of the proper substituted defendant;

4. Require Defendant to identify the substituted defendant's state of formation, former names, d/b/a names, sole member, and any parent or controlling entity necessary to accurately identify the party in interest;

5. Require Defendant to submit any clarification concerning the proper substituted defendant, former names, d/b/a names, state of formation, sole member, parent entity, controlling entity, or ownership chain by declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746;

6. Amend the caption to reflect the certified legal name of the proper substituted defendant;

7. Direct the Clerk of Court to update the docket accordingly;

8. Confirm that substitution does not disturb prior pleadings, admissions, filings, pending motions, discovery obligations, or Griffith's existing claims;

9. Grant any further relief the Court deems just and proper.

Respectfully Submitted,

Chad Griffith
chadgriffith87@gmail.com