**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAD GRIFFITH,** | : |
| | : Civil Action No. 23-20513 (GC)(JTQ) |
| Plaintiff, | : |
| | : |
| v. | : **ORDER** |
| | : |
| **CIOX HEALTH.** | : |
| | : |
| Defendant. | : |
| | : |

This is an employment action in which *pro se* Plaintiff Chad Griffith alleges wrongful termination and retaliation. Before the Court are two motions and two letter applications filed by Plaintiff. The Court addresses each below.

<u>I. Motion for a Protective Order and to Compel Discovery (ECF No. 57)</u>

Plaintiff moves under Rules 26(c) and 37 for a protective order limiting Defendant's discovery and for an order compelling Defendant to produce the April 27, 2021 "abuse affidavit" that Plaintiff says he submitted to Defendant's Human Resources Department in response to a disciplinary action taken against him by Defendant. ECF No. 57 at 1.

The arguments Plaintiff advances in making these motions are anything but clear. In seeking a protective order, Plaintiff appears to argue that because Defendant is already in possession of the relevant materials concerning Plaintiff's employment

and termination, including the April 27 submission, Plaintiff need not produce any materials. In other words, discovery from Plaintiff is not necessary.

Plaintiff likewise raises curious arguments in his application for a protective order. Indeed, Plaintiff accuses Defendant of "weaponizing" discovery, withholding evidence (*e.g.*, the April 27 document), and perpetuating inaccurate characterizations of his employment history. *Id.* Consequently, Plaintiff asks the Court for a protective order limiting Defendant's discovery requests, and an order requiring Defendant to produce the April 27 materials. He further asks the Court to sequence discovery so that Defendant's production occurs first.

In response, Defendant argues that Plaintiff has not shown grounds for either form of relief. As to the protective order, Defendant points out that the Federal Rules of Civil Procedure permit discovery of information relevant to both Plaintiff's claims and Defendant's defenses—it is not limited to only the information that Plaintiff deems relevant. *See* Fed. R. Civ. P. 26(b)(1). Defendant further argues that Plaintiff has not established good cause for a protective order under Rule 26(c) because Plaintiff makes only generalized assertions of harassment and discovery abuses rather than tying them to specific discovery requests or a clearly defined injury.

The Court finds that Plaintiff has not established a protective order is warranted. "The party seeking a protective order bears the burden of demonstrating the 'good cause' required to support such an order." *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991). Specifically, the party seeking a protective order must demonstrate "a particular need for protection." *Walgreens*

*Specialty Pharmacy, LLC v. Atrium Admin. Servs., Inc.*, 2020 WL 6042280, at *2 (D.N.J. Oct. 13, 2020) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Establishing "good cause" requires the movant to "specifically demonstrate [ ] that disclosure will cause a clearly defined and serious injury." *Id.* (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). Plaintiff's generalized assertions fail to meet this standard.

Plaintiff's motion to compel similarly fails. Defendant disputes Plaintiff's premise that it is improperly withholding an "abuse affidavit." In particular, Defendant points out that prior to filing the instant motion, Plaintiff had not served any discovery demands on Defendant. ECF No. 66-1 ¶ 4. Indeed, Plaintiff has not included with his motion any copies of discovery demands he served on Defendant.

According to Defendant, approximately one month after filing this motion, on April 22, 2026, Plaintiff sent an email to Defendant's counsel in which, among other things, he informally requested the production of certain materials. ECF No. 66-2. Such an informal request does not create an obligation on the part of Defendant under the Federal Rules. While *pro se* litigants are often afforded leniency, a *pro se* litigant nevertheless "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Stated differently, a motion to compel presupposes a failure to respond to a properly served discovery request under the Federal Rules; it is not a substitute for serving the discovery request in the first instance. The Court, therefore, denies Plaintiff's motion to compel.

Finally, to the extent that Plaintiff asks the Court to sequence discovery such that his obligations would be deferred until Defendant produces its discovery, that request is denied. Generally, when served with a discovery demand under Rule 34, a party is required to respond within 30 days. Fed. R. Civ. P. 34(b)(2)(A). It is axiomatic that "[t]he obligation to respond to discovery is independent of any discovery or disclosure obligation an opposing party may have." *Edge Sys. LLC v. Ageless Serums LLC*, 2021 WL 4497505, at *3 (C.D. Cal. Aug. 20, 2021) (quotations omitted). As such, "a party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent." *Id.* (quotations and citations omitted).

On March 10, 2026, this Court entered the following Text Order:

> TEXT ORDER: The Court has reviewed the Parties' recent correspondence relating to Plaintiff's alleged "fail[ure] to respond to [Defendant's] discovery demands." (ECF No. 52). The Court grants Defendant's request and requires Plaintiff to respond to Defendant's discovery by March 19. To the extent Plaintiff objects to a specific discovery request he may lodge an appropriate objection as permitted by the Federal Rules. So Ordered by Magistrate Judge Justin T. Quinn on 3/10/26.

ECF No. 55. Plaintiff responded with the instant motion, which the Court denies in its entirety. Plaintiff is therefore directed to respond to Defendant's discovery requests within 21 days of the date of this Order. Plaintiff is advised that failure to do so may result in sanctions, including dismissal of this action.

II. Plaintiff's Motion to Substitute a Party (ECF No. 65)

Plaintiff originally named Ciox Health ("Ciox") as the Defendant in this action. He now moves under Rule 25(c) to substitute the Defendant after what Plaintiff describes as Ciox's transfer of interests to a Datavant entity. ECF No. 65. Defendant confirms that Ciox's "corporate status changed," and it does not oppose the motion to substitute. However, as Plaintiff points out, Defendant's filings have created confusion as to the identity of the proper Defendant.

In response to Plaintiff's motion, Defendant submitted a declaration of counsel stating that the proper corporate Defendant in this action is "Datavant LLC." ECF No. 68 ¶ 6. In that declaration, counsel further stated that "Datavant, LLC, will file an amended Corporate Disclosure Statement memorializing this corporate modification." *Id.* ¶ 7. But in its amended statement, Defendant identifies the Datavant entity as "Datavant Group, LLC." ECF No. 69.

Regardless of the name of the correct Datavant entity, the parties do not dispute that Ciox is no longer the proper Defendant. The Court, therefore, grants Plaintiff's motion to substitute, and directs Defendant to submit a certification identifying the proper Defendant entity to be substituted. Along with that certification, the parties are also directed to submit a joint proposed form of Order effectuating the substitution.

III. Plaintiff's Letter Applications

A. Request for Leave to File a Motion to Amend (ECF No. 74)

On June 23, 2026, Plaintiff filed a letter asking the Court to (1) extend the deadline in the Scheduling Order to file a motion to amend the pleadings; and (2) grant Plaintiff leave to file a motion to amend the Complaint. ECF No. 74. Defendant opposes the request. ECF No. 76. Plaintiff's request is denied.

The deadline for filing a motion to amend the Complaint was February 13, 2026. Rule 16 provides that once the deadline in a pretrial scheduling order lapses, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A] party must, under Rule 16(b), demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Holmes v. Christie*, 2023 WL 8016055, at *2 (D.N.J. Nov. 17, 2023). Notably, "[t]he mere absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Rx ReLeaf LLC v. Relief TMS LLC*, 2024 WL 4894768, at *2 (D.N.J. Nov. 26, 2024).

A determination of "good cause" under Rule 16 "depends on the diligence of the moving party." *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). Specifically, "the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met." *Id.* Plaintiff has not made that showing. The proposed amendment is based on events and factual allegations primarily from 2021 and 2022—facts known to Plaintiff well before the amendment deadline lapsed. Plaintiff's request is, therefore, denied.

B. Request to File a Motion for an Evidentiary Inquiry (ECF No. 78)

Plaintiff requests "leave to file a focused motion for a limited evidentiary inquiry concerning alleged fraud on the [C]ourt" based on certain representations made by Defendant during this litigation. ECF No. 78. Specifically, Plaintiff seeks permission to file a motion asking the Court to determine whether a limited evidentiary inquiry is warranted into the factual basis for (1) representations made in Defendant's motion to dismiss concerning Plaintiff's employment performance history; and (2) representations in correspondence to the Court concerning the contents of Plaintiff's Atlanta EEOC Charge. The challenged statements, however, do not provide a sufficient basis for the relief Plaintiff proposes. Accordingly, Plaintiff's request is denied.

For the reasons set forth above,

**IT IS** on this 1st day of October 2026

**ORDERED** that Plaintiff's motion [ECF No. 57] for a protective order and to compel is DENIED; and it is further

**ORDERED** that Plaintiff is to respond to Defendant's outstanding discovery requests within 21 days from the date of this Order; and it is further

**ORDERED** that Plaintiff's motion [ECF No. 65] to substitute a Datavant entity for Ciox is GRANTED; and it is further

**ORDERED** that, no later than 7 days from the date of this Order, (1) Defendant shall submit a certification identifying the proper Defendant entity; and

(2) the parties shall submit a joint proposed form of Order effectuating the substitution; and it is further

**ORDERED** that Plaintiff's letter requests are DENIED.

*s/ Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge

--terminates ECF Nos. 57, 65