October 13, 2026

Honorable Justin T. Quinn
United States Magistrate Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building and United States Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Chad Griffith v. Ciox Health
Civil Action No. 3:23-cv-20513 (GC)(JTQ)

Response to ECF 82 and Request for Substitution Clarification

Dear Judge Quinn:

I respectfully respond to Defendant's October 9, 2026 submission, ECF 82, and request that the Court accept this delayed response, require clarification of the proper Defendant's identity, and permit the parties to submit a joint proposed order after that clarification. I continue to seek substitution of the correct entity pursuant to the relief granted in ECF 81.

I acknowledge that ECF 81advised a joint proposed order within seven days of its filing. I confused the date with my other deadlines. I did not check my email before Defendant’s filing. I recognize my responsibility to comply with the Court's deadlines.

To the extent an extension is required, I request relief under Rule 6(b)(1)(B) based on excusable neglect. I ask the Court to consider the short delay, the reason described above, my continued pursuit of substitution, and the limited effect of accepting this response because Defendant has already submitted its proposed order. My delay was not intended to obstruct substitution.

The remaining issue is the discrepancy the Court identified at page 5 of ECF 81. Counsel's May 18, 2026 declaration identified 'Datavant, LLC' as the proper Defendant (ECF 68, paragraphs 6-8). The amended disclosure filed that same day instead identified 'Datavant Group,

LLC f/k/a Ciox Health, LLC' and described that entity as a Georgia limited liability company whose sole member is Smart Holdings Corp. (ECF 69). Earlier, Defendant's October 15, 2024 motion-to-dismiss brief described 'Ciox Health, LLC d/b/a Datavant Group' (ECF 13-1, p 6, footnote 1).

ECF 82-2, paragraph 3, now identifies Datavant, LLC as the proper Defendant, but it does not explain the different name in ECF 69, identify the nature or effective date of the corporate change, or attach records establishing the relationship among these names. Its paragraph 5 promises another amended disclosure after substitution. The distinction between a trade name, a legal name change of the same entity, and a transfer to a different entity matters to identifying the party that will remain before the Court.

I therefore request that Defendant submit, within seven days of the Court's direction, a supplemental certification identifying the exact current legal name, state of organization, and entity identification number; explaining the relationship among Ciox Health, LLC, Datavant Group, LLC, and Datavant, LLC; and stating whether the change involved a name change, merger, conversion, or transfer of interests, with the relevant effective dates. I also request the pertinent Georgia Secretary of State filings and any transaction documents necessary to establish the claimed legal continuity or transfer. If the relevant entity is organized elsewhere, Defendant should identify that jurisdiction and submit its corresponding records. The certification should identify the records relied upon and the basis of the certifying person's knowledge, and expressly reconcile or correct ECF 69.

Once Defendant supplies that information, I request seven days for the parties to confer and submit a joint proposed order. I support retaining ECF 82-1's provision that prior proceedings, filings, and orders continue to apply to the substituted Defendant. I further request

express clarification that substitution preserves the applicability of prior pleadings and admissions, discovery responses, and outstanding production obligations, subject to the ordinary rules governing amendment and supplementation, and does not itself release or adjudicate liability on the surviving claims.

If the Court considers an order to show cause appropriate, I request that it be limited to requiring Defendant to explain and document the unresolved identity discrepancy. Alternatively, the Court may direct the supplemental certification and records without a show-cause procedure. I ask the Court to resolve this issue before entering the proposed substitution order. If a formal motion is required for the requested extension or additional relief, I respectfully request leave to submit it under a schedule set by the Court. This application concerns implementation of substitution and acceptance of this response; the existing discovery-response deadline remains in effect.

Thank you for the Court's consideration.

I declare under penalty of perjury that the factual statements in this letter concerning my delayed response are true and correct.

Respectfully submitted,

Chad Griffith
Plaintiff, pro se