October 21, 2026

Honorable Justin T. Quinn
United States Magistrate Judge
United States District Court
District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

RE: Griffith v. CIOX HEALTH
Case No.: 3:23-cv-20513(GC)(JTQ)

PLAINTIFF'S LETTER APPLICATION FOR A LIMITED STAY OR, ALTERNATIVELY, AN EXTENSION OF THE DISCOVERY-RESPONSE DEADLINE

Dear Judge Quinn:

I respectfully request a limited, reciprocal stay of the October 22, 2026 discovery-response deadline established by ECF 81 until fourteen days after Judge Castner resolves my contemporaneously filed motion under Rules 6(b)(1)(B) and 72(a). Alternatively, I request an extension through November 23, 2026. I am not requesting a change to any other scheduled date. Defendant's position is as follows: I asked Defendant's counsel for its position on October 21, 2026, but have not received a response as of this filing.

I recognize that I am submitting this request one day before the deadline rather than at least two business days beforehand. The need for the request became clear while I was completing the Rule 6 and Rule 72 filing and learning that the filing would not automatically suspend ECF 81. I respectfully ask the Court to consider the request because the deadline has not yet expired, the proposed pause is reciprocal, and I have continued working on my discovery responses.

My Rule 72 appeal is limited to Section III.A of ECF 81. It asks Judge Castner to decide whether I should be permitted to present a properly formulated motion under Rules 16 and 15. It does not ask the Court to treat an amended complaint as already filed or to grant amendment without the required procedure.

The resolution of that issue may affect the proper sequence and scope of discovery. If the request is denied, discovery can proceed under the existing complaint. If I am permitted to file the Rules 16 and 15 motion, the Court can coordinate that process with discovery. Requiring full responses now may result in discovery being completed under the present complaint and then supplemented or repeated if the amendment procedure is reopened.

My functional limitations affect concentration, executive functioning, task initiation, and organization. They do not excuse compliance, but they make repeated rounds of document review and narrative responses particularly burdensome. A brief pause would reduce that burden and allow discovery to proceed once against the pleading and schedule the Court determines should govern.

This is not a renewed protective-order request. I am not asking the Court to reconsider Section I of ECF 81, revive ECF 57, excuse me from discovery, require production of the April 27, 2021 submission, or decide any disputed factual issue through this letter. Unless the Court grants relief, I understand that ECF 81 remains in effect.

The requested stay would not alter either party's substantive rights. During the pause, I would not serve or pursue discovery from Defendant. Both parties would continue preserving relevant evidence, and either party could seek relief concerning an urgent preservation issue. Defendant would retain its discovery requests, objections, defenses, and right to seek

enforcement after the pause. The requested relief therefore changes only the timing of discovery and does not create formal prejudice to Defendant.

The Court has authority to manage its docket in the interests of fairness and judicial economy. See Landis v. North American Co., 299 U.S. 248, 254–55 (1936). A short, reciprocal pause would avoid potentially duplicative work while preserving the parties' rights and allowing the Court to determine the proper procedural course.

I therefore respectfully request that the Court stay the October 22, 2026 discovery-response deadline and enforcement of that deadline until fourteen days after Judge Castner resolves the Rule 6 and Rule 72 motion. Alternatively, I request an extension through November 23, 2026. If additional sequencing remains necessary after Judge Castner's decision, I request a short status conference.

Dated: October 21, 2026

Respectfully Submitted,

Chad Griffith
Plaintiff, Pro Se
chadgriffith87@gmail.com