**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAD GRIFFITH,<br><br>Plaintiff,<br><br>v.<br><br>CIOX HEALTH,<br><br>Defendant. | **Civil Action No. 23-20513 (GC)(JTQ)**<br><br>**NOTICE OF MOTION FOR EXTENSION OF TIME AND RULE 72 APPEAL FROM SECTION III.A OF ECF 81**<br><br>**Motion Day: November 16, 2026** |

I, Chad Griffith, give notice that on November 16, 2026, or as soon thereafter as the Court may consider the matter, I will move before the Honorable Georgette Castner, United States District Judge, under Federal Rules of Civil Procedure 6(b)(1)(B) and 72(a) and Local Civil Rule 72.1(c)(1)(A).

I request that the Court extend my deadline through October 20, 2026 to appeal Section III.A of ECF 81 and accept the accompanying appeal. ECF 81 was filed and electronically served on October 2, 2026. Under the conservative 14-day calculation, the deadline was October 16. The District's published electronic-filing procedure may support a deadline of October 19 because it treats electronic service like mail for purposes of adding three days. I request relief under either calculation so the Court need not resolve that difference. The filing is no more than five calendar days and three business days late under the conservative calculation, and two days late under the alternative calculation. I have not previously requested an extension of this Rule 72 deadline.

The Rule 6 request rests on the short length of the delay, the absence of concrete prejudice to Defendant, the circumstances explaining the delay, and my good-faith corrective efforts. Accepting the appeal will not amend the complaint, decide the sufficiency of any proposed claim, disturb completed proceedings, or deprive Defendant of an opportunity to respond. Defendant will retain the right to oppose this appeal and every procedural and substantive objection to any later motion to amend. No evidence has been lost because of this short delay, and the ordinary motion schedule remains available.

I do not contend that my pro se status or functional disability exempts me from the Rules. I offer them as circumstances relevant to the reason for the short delay and whether the delay was reasonably within my control. During the relevant period, my symptoms impaired my concentration, executive functioning, task initiation, and ability to monitor and understand court communications. I was also working to comply with the discovery directive contained in the same Order. Once I understood that Section III.A required a separate Rule 72 appeal, I worked to identify the proper procedure and prepare this filing. The delay was not tactical or intentional.

The basis of my Rule 72 appeal is narrow. Section III.A concluded that I had not shown diligence because the underlying events occurred in 2021 and 2022 and were known to me before the February 13, 2026 amendment deadline. The written analysis did not address that I filed ECF 44 on February 5, 2026, eight days before that deadline, while attempting to obtain relief concerning the same partial dismissal and factual history.

I acknowledge that ECF 44 was not a First Amended Complaint, was not a proper motion to amend, and did not comply with Local Civil Rule 15.1. I do not ask the Court to treat it as an amended complaint. Its timing and subject matter are nevertheless objective evidence of my effort before the amendment deadline. After I learned that ECF 44 was procedurally incorrect, I asked for it to be withdrawn and requested permission to present the amendment issue through the proper procedure. I contend that the omission of this docketed sequence left the Rule 16 diligence analysis incomplete.

I therefore ask the Court to set aside Section III.A of ECF 81 and allow me 30 days to file a proper motion under Rules 16 and 15, accompanied by a complete proposed First Amended Complaint and the comparison required by Local Civil Rule 15.1. Alternatively, I ask the Court to return the amendment issue to Judge Quinn for consideration of the complete docketed diligence record and establishment of an appropriate submission schedule.

I do not ask the Court through this appeal to grant leave to amend, accept my characterization of the April 27, 2021 submission, decide the truth or legal effect of disputed evidence, find misconduct, or determine the merits of any proposed claim. Those matters would remain subject to the proper amendment procedure and Defendant's opportunity to respond. I do not appeal any part of ECF 81 other than Section III.A.

I am separately asking Judge Quinn for a limited stay or extension of the October 22 discovery-response deadline. I do not seek a discovery stay through this Notice, and I recognize that this Rule 72 appeal does not itself suspend ECF 81.

The requested relief applies Rule 6's equitable assessment and Rule 16's diligence requirement in a manner consistent with Rule 1's direction that proceedings be resolved justly, speedily, and inexpensively. I am not asking the Court to disregard procedure. I am asking for permission to correct the procedure while the delay remains measured in days and without causing Defendant concrete prejudice.

I rely on the accompanying supporting brief, my declaration, the proposed order, and the filings already on the docket. Defendant's consent to the requested extension has not been obtained. I request that the motion be decided on the papers unless the Court determines that oral argument would assist it.

Dated: October 21, 2026

Respectfully Submitted,

________________________________

Chad Griffith
Plaintiff, Pro Se
chadgriffith87@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAD GRIFFITH,<br>Plaintiff,<br>v.<br>CIOX HEALTH,<br>Defendant. | **Civil Action No. 23-20513 (GC)(JTQ)**<br><br>**NOTICE OF MOTION FOR EXTENSION OF TIME AND RULE 72 APPEAL FROM SECTION III.A OF ECF 81**<br><br>**Motion Day: November 16, 2026** |

**Table of Contents**

PRELIMINARY STATEMENT ........ 7
RELEVANT BACKGROUND ........ 8
ARGUMENT ........ 9
I. THE SHORT RULE 72 DELAY SHOULD BE EXCUSED UNDER RULE 6 ........ 9
A. Defendant will not suffer prejudice, and the delay is minimal ........ 9
B. The reason for the delay and my corrective efforts to support relief ........ 10
**II.** SECTION III.A SHOULD BE SET ASIDE OR RETURNED FOR CONSIDERATION OF THE COMPLETE DILIGENCE RECORDS ........ 11
A. ECF 44 is relevant to the Rule 16 diligence inquiry ........ 11
B. The requested remedy preserves every Rule 16 and Rule 15 protection ........ 12
CONCLUSION ........ 13

Table of Authorities

**Cases**

Haines v. Liggett Group Inc., 975 F.2d 81, 91–93 (3d Cir. 1992) ........ 11
Perrigo Institutional Investor Group v. Papa, 150 F.4th 206, 217–19 (3d Cir. 2025) ........ 9
Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392, 395 (1993) ........ 9
Premier Comp Solutions, LLC v. UPMC, 970 F.3d 316, 319–20 (3d Cir. 2020) ........ 11

**Rules**

Local Civil Rule 1.1(b) ........ 11
Local Civil Rule 72.1(c)(1)(A) ........ 11
FRCP 1 ........ 11

FRCP 15(a)(2) ... 11
FRCP 16(b)(4) ... 11
FRCP 6(b)(1)(B) ... 9
FRCP 72(a) ... 11

## PRELIMINARY STATEMENT

I ask the Court to accept a short-late Rule 72 appeal and review only Section III.A of ECF 81. The facts supporting my request are set forth in my declaration and are not repeated here except where necessary to apply the governing standards.

The appeal raises one issue. Section III.A concluded that I had not shown diligence because the proposed allegations concerned facts from 2021 and 2022 that I knew before the February 13, 2026 amendment deadline. ECF 81 at 6. The written analysis does not address my filing of ECF 44 on February 5, eight days before that deadline, while attempting to obtain relief concerning the same partial dismissal and factual history.

I acknowledge that ECF 44 was not a motion to amend and did not comply with Local Civil Rule 15.1. I do not ask the Court to treat it as an amended complaint. I contend only that its timing and subject matter are relevant to whether I acted diligently before the amendment deadline.

I do not ask the Court to grant amendment or decide any proposed claim through this appeal. I ask the Court to set aside Section III.A and allow me 30 days to present a proper motion under Rules 16 and 15, or alternatively return the issue to Judge Quinn for consideration of the complete diligence record.

My separate request concerning the October 22 discovery deadline is directed to Judge Quinn. I do not seek a discovery stay from Judge Castner through this appeal, and I understand that the appeal does not itself suspend ECF 81.

## RELEVANT BACKGROUND

On April 10, 2025, ECF 25 partially granted Defendant's motion to dismiss and permitted me to file an amended complaint. I did not understand during that period that an amended complaint had to be a complete, self-contained pleading that replaced the earlier complaint. I believed I could submit additional information supporting the complaint already on file. Declaration of Chad Griffith ("Griffith Decl.") ¶¶ 2–4.

After learning about the amendment period and the one-year period applicable to certain Rule 60 requests, I began compiling the history and relief I wanted the Court to consider. The later scheduling order established February 13, 2026 as the deadline for motions to amend. Griffith Decl. ¶ 5; ECF 81 at 6.

On February 5, 2026, after Defendant asserted that I had not complied with discovery, I filed ECF 44. That filing used the wrong procedural vehicles and did not include a proposed amended complaint or redline. It nevertheless concerned the same partial dismissal, April and May 2021 history, and record issues that I was attempting to present. Griffith Decl. ¶¶ 7–10.

When I learned that ECF 44 was not the proper way to seek amendment, I asked to withdraw it. On June 23, 2026, I filed ECF 74, requesting an extension of the amendment deadline and permission to file a motion to amend. Griffith Decl. ¶ 11.

Section III.A of ECF 81 denied that request. It stated that good cause under Rule 16 depends on diligence and concluded that I had not made the necessary showing because the proposed amendment concerned facts from 2021 and 2022, known  that were known to me before the deadline. ECF 81 at 6. The written analysis did not discuss ECF 44 or the corrective sequence that followed.

ECF 81 was filed and electronically served on October 2, 2026. It also directed me to respond to Defendant's outstanding discovery within 21 days. While working to understand the Order's separate rulings and discovery directive, I did not understand that review of Section III.A required a separate Rule 72 filing within 14 days. Once I understood the procedure, I worked to prepare this filing. Griffith Decl. ¶¶ 14–16.

## ARGUMENT

### I. THE SHORT RULE 72 DELAY SHOULD BE EXCUSED UNDER RULE 6

Rule 6(b)(1)(B) permits the Court to extend an expired deadline when the failure to act resulted from excusable neglect. The determination is equitable and considers prejudice to the opposing party, the length and effect of the delay, the reason for the delay and whether it was reasonably within the movant's control, and good faith. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392, 395 (1993). All four factors must be considered and balanced. Perrigo Institutional Investor Group v. Papa, 150 F.4th 206, 217–19 (3d Cir. 2025).

### A. Defendant will not suffer prejudice, and the delay is minimal

The prejudice factor concerns concrete harm to Defendant from accepting the late appeal. Accepting it will not amend the complaint, add a claim, decide disputed evidence, reopen a completed proceeding, or determine whether amendment should ultimately be allowed.

Defendant will have the ordinary opportunity to oppose this appeal. If I am later permitted to file a motion to amend, Defendant will retain every available objection under Rules 16 and 15. The ordinary burden of continuing to defend an ongoing action, without additional factual harm, does not establish concrete prejudice. See Perrigo, 150 F.4th at 217–18.

ECF 81 was electronically served on October 2, 2026. Using October 16 as the conservative deadline, the October 21 filing is three business days late. The delay has not changed the motion day, a trial date, or the parties' substantive positions. These factors favor acceptance.The prejudice factor concerns concrete harm to Defendant from accepting the late appeal. Accepting it will not amend the complaint, add a claim, decide disputed evidence, reopen a completed proceeding, or determine whether amendment should ultimately be allowed.

My functional limitations and procedural misunderstanding explain the delay.
I do not contend that my pro se status or functional disability exempts me from procedural rules. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013). I offer those circumstances to explain the delay and whether it was reasonably within my control.

**B. The reason for the delay and my corrective efforts to support relief**

As described in my declaration, my functional limitations affect concentration, executive functioning, task initiation, organization of multi-step work, and my ability to monitor and understand court communications. ECF 81 also contained several separate rulings and an immediate discovery obligation. I did not understand that review of Section III.A required a separate Rule 72 filing within 14 days. Once I understood the procedure, I worked to prepare this filing. Griffith Decl. ¶¶ 12–16.

I recognize that monitoring the case remained my responsibility and that misunderstanding a procedure does not automatically establish excusable neglect. Here, however, that reason must be considered together with the minimal delay, absence of concrete prejudice, and prompt corrective effort.

My conduct was not tactical. I limited the appeal to Section III.A, acknowledged that ECF 44 was procedurally defective, and directed the discovery request first to Judge Quinn instead of assuming that this appeal created a stay.

The interest of justice supports relief through Rule 6's equitable assessment, Rule 1's direction to secure the just, speedy, and inexpensive determination of the action, and Local Civil Rule 1.1(b)'s concern for fairness and avoidance of unjustifiable expense and delay.

Considering all four factors together, the short delay resulted from excusable neglect.

## II. SECTION III.A SHOULD BE SET ASIDE OR RETURNED FOR CONSIDERATION OF THE COMPLETE DILIGENCE RECORDS

Under Rule 72(a) and Local Civil Rule 72.1(c)(1)(A), the District Judge must modify or set aside any portion of a nondispositive order that is clearly erroneous or contrary to law. Review ordinarily proceeds on the record that was before the Magistrate Judge. Haines v. Liggett Group Inc., 975 F.2d 81, 91–93 (3d Cir. 1992).

My appeal therefore relies on the docket that existed before ECF 81. The post-order portions of my declaration support the Rule 6 request, not the merits of the Rule 72 appeal.

### A. ECF 44 is relevant to the Rule 16 diligence inquiry

After a scheduling deadline has passed, Rule 16(b)(4) applies before Rule 15(a)(2), and the moving party must first demonstrate good cause. Diligence is central to that determination. Premier Comp Solutions, LLC v. UPMC, 970 F.3d 316, 319–20 (3d Cir. 2020).

Section III.A applied Rule 16 and concluded that I had not shown diligence because the proposed amendment concerned events and allegations from 2021 and 2022 that I knew before the amendment deadline. ECF 81 at 6.

My knowledge of those events is relevant, but it does not describe all of my conduct before the deadline. ECF 44 was filed on February 5, 2026, eight days before the February 13 deadline. It addressed the same partial dismissal and factual history I was attempting to present.

ECF 44 did not satisfy Rules 16 and 15 and did not include the documents required by Local Civil Rule 15.1. Its existence therefore does not automatically establish good cause. But it is objective, docketed evidence that I was attempting to obtain relief on the same subject before the deadline rather than first raising it months later.

The docket also shows that, after learning ECF 44 was the wrong vehicle, I asked to withdraw it and requested permission to use the amendment procedure. See ECF 73–75. The written analysis in Section III.A does not reflect consideration of that sequence.

Because diligence concerns the party's efforts to meet the schedule, the pre-deadline filing was material to the analysis. The Court should therefore set aside Section III.A or return the issue to Judge Quinn for consideration of the complete docketed record.

**B. The requested remedy preserves every Rule 16 and Rule 15 protection**

I do not ask the Court to grant leave to amend through this appeal. If Section III.A is set aside, I ask for 30 days to file a motion that separately addresses Rule 16 and Rule 15, attaches a complete proposed First Amended Complaint, and provides the comparison required by Local Civil Rule 15.1.

Defendant would then have a full opportunity to raise prejudice from amendment, futility, limitations, relation back, exhaustion, pleading sufficiency, and any other proper objection.

The Court therefore need not decide through this appeal the meaning of the April 27, 2021 submission, any disputed characterization of the employment record, any allegation concerning the Virginia proceedings, or the sufficiency of a proposed claim.

Alternatively, the Court may return the amendment issue to Judge Quinn with instructions to consider the complete diligence record and establish the appropriate submissions and schedule. Either remedy corrects the limited procedural issue without deciding amendment in my favor.

**CONCLUSION**

I respectfully request that the Court:

1. Extend my Rule 72 deadline through October 21, 2026 and accept the accompanying appeal;

2. Set aside Section III.A of ECF 81 and allow me 30 days to file a proper motion under Rules 16 and 15 with the materials required by Local Civil Rule 15.1; or, alternatively,

3. Return the amendment issue to Judge Quinn for consideration of the complete docketed diligence record and establishment of an appropriate submission schedule.

I do not appeal any other portion of ECF 81 and do not request a decision on the merits of amendment through this motion.

Dated: October 20, 2026

Respectfully Submitted,

Chad Griffith
Plaintiff, Pro Se
chadgriffith87@gmail.com