| | |
|---|---|
| CHAD GRIFFITH,<br>Plaintiff,<br>v.<br>CIOX HEALTH,<br>Defendant. | **Civil Action No. 23-20513 (GC)(JTQ)**<br><br>**DECLARATION OF CHAD GRIFFITH IN SUPPORT OF MOTION FOR EXTENSION OF TIME AND RULE 72 APPEAL**<br><br>**Motion Day: November 16, 2026** |

I, Chad Griffith, declare as follows based on my personal knowledge:

1. I am the Plaintiff in this action and represent myself.

2. Before the December 12, 2024 deadline in ECF 21 for stating whether I still intended to dismiss the case voluntarily, I was trying to determine how to provide the Court with a confidential record that I believed it needed. When the Court noted that I had not responded by the deadline, I became depressed and believed everything was over. I did not regularly check my email during that period, and I did not learn of ECF 25 during its amendment period.

3. When Defendant contacted me about the conference held on October 15, 2025, I asked why the Court had not informed me. Defendant told me that the Court had sent notice. When I reviewed the communications and docket, I learned that ECF 25 had permitted me to file an amended complaint.

4. I did not then understand that a First Amended Complaint had to be a complete, self-contained document that replaced the original complaint and restated the claims I wanted to keep. I thought I could submit additional information supporting the complaint already on file in favor of that missed deadline.

5. I learned that Rule 60 included a one-year deadline for certain grounds and researched how to ask for relief within that time. I began compiling my statements and the relief I wanted the Court to consider. After the October 2025 conference and its scheduling order, I believed that the matter I was researching would be addressed at the February 2026 conference, so I was working toward that schedule.

6. After Defendant served discovery, I saw a filing concerning the withdrawal of defense counsel. Provided by Defendant, my 2024 settlement request included the people involved. I did not know whether raising the April 27, 2021 submission at that point would affect a possible resolution or continued litigation. Because a conference was scheduled for February, I planned to address the matter then.

7. When Defendant asserted that I was not complying with discovery, I filed ECF 44 on February 5, 2026. I was trying to explain the discovery problem and obtain a ruling concerning the same factual history. I filed ECF 44 before the February 9 conference and eight days before the February 13 amendment deadline.

8. At the February 9 conference, I understood defense counsel to decline to concede whether Defendant possessed the complete document I called the April 27, 2021 abuse affidavit. I reported that concern in ECF 51 because I understood Defendant's descriptions of the document as inconsistent with what I had submitted.

9. I submitted the April 27, 2021 document to Defendant's Human Resources department after the April 23 disciplinary action. I have consistently described it as my dispute of that action, a report concerning Megan Shaw, supporting statements and evidence, and a request for reasonable accommodations. My employment ended on May 10, 2021. This was the factual history I was trying to present through ECF 44, ECF 47, and my discovery letters.

10. In ECF 56, I stated that I was not then asking Defendant to produce the April 27 submission because I wanted the Court to address its existence and Defendant's treatment of the record. I later requested production in ECF 57. The specific relief I requested changed while I was trying to identify the correct procedure, but the April and May 2021 events I was presenting did not change.

11. When I learned that ECF 44 was not the correct way to seek amendment, I asked to withdraw it. On June 23, 2026, I requested an extension and permission to file a motion to amend through ECF 74. I was attempting to correct my mistake and ask

directly for permission to use the proper procedure. My request to withdraw ECF 44 did not mean that I had abandoned the factual history I had been presenting.

12. I have functional limitations that affect my concentration, executive functioning, task initiation, organization of multi-step work, and ability to monitor and understand court communications. These limitations do not prevent me from learning or completing work, but they can make it take substantially longer for me to organize information and turn what I understand about my own life into a court filing.

13. I am not trained in federal procedure, but I can learn. As I learned what was required, I continued trying to follow the correct procedure and correct earlier mistakes. The facts I was attempting to present did not change because my ability to express them in the required legal form developed more slowly.

14. ECF 81 was signed on October 1, 2026 and filed and electronically served on October 2, 2026. It contained separate rulings concerning discovery, amendment, and other requests. It also directed me to answer Defendant's outstanding discovery within 21 days. I have not previously asked the Court to extend the 14-day period for appealing Section III.A of that Order.

15. After ECF 81 was filed, I was working to understand its separate rulings and respond to its discovery directive. My functional limitations affected my ability to concentrate, organize the required work, initiate the necessary tasks, and understand the different procedures applicable to the separate rulings. I did not understand that review of Section III.A required a separate Rule 72 filing within 14 days.

16. Once I understood that Section III.A required a Rule 72 appeal and that ECF 44 had not been a First Amended Complaint, I worked to identify the proper procedure and prepare this filing. My delay was not intended to obtain a tactical advantage or postpone the proceeding. I understand that filing the Rule 72 appeal does not itself suspend my discovery obligations.

17. I am asking for an opportunity to present a procedurally proper motion under Rules 16 and 15, accompanied by a complete proposed First Amended Complaint and the comparison required by Local Civil Rule 15.1. I understand that the Court has not yet determined whether that amendment should be permitted and that Defendant would have an opportunity to oppose it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2026.

Respectfully Submitted,

Chad Griffith
Plaintiff, Pro Se
chadgriffith87@gmail.com