**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAD GRIFFITH,

Plaintiff,

v.

DATAVANT, LLC,

Defendant.

Civil Action No.: 23-20513 (GC)(JTQ)

**DEFENDANT DATAVANT, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO APPEAL OF MAGISTRATE JUDGE'S DECISION AND RELATED RELIEF**

**HODGSON RUSS LLP**
*Attorneys for Datavant, LLC*
James J. Zawodzinski, Jr.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000

# TABLE OF CONTENTS

PAGE

**PRELIMINARY STATEMENT** .......... **1**

**ARGUMENT** .......... **2**

**CONCLUSION** .......... **10**

# TABLE OF AUTHORITIES

PAGE

**Federal Cases**

*DirecTV, Inc. v. Needleman*,
2005 WL 8174792 (D.N.J. Aug. 10, 2005) ....................10

*Figueroa v. Buccaneer Hotel, Inc.*,
188 F.3d 172 (3d Cir. 1999)....................7

*Haines v. Liggett Group Inc.*,
975 F.2d 81 (3d Cir. 1992)....................5, 6, 7

*Harter v. GAF Corp.*,
150 F.R.D. 502 (D.N.J. 1993)....................7

*Holmes v. Christie*,
2023 WL 8016055 (D.N.J. Nov. 17, 2023) ....................6

*Korrow v. Aaron's, Inc.*,
300 F.R.D. 215 (D.N.J. 2014)....................6

*Long v. Leggett & Platt, Inc.*,
2019 WL 626428 (D.N.J. Feb. 13, 2019) ....................2

*Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239 (3d Cir. 2013)....................5

*Perrigo Institutional Investor Group v. Papa*,
150 F.4th 206 (3d Cir. 2025) ....................2, 3, 4

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*,
507 U.S. 380 (1993)....................2, 4

*Reyes v. U.S. Postal Serv.*,
2018 WL 5801547 (D.N.J. Nov. 6, 2018) ....................2, 3

Datavant, LLC submits this memorandum of law in opposition and in response to the following letter requests and motion filed by Plaintiff Chad Griffith: (1) Letter Application for a Limited Stay or, Alternatively, Extension (ECF No. 84); (2) Motion for Extension of Time and Rule 72 Appeal (ECF No. 85); and (3) Letter Application for a limited stay or extension of the discovery response deadline (ECF No. 87).

## Preliminary Statement

Mr. Griffith asks this Court to accept for filing his untimely appeal of Judge Quinn's Decision denying Mr. Griffith's motion for leave to amend his Complaint (ECF No. 81). In related filings, Mr. Griffith also asks this Court for another extension of time to respond to Datavant's nearly year-old discovery demands. Mr. Griffith blames his delinquent filings on a vague, unsubstantiated claim that unspecified "functional limitations" have affected his "concentration, executive functioning, task initiation," and ability to "monitor and understand court communications." Mr. Griffith does not include medical evidence or documentation to support his claim. Nor does he tie his alleged incapacitation to any specific date. Mr. Griffith's assertion appears for the first time only now, after over three years of litigation.

Mr. Griffith cannot invoke an undocumented and unverified claim of impairment to ward off the consequences of his serial noncompliance with the Federal Rules, the Local Civil Rules, and this Court's own Orders. The Court should (1) deny Mr. Griffith's motion for an extension of time and Rule 72 appeal (ECF No. 85); (2) deny, or in the alternative find moot, Mr. Griffith's letter application for a stay or extension of the discovery-response deadline (ECF No. 84); and (3) sanction Mr. Griffith, up to and including dismissal of this action, for his failure to provide complete and timely discovery responses.

## **Argument**

### I. THE COURT SHOULD DENY MR. GRIFFITH'S MOTION FOR AN EXTENSION OF TIME AND RULE 72 APPEAL (ECF NO. 85)

Before the Court considers the merits of Mr. Griffith's untimely Rule 72 appeal, it must first determine whether Mr. Griffith's neglect in filing by the appropriate deadline is excusable. *Long v. Leggett & Platt, Inc.*, 2019 WL 626428, at *3 (D.N.J. Feb. 13, 2019) (considering the substance of the appeal because the appeal was timely filed). Only upon a showing of excusable neglect does the Court's inquiry then proceed to whether the appeal is meritorious. *Id.* Here, Mr. Griffith has not shown that his neglect in filing should be excused, and the Court's inquiry should stop there. To the extent the Court considers the merits of Mr. Griffith's appeal (it should not), the appeal fails on its face because Mr. Griffith cannot show that Judge Quinn's Decision was clearly erroneous or contrary to law.

#### A. Mr. Griffith Has Not Shown Excusable Neglect Under Rule 6(b)(1)(B)

Rule 6(b)(1)(B) permits a court to extend an expired deadline only upon a showing of excusable neglect. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392, 395 (1993). Excusable neglect requires consideration of (1) the danger of prejudice, (2) the length of the delay and its effect on proceedings, (3) the reason for the delay, including whether it was within the movant's reasonable control, and (4) whether the movant acted in good faith. *Id.* All four factors must be weighed together. *Perrigo Institutional Investor Group v. Papa*, 150 F.4th 206, 217-19 (3d Cir. 2025). The Third Circuit equates "good cause" with "excusable neglect." *Reyes v. U.S. Postal Serv.*, 2018 WL 5801547, at *2 (D.N.J.

Nov. 6, 2018) (citation omitted). Thus, "excusable neglect" requires that Mr. Griffith's basis for noncompliance be reasonable. *Id.*

Mr. Griffith has failed to show excusable neglect on all four factors under *Perrigo*. First, Datavant has been and continues to be prejudiced by the delay of this action and the significant defense costs Mr. Griffith's frivolous motions and failures to adhere to deadlines have caused. Mr. Griffith commenced this action on September 19, 2023. ECF No. 1. Since then, Mr. Griffith has filed serial motions which have caused nothing but delay and letter requests to evade basic discovery. Datavant has no documents or records from Mr. Griffith in its possession after three years of motion practice and numerous attempts to obtain those documents from Mr. Griffith. Further delay caused by Mr. Griffith's failure to file a timely Rule 72 appeal will only result in additional prejudice to Datavant.[1]

Second, Mr. Griffith identifies no defect in the fourteen-day deadline set by Local Civil Rule 72.1(c)(1)(A) and ECF No. 81 — he simply says he misunderstood it. Third, Mr. Griffith does not identify a single discrete, verifiable diagnosis, treatment record, or third-party account to substantiate his claim that "functional limitations" prevented him from calculating a fourteen-day appeal deadline. He offers only his own say-so, introduced for the first time in this motion, notwithstanding that he has filed numerous substantive submissions throughout this litigation filed within days of the very deadline he claims he could not track. A

---

1 Even if Datavant had not been prejudiced, a lack of prejudice does not equate to excusable neglect. *See Reyes*, 2018 WL 5801547, at *2. This Court has already informed Mr. Griffith that "[t]he mere absence of prejudice to the non-moving party does not constitute 'good cause'" for relief from a scheduling deadline. *See* ECF No. 81 at 6.

litigant capable of marshaling that level of legal argument is not plausibly incapable of calendaring a filing deadline. Finally, Mr. Griffith's unsubstantiated, self-serving assertion of impairment is bad faith, and it is not the kind of showing Rule 6(b) was designed to credit.

Mr. Griffith's own reliance on *Perrigo* is misplaced. In *Perrigo*, the Third Circuit held that the absence of prejudice could not rescue a party's excusable-neglect argument where that party's own "demonstrated lack of diligence" independently supported the district court's denial of relief. *Perrigo*, 150 F.4th at 218-19. The Court explained that under *Pioneer*, "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule" when "the rule is entirely clear." *Id.* The same is true here. Local Civil Rule 72.1(c)(1)(A)'s fourteen-day deadline is clear, and Mr. Griffith's failure to meet it was, by his own account, "within his reasonable control." ECF No. 85. Mr. Griffith's demonstrated pattern of delay across this litigation is the same kind of lack of diligence that defeated the appellant's excusable-neglect argument in *Perrigo*.

This is not an isolated lapse that might, standing alone, warrant leniency. Mr. Griffith did not timely respond to the Court's inquiry concerning his intentions in this case in December 2024. ECF Nos. 21, 22. He failed to timely respond to Datavant's discovery requests in the ordinary course, which required Court intervention in the spring of 2026. He allowed the February 13, 2026 amendment deadline to lapse and did not seek relief from it until June 23, 2026 — more than four months later. ECF No. 74. Mr. Griffith is now late again — this time on the deadline to appeal the very order that memorializes his multiple earlier defaults. A pattern of this kind is the opposite of the good faith circumstances that excusable neglect requires.

Mr. Griffith's *pro se* status does not allow him to "flout procedural rules," and he "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

This pattern is not new. Datavant previously explained that Mr. Griffith "has routinely disregarded the deadlines set forth in the Scheduling Order," citing his nearly four-month delay in seeking relief from the amendment deadline and the serial motions and letters (ECF Nos. 44, 47, 51, 53, 56, 57, 58, 63, and 72) that preceded it. ECF No. 76. The pattern Datavant identified in June 2026 has only continued. Mr. Griffith is now late on the Rule 72 deadline, and he filed his discovery-stay in violation of Judge Quinn's Case Management Order. The Court should not allow Mr. Griffith's new undocumented claim of impairment to excuse what is, on this record, a continuation of a documented pattern of missed deadlines, and the Court should deny the appeal as untimely on its face and reject Mr. Griffith's additional filings.

### B. Mr. Griffith's Rule 72(a) Appeal <u>of Section III.A Fails on the Merits</u>

Even if the Court were to excuse the untimely filing, the appeal itself does not satisfy Rule 72(a), which permits a district judge to modify or set aside only those portions of a magistrate judge's non-dispositive order that are "clearly erroneous or contrary to law," reviewed on the record that was before the Magistrate Judge. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91–93 (3d Cir. 1992). Mr. Griffith's Rule 72 appeal seeks to overturn Section III.A of this Court's Decision, which denied Mr. Griffith's "Request for Leave to File a motion to Amend (ECF No. 74)." *See* ECF No. 81 at p. 6. The Court should deny Mr. Griffith's appeal and affirm Judge Quinn's Decision in its entirety because the Decision, which is based on Mr. Griffith's

failure to satisfy Rule 16(b)(4), is neither "clearly erroneous" nor "contrary to law." *Haines*, 975 F.2d at 91-93.

Under Rule 16(b)(4), once a scheduling-order deadline has lapsed, it "may be modified only for good cause," and good cause "depends on the diligence of the moving party," who must show that the deadline "could not reasonably be met" despite diligent efforts. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014); *Holmes v. Christie*, 2023 WL 8016055, at *2 (D.N.J. Nov. 17, 2023). Judge Quinn correctly found that Mr. Griffith's proposed amendment rested on "events and factual allegations primarily from 2021 and 2022 — facts known to Mr. Griffith well before the amendment deadline lapsed," and he determined that Mr. Griffith had not shown diligence sufficient to warrant a retroactive modification of the prior Scheduling Order in this case. ECF No. 81.

Mr. Griffith concedes that ECF No. 44 "was not a proper motion to amend," did not comply with Local Civil Rule 15.1, and did not include a proposed amended pleading. ECF No. 85. A procedurally defective filing that did not purport to seek amendment cannot establish diligence as to amendment. Even accepting Mr. Griffith's own account, he did not seek an extension of the amendment deadline until June 23, 2026 — over four months after the February 13, 2026 deadline lapsed, and well over a month after he says he learned ECF No. 44 was the wrong vehicle. *Id.* A multi-month post-deadline gap of that length is itself fatal to any diligence showing, independent of whatever weight his prior filing might otherwise carry.

The appeal also ignores that the proposed amendment was independently futile and prejudicial, which Datavant explained in its June 28, 2026 opposition to Mr. Griffith's

underlying letter request. ECF No. 76. Mr. Griffith's proposed retaliation and Title VII claims were not brought within ninety days of his June 21, 2023 EEOC right-to-sue notice. *See Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 176 (3d Cir. 1999). Mr. Griffith's proposed intentional-infliction-of-emotional-distress claim fell outside New Jersey's two-year limitations period given that his employment ended on May 10, 2021. *See* N.J.S.A. § 2A:14-2. And fact discovery had also already closed on April 15, 2026, well before Mr. Griffith ever sought leave to amend. The Third Circuit has recognized that a motion to amend may properly be denied as unduly prejudicial when made after the close of discovery. *See Harter v. GAF Corp.*, 150 F.R.D. 502, 509 (D.N.J. 1993). These independent grounds further confirm that the Court's denial of leave to amend was proper.[2]

Finally, Mr. Griffith concedes that the review on appeal should "proceed[] on the record that was before the Magistrate Judge." *Id.* (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91-93 (3d Cir. 1992)). Yet Mr. Griffith's own motion asks this Court to expand its review and consider "the complete docketed diligence record," including ECF No. 44 and the subsequent withdrawal sequence reflected in ECF Nos. 73–75 which were not considered because Mr. Griffith withdrew those filings. The District Court is not obligated to reweigh the diligence record *de novo* based on docket entries Mr. Griffith believes the Magistrate Judge should have emphasized differently. *See Haines*, 975 F.2d 81 at 93.

---

[2] Datavant reserves the right to file additional briefing in opposition to the extent the Court permits Mr. Griffith to appeal Judge Quinn's earlier Decision and file supplemental briefing himself. ECF No. 81.

## II. THE COURT SHOULD DENY MR. GRIFFITH'S LETTER APPLICATION FOR A STAY OR EXTENSION OF DISCOVERY (ECF NO. 84)

Mr. Griffith's letter request for a stay or extension of discovery fails for substantially the same reasons set out above. Mr. Griffith asks the Court to excuse his prior discovery response deadline based on the same undocumented claim of functional impairment. If the Court denies Mr. Griffith's Rule 72 appeal as untimely or meritless, or both, Mr. Griffith's reason for an extension or stay, that discovery should await resolution of the Rule 72 appeal, falls away entirely.

The request independently fails on its own terms. This Court has already rejected the precise argument Mr. Griffith advances here. In denying Mr. Griffith's earlier motion to compel and for a protective order, the Court held that Mr. Griffith "may not condition its compliance with its discovery obligations on receiving discovery from its opponent" or on the resolution of other proceedings. ECF No. 81. Asking to defer compliance until the District Judge rules on an unrelated Rule 72 appeal is the same maneuver by a different name.[3]

Finally, the request is largely moot, and what is not moot is self-defeating. Mr. Griffith served interrogatory responses and a written document response on October 22, 2026. But his production response admits that no documents will be produced until November 23, 2026 — the extension date he requests in the alternative of his proposed post-appeal

---

[3] The request is also untimely on its face. Mr. Griffith submitted it one day before the deadline. Judge Quinn's rules require extension requests be submitted two business days prior to the scheduled deadline. Again, Mr. Griffith fails to offer any justification for yet another missed deadline beyond the same unsubstantiated claim of impairment addressed in Section I above.

deadline. Mr. Griffith cannot simultaneously ask the Court for an extension and act as though the Court already granted it, and the Court should deny Mr. Griffith's request for an additional extension of time as prejudicial to Datavant.

### III. THE COURT SHOULD SANCTION MR. GRIFFITH, UP TO AND INCLUDING DISMISSAL, FOR HIS FAILURE TO PROVIDE ADEQUATE DISCOVERY RESPONSES

This Court should sanction Mr. Griffith and dismiss the case based on his continuous willful and contumacious behaviors. On October 2, 2026, this Court provided Mr. Griffith with a final extension of time to respond to Datavant's outstanding discovery requests. ECF No. 81. The Court expressly cautioned that Mr. Griffith's "failure to do so may result in sanctions, including dismissal of this action." *Id.* That warning followed Mr. Griffith's earlier failure to comply with the Court's prior Text Order mandating that Mr. Griffith respond to Datavant's discovery demands by March 10, 2026. *See* ECF No. 55. This Court has made it clear to Mr. Griffith that his discovery obligations are not optional and that noncompliance carried the risk of case-dispositive consequences.

Despite this, Mr. Griffith did not produce a single document in response to Datavant's discovery demands, and he self-imposed a unilateral extension of his own time to do so. ECF Nos. 84, 87. Mr. Griffith instead informed Datavant that he would produce responsive documents at a later date of his own choosing and one that this Court has not approved and that Datavant did not consent to. This is precisely the conduct the Court's October 2, 2026 Decision warned against. A court has broad authority under Rule 37 to sanction a party who fails to comply with its discovery obligations, including dismissal of the action where the circumstances

warrant it. *See DirecTV, Inc. v. Needleman*, 2005 WL 8174792, at *2 (D.N.J. Aug. 10, 2005).[4] Mr. Griffith's pattern throughout this litigation of missed deadlines and belated requests for leniency show that lesser measures have not produced compliance.

Datavant respectfully requests that the Court dismiss this action or, at a minimum, (1) compel full and complete document production within a short, firm deadline, (2) preclude Mr. Griffith from relying at any later stage on information or documents not timely produced, and (3) award Datavant its reasonable expenses, including attorneys' fees, incurred in connection with this motion and Mr. Griffith's discovery defaults.

## **Conclusion**

For the foregoing reasons, Datavant respectfully requests that the Court (1) deny Mr. Griffith's Motion for Extension of Time and Rule 72 Appeal (ECF No. 85); (2) deny Mr. Griffith's Letter Application for a Stay or Extension of the Discovery-Response Deadline (ECF No. 84); and (3) sanction Mr. Griffith for his failure to provide adequate discovery responses, up to and including dismissal of this action, or such other relief as the Court deems just and appropriate. Datavant reserves the right to supplement this response to the extent Mr. Griffith makes additional filings.

---

[4] To the extent the Court does not dismiss the action, Datavant respectfully requests that Mr. Griffith be precluded from later producing and relying on any documents and communications that he has not produced in this action.

Dated: November 2, 2026

**HODGSON RUSS LLP**
*Attorneys for Datavant, LLC*

By: s/James J. Zawodzinski
James J. Zawodzinski, Jr.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000
*jzawodzi@hodgsonruss.com*