**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAD GRIFFITH,<br>Plaintiff,<br>v.<br>CIOX HEALTH,<br>Defendant. | **Civil Action No. 23-20513 (GC)(JTQ)**<br><br>**APPLICATION FOR LEAVE TO FILE REPLY OUT OF TIME UNDER RULE 6(b)(1)(B)** |

Plaintiff, Chad Griffith, respectfully requests leave to submit the accompanying proposed reply in support of ECF No. 85 and in response to the relief sought by Defendant at ECF Nos. 89 and 90. Plaintiff also requests consideration of the accompanying declaration and proposed order. Defendant's consent to this application has not been obtained.

ECF No. 88 identified November 16, 2026 as the return date. Assuming that date remains operative, Plaintiff understands that his reply under Local Civil Rule 72.1(c)(1)(A) was due November 9 and that this November 10 submission is one day late. Plaintiff accepts responsibility for seeking this relief after expiration of the deadline and requests an extension based on excusable neglect under Rule 6(b)(1)(B), applying Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), and Perrigo Institutional Investor Group v. Papa, 150 F.4th 206, 217–19 (3d Cir. 2025).

On November 9, Plaintiff was completing and transmitting supplemental discovery responses and nineteen numbered PDF documents (001–019) to defense counsel. That effort addressed a principal reason Defendant advanced in ECF Nos. 89/90 for dismissal and evidentiary preclusion: the absence of document production as of November 2. Plaintiff understood that curing the production gap was more useful than only contesting its

characterization. He should also have timely sought leave to file the reply, and does not claim that the production automatically extended the deadline.

The delay is short; Defendant can respond to any identified deficiency in the materials received; and consideration of the reply permits the Court to evaluate the sanctions request against the updated facts. The reply also addresses the distinct, previously requested extension concerning Plaintiff's October 21 Rule 72 objection (ECF No. 85), for which the grounds are set out in ECF No. 85 and its supporting declaration. Plaintiff does not ask that preparation for November 9 production retroactively explain the October objection's lateness.

Plaintiff requests that the Court:

1. accept the attached reply and declaration;
2. decide ECF No. 85 on its merits; and
3. deny Defendant's requests for dismissal, blanket preclusion, and expenses at ECF Nos. 89/90, or at least afford Plaintiff an opportunity to address any particular remaining discovery deficiency and any itemized expenses before imposing sanctions.

Plaintiff asks the Court to consider the proposed case-management schedule. This application seeks no immediate finding of misconduct by Defendant.

Dated: November 10, 2026

Respectfully Submitted,

Chad Griffith
Plaintiff, Pro Se
chadgriffith87@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAD GRIFFITH,<br><br>Plaintiff,<br><br>v.<br><br>CIOX HEALTH,<br><br>Defendant. | **Civil Action No. 23-20513 (GC)(JTQ)**<br><br>**PROPOSED REPLY IN SUPPORT OF ECF NO. 85 AND IN RESPONSE TO RELIEF REQUESTED AT ECF NOS. 89/90** |

## PRELIMINARY STATEMENT

ECF Nos. 89 and 90 oppose Plaintiff's request for leave to pursue a Rule 72 objection concerning ECF No. 81, § III.A, and seek sanctions for incomplete discovery responses. Plaintiff acknowledges the missed procedural deadlines and the fact that his October 22 written responses did not then include document production. He does not assert that proceeding without counsel excuses compliance. He asks the Court to distinguish procedural error from deliberate refusal and to evaluate the substantial corrective service made on November 9 before imposing dismissal or sweeping evidentiary preclusion.

## 1. THE COURT SHOULD ACCEPT THE OCTOBER 21 OBJECTION AND CONSIDER THE DILIGENCE RECORD

ECF No. 85 sought relief for a separate five-day delay in filing Plaintiff's Rule 72 objection to ECF No. 81. The circumstances of that delay are described in ECF No. 85-1, including ¶¶ 12 and 14–16. Plaintiff does not dispute that deadlines matter. His ability to draft and research filings did not mean that he consistently understood the distinct procedures governing interlocutory relief, discovery, amendment, and Rule 72 review or could always execute them within the prescribed periods. Plaintiff asks that the Pioneer factors be evaluated

together, including good faith, the length of delay, its reason, and specific prejudice, rather than treating the filing of other substantive papers as dispositive proof of bad faith.

As to Rule 16 diligence, the point of ECF No. 85 is not that Plaintiff learned the underlying 2021–2022 events only recently. He knew those events, but struggled to identify the procedural mechanism for presenting and properly pleading them after the April 10, 2025 partial dismissal. On February 5, 2026 – eight days before the February 13 amendment deadline – he filed ECF No. 44 seeking relief concerning the factual positions, evidence, and surviving and dismissed claims. ECF No. 44 was not a Rule 15 motion, contained no complete proposed First Amended Complaint, and did not satisfy Local Civil Rule 15.1. Plaintiff expressly acknowledges these defects; he relies on the filing as evidence of activity and attempted litigation of the underlying issues of what he understood at the time, not as a legally effective amendment.

The subsequent chronology illuminates the procedural confusion and attempts to correct it. Plaintiff pursued a Rule 60(b) theory in ECF No. 47, but Judge Castner explained in the February 23, 2026 text order (ECF No. 50) that relief from a nonfinal partial-dismissal order under Rule 60(b) was premature, and that discovery matters should be raised separately before the Magistrate Judge. Ultimately, Plaintiff then filed ECF No. 57 on March 19 as a separate Rule 26/37 discovery application. He later withdrew the incorrectly framed ECF No. 44 and sought leave concerning amendment at ECF No. 74 on June 23. The lapse between those filings remains relevant and is not erased by Plaintiff's self-representation; his explanation is that, despite limitations, he continued researching and reworking the correct procedural path rather than abandoning his claims.

Defendant states that Plaintiff's explanation of disability-related 'functional limitations' appears for the first time in ECF No. 85. ECF No. 89 at 1, 3–4; ECF No. 90 at 1, 3–4. That

characterization is irresponsible. In ECF 36, Plaintiff stated that it takes much longer to accomplish tasks since these events occurred. In ECF No. 44, filed February 5, 2026, Plaintiff expressly described discovery as imposing 'undue burden (financially, mentally, psychiatrically)' and sought protective relief. In ECF No. 53 at 1–2, filed March 4, 2026, he identified the existing record of his disabilities and stated that he was 'vulnerable to psychological damage.' These statements do not establish that Plaintiff was unable to calculate a particular Rule 72 deadline, nor are they a substitute for evidence supporting the particular limitations asserted in ECF No. 85. They do establish that Plaintiff's claimed disability-related limitations and their effects were not newly introduced in October 2026. ECF No. 85 and its declaration provided a more focused explanation of how those limitations affected litigation activities, including organizing filings and managing deadlines. Plaintiff asks the Court to assess that explanation in light of the earlier docket and all Pioneer factors, rather than treating the absence of earlier deadline-specific detail as proof that the limitations themselves were invented for this application.

ECF No. 81, § III.A, found insufficient good cause because the proposed amendment concerned facts already known before February 13. Plaintiff respectfully submits that knowledge of facts and diligence in seeking a procedurally correct vehicle are distinct inquiries. He requests that Judge Castner set aside or remand § III.A for consideration of the contemporaneous docketed efforts and intervening procedural instruction, without treating ECF No. 44 as a proper amendment motion. Alternatively, he asks for leave to present a focused Rule 16(b)(4)/Rule 15(a)(2) motion with a complete proposed First Amended Complaint and a marked comparison within thirty days of the Court’s order, or sooner if completed. Defendant would retain its ordinary opportunity to oppose amendment, including any limitations, prejudice, or futility arguments.

## 2. NOVEMBER 9 DISCOVERY SERVICE UNDERCUTS THE REQUEST FOR CASE-ENDING SANCTIONS

Plaintiff does not dispute that the October 22 responses were incomplete as production; or that Defendant's statement that no documents had been received when ECF Nos. 89/90 were filed on November 2 described the then-existing situation. ECF No. 81 required responses and expressly warned of sanctions. But Plaintiff's signed October 22 interrogatory and written production responses addressed the requests, made objections, and stated that responsive documents would be provided "by November 23, 2026"—not that Plaintiff intended to withhold all documents "until November 23," as ECF No. 89 at 8 characterized the timing.

On November 9 Plaintiff served supplemental responses directed to all twenty-five requests for production and nineteen numbered PDF documents on defense counsel. The records include Document 003 concerning his April 27, 2021 HR submission, Document 005 concerning his May 3 follow-up for an investigation report, and Document 011, Plaintiff's Virginia EEOC Charge, recounting Plaintiff's allegations concerning the termination. These documents and the written responses provide Defendant materials to examine in relation to the surviving ADA accommodation and retaliation claims. Their transmission does not establish that all requests have been fully answered or resolve objections, damages, mitigation, authorizations, or other remaining categories.

The April 27 HR materials remain significant to Plaintiff's account of accommodation requests and the reasons for his dispute with the performance narrative. Plaintiff relies on ECF No. 28, responses to Complaint paragraphs 7.c–d, only for the admissions actually made concerning materials submitted to HR; he does not contend that those admissions, by themselves, establish the truth of every allegation, excuse his own discovery duties, or prove fraud. He

recognizes ECF No. 81's holding that one party's discovery obligations are independent of those of the other party.

### 3. POULIS FAVORS AN ITEMIZED CURE OVER DISMISSAL

Under Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868–70 (3d Cir. 1984), case-ending sanctions require consideration of personal responsibility, prejudice, history of delay, willfulness or bad faith, alternatives, and the potential merit of claims or defenses. Plaintiff accepts personal responsibility as a pro se litigant and recognizes that the discovery history and Defendant's claimed litigation expenses weigh against him. But the October 22 written responses and November 9 production are concrete compliance efforts inconsistent with a categorical decision not to participate. Defendant may identify actual missing material and any corresponding harm. A firm request-specific cure and conference procedure offers a workable lesser remedy. In addition, the April 10, 2025 partial-dismissal ruling left ADA claims pending; their survival at the pleading stage does not determine their ultimate merits, but it counsels against treating the action as facially groundless.

Plaintiff therefore asks the Court to deny dismissal and blanket evidence preclusion. He asks that fees or expenses be denied on the current record or, alternatively, that Defendant identify the particular failure, reasonably attributable costs, and supporting documentation and that Plaintiff be heard on causation and whether an award would be unjust under Rule 37. Plaintiff does not ask the Court to declare that there are no deficiencies remaining.

### 4. LIMITED CASE MANAGEMENT PRESERVES BOTH PARTIES' RIGHTS

Plaintiff respectfully requests that the Court credit his October 22, 2026 discovery responses and November 9, 2026 supplemental responses and production in assessing his compliance with ECF No. 81 and Defendant's requests for sanctions at ECF Nos. 89 and 90.

Plaintiff does not represent that these submissions conclusively satisfy every discovery obligation. Rather, they establish substantial corrective efforts and provide Defendant with responsive materials concerning the claims that survived the April 10, 2025 dismissal order.
In the interest of judicial economy, Plaintiff respectfully requests a limited modification of the discovery schedule, temporarily deferring further scheduled document production until Plaintiff submits his motion for leave to file a First Amended Complaint, or thirty days after the Court's Order, whichever occurs first.

This request is not intended to condition Plaintiff's discovery obligations upon Defendant's performance or to disregard the Court's prior directions. Instead, Plaintiff seeks to avoid unnecessary or duplicative production while the scope of the operative pleadings is being addressed.

Upon submission of the proposed FAC motion, or expiration of the thirty-day period, Plaintiff requests that the parties confer regarding any remaining deficiencies under the existing claims and any additional discovery that may become appropriate if amendment is granted. Plaintiff further requests that outstanding deficiencies be identified by individual discovery request and resolved through a defined schedule supervised by Magistrate Judge Quinn.

Plaintiff will preserve potentially responsive materials and comply with Rule 26(e), applicable discovery obligations, and any further direction of the Court throughout this period.

This limited sequencing would recognize the production already accomplished, allow Plaintiff to present his proposed amended pleading promptly, and protect Defendant's ability to seek specifically identified outstanding discovery without imposing the disproportionate consequences of dismissal or categorical evidentiary preclusion.

## CONCLUSION

Plaintiff respectfully asks the Court to accept this reply; grant the requested extension to permit review of ECF No. 85; set aside or remand ECF No. 81, § III.A, or otherwise allow a properly supported amendment motion within thirty days or sooner; deny the requests for dismissal, blanket preclusion, and unitemized expenses at ECF Nos. 89/90; and enter a targeted discovery-completion schedule. Plaintiff separately preserves, but does not ask this reply to adjudicate, concerns regarding Defendant's representations and any properly supported request for relief based on them.

Dated: November 10, 2026

Respectfully Submitted,

Chad Griffith
Plaintiff, Pro Se
chadgriffith87@gmail.com