**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAD GRIFFITH,<br>Plaintiff,<br>v.<br>CIOX HEALTH,<br>Defendant. | **Civil Action No. 23-20513 (GC)(JTQ)**<br><br>**[PROPOSED] ORDER REGARDING REPLY, AMENDMENT PROCEDURE, AND LIMITED DISCOVERY SEQUENCING** |

THIS MATTER having come before the Court on Plaintiff's application for leave to submit a reply out of time in support of ECF No. 85 and in response to relief sought in ECF Nos. 89 and 90; and the Court having considered the submissions;

IT IS on this ______ day of __________________, 20____, ORDERED:

1. Plaintiff's application for leave to file the accompanying reply and declaration is GRANTED. The submissions are accepted for consideration in connection with ECF No. 85 and Defendant's requests for relief at ECF Nos. 89 and 90.
2. In evaluating Defendant's assertion at ECF Nos. 89 and 90 that Plaintiff first raised disability-related functional limitations in ECF No. 85, the Court considers the preexisting docket. In ECF No. 36 (Sept. 12, 2025), Plaintiff stated that accomplishing tasks took 'much longer' following the events underlying this case, referenced his disability determination, and requested a conference continuance for scheduling and presence difficulties. ECF No. 44 (Feb. 5, 2026) described mental and psychiatric burdens from discovery; ECF No. 53 (Mar. 4, 2026) discussed his disabilities and vulnerability to psychological harm; and ECF No. 57 (Mar. 19, 2026) addressed disability-related communication difficulties. These prior disclosures may be considered alongside ECF No. 85 and its declaration in assessing excusable neglect under Rule 6(b)(1)(B).

3. Plaintiff's request at ECF No. 85 to extend the time for filing his October 21, 2026 objection under Rule 72(a) is GRANTED. Section III.A of ECF No. 81 is SET ASIDE to the limited extent that it barred Plaintiff from seeking leave to amend. Plaintiff may file, within 30 days of entry of this Order or sooner, a motion under Rules 16(b)(4) and 15(a)(2), accompanied by a complete proposed First Amended Complaint and a marked comparison with the operative complaint in accordance with Local Civil Rule 15.1. Defendant may oppose that motion in the ordinary course. No amendment is authorized unless and until the Court grants leave.
4. In assessing Plaintiff's discovery compliance and any requested sanctions, the Court shall take account of Plaintiff's written responses served October 22, 2026 and his supplemental responses and document production reportedly served November 9, 2026, subject to verification of that service and its contents. These acts are credited as corrective steps and partial compliance only; this Order does not determine that every request has been fully satisfied.
5. Defendant's requests in ECF Nos. 89 and 90 for dismissal and categorical preclusion of later-produced information or documents are DENIED at this time. The request for expenses is DENIED without prejudice to a properly supported, itemized application identifying the particular noncompliance and reasonably attributable expenses, to which Plaintiff may respond.
6. Further scheduled document production by Plaintiff is temporarily DEFERRED until the earlier of (a) the filing of the motion described in paragraph 3 or (b) 30 days after entry of this Order. This limited deferral does not excuse preservation of evidence, correction of materially incomplete or incorrect discovery responses as required by Rule 26(e), or compliance with any express, nonmodified Court order. The filing of a proposed amended complaint does not itself stay discovery beyond this period.

7. Within seven days after the period in paragraph 6 ends, Plaintiff shall serve a request-by-request accounting identifying what was produced, what responsive material remains to be produced or is unavailable, the basis for any maintained objection, and a proposed date for any further production. The parties shall promptly confer in good faith. Any unresolved dispute shall identify the particular request and be presented to Magistrate Judge Quinn pursuant to the applicable case-management requirements and Local Civil Rule 37.1.
8. If amendment is granted, the parties shall confer and propose any targeted additional discovery needed because of the amended pleading, with appropriate credit for discovery already exchanged. Nothing in this Order adjudicates alleged misconduct by Defendant or the truth or admissibility of materials from related Virginia proceedings.

**SO ORDERED.**

____________________________________
HON. GEORGETTE CASTNER, U.S.D.J.