11/19/2026

Honorable Justin T. Quinn
United States Magistrate Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building and United States Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Chad Griffith v. Ciox Health
Civil Action No. 3:23-cv-20513 (GC)(JTQ)

PLAINTIFF'S LETTER APPLICATION FOR INTERIM SCHEDULING RELIEF AND LEAVE TO FILE CASE-MANAGEMENT MOTION

Dear Judge Quinn:

I respectfully request prompt, limited scheduling relief and leave to present a formal case-management motion under Local Civil Rule 16.1(g), seeking a judicial settlement conference and a reciprocal, prospective sixty-day stay of further ordinary discovery and pretrial deadlines. Alternatively, if a stay is not granted, I request a defined schedule for completing any specifically identified outstanding production.

ECF No. 81 directed me to respond to Defendant's discovery requests within twenty-one days and warned of possible sanctions. I served signed written discovery responses on October 22, 2026, and on November 9 transmitted supplemental responses and nineteen numbered documents to Defendant's counsel. I recognize that these efforts do not independently establish complete compliance or excuse any previously missed deadline.

Defendant seeks dismissal and other sanctions in ECF Nos. 89–90. ECF No. 85 seeks district-judge review of the amendment-related ruling in ECF No. 81, § III.A. I ask that those matters, together with the related submission at ECF No. 91, remain subject to determination

under their governing procedures. This application does not seek to supplement or relitigate their merits.

A judicial settlement conference may narrow or resolve the parties' dispute even if amendment remains unavailable. Local Civil Rule 16.1 provides for settlement conferences and judicial case management. I prefer a judicial settlement conference to paid mediation because of my limited resources. If volunteer counsel is obtained, I ask that a brief record-review period be considered, without indefinitely postponing settlement discussions.

A specific evidentiary dispute illustrates the need for structured case management. Defendant's Motion to Dismiss represented that Megan Shaw and Human Resources repeatedly met with me concerning insufficient performance, adding the affirmative parenthetical "(they did)," and suggesting that I did not dispute those meetings. ECF No. 13-1 at 2–3. Defendant identified my January 18, 2022 EEOC Charge as a source for its factual background. That Charge distinguishes the April 20, 2021 meeting concerning my working hours from the April 23 disciplinary-action meeting. Neither the Charge nor my contemporaneous written dispute identifies repeated performance-related meetings with Shaw and HR between those dates. I dispute Defendant's characterization of those events and its suggestion that I did not challenge the disciplinary allegations.

On April 27, 2021, I submitted to Human Resources the written complaint I have consistently identified as my "abuse affidavit," disputing the April 23 disciplinary action, reporting supervisory abuse, and requesting. Defendant subsequently admitted that I submitted materials to HR, while disputing my characterization of those materials. ECF No. 28 at 4. Nevertheless, Defendant later professed uncertainty concerning what constituted the complete "abuse affidavit." ECF No. 52 at 2. Defendant also characterized the affidavit as a summary of

my statements, ECF No. 52 at 3, while expressly recognizing that "abuse affidavit" and "abuse report" referred to the same subject. ECF No. 54 at 17 n.6.

On November 9, 2026, I produced Document 003 among nineteen numbered documents, identifying the contemporaneous written complaint and its supporting material. That document directly disputes the factual basis of the April 23 disciplinary action. Defendant now possesses my produced copy and can compare its contents with any corresponding HR records. I dispute the reasonableness of Defendant's professed uncertainty, particularly given its earlier acknowledgment of submitted materials and its representations concerning the same report throughout this litigation. The production identifies the disputed document, while questions concerning Defendant's earlier receipt, retention, and review of that document remain contested.

ECF No. 81 at 3–4 denied my earlier motion to compel on procedural grounds, including the absence of a preceding formal discovery demand. I do not seek to renew that motion or request a finding of misconduct through this application. I identify these matters because the disputed factual record, Defendant's ongoing review of my November 9 production, and the parties' remaining discovery disagreements support an orderly case-management process and meaningful settlement discussions.

On November 19, 2026, I contacted Defendant's counsel by email requesting consent to a judicial settlement conference, temporary stay, and alternative deadline relief. Counsel declined a settlement conference and further extensions, while advising that Defendant was reviewing my discovery production and would communicate any deficiencies. The parties have not reached agreement.

I respectfully request that the Court:

1. Grant an interim fourteen-day prospective deferral of further ordinary discovery and production deadlines, measured from entry of the Court's order, while the proposed case-management relief is considered;
2. Grant leave to present a formal case-management motion under Local Civil Rule 16.1(g), or direct the appropriate procedure for seeking the relief described;
3. Consider a judicial settlement conference and reciprocal sixty-day prospective stay, with a status conference before its expiration; or
4. Alternatively, establish a request-specific schedule after Defendant identifies the materials it contends remain outstanding, allowing remaining production and supplementation to be completed in an orderly manner.

Any stay would preserve relevant evidence, applicable Rule 26(e) supplementation duties, emergency applications, and compliance with unmodified Court orders. It would not prevent consideration of ECF Nos. 85 and 91 or Defendant's requests at ECF Nos. 89–90. I understand that no stay or extension is effective absent an order granting it.

Respectfully submitted,

/s/ Chad Griffith
Chad Griffith

**CERTIFICATION OF GOOD-FAITH CONFERENCE**

I, Chad Griffith, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

On November 19, 2026, I contacted Defendant's counsel, James J. Zawodzinski, Jr., by email to request agreement concerning a judicial settlement conference, a temporary sixty-day stay, and alternative scheduling or extension relief.

Counsel responded on November 19, 2026, declining consent to a settlement conference and further deadline extensions at that time. Counsel stated that Defendant was reviewing my discovery responses and production and would communicate any deficiencies.

The parties did not reach agreement concerning the requested relief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2026.

/s/ Chad Griffith
Chad Griffith

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2026, I filed the foregoing application through the Court's CM/ECF system, which generated electronic notice to Defendant's counsel.

Dated: November 19, 2026.

/s/ Chad Griffith

Chad Griffith
Plaintiff, Pro Se