11/19/2026

Honorable Justin T. Quinn
United States Magistrate Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building and United States Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Chad Griffith v. Ciox Health
Civil Action No. 3:23-cv-20513 (GC)(JTQ)

PLAINTIFF LETTER APPLICATION FOR LEAVE TO FILE A RENEWED MOTION FOR PRO BONO COUNSEL

Dear Judge Quinn:

I respectfully request leave under Section 5 of Your Honor's Civil Case Management Order to file a renewed Motion for Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1). My original application, ECF No. 3, was denied without prejudice on February 14, 2025. ECF No. 23.

Since that decision, the litigation has materially developed, and my continued efforts have demonstrated the practical limitations of proceeding without representation. I have attached my proposed renewed application for the Court's consideration in determining whether leave should be granted.

I respectfully request that the Court grant leave to file the attached Proposed Renewed Motion for Pro Bono Counsel. Alternatively, in the interest of judicial economy, I request that the Court deem the attached application properly filed and consider granting the requested relief under 28 U.S.C. § 1915(e)(1), without requiring a duplicative submission, subject to any further procedure the Court deems appropriate.

Respectfully submitted,

/s/ Chad Griffith

Chad Griffith

Attachment A: Proposed Renewed Motion for Pro Bono Counsel and Supporting Statement (Submitted for Consideration of Leave Only)

ATTACHMENT A
PROPOSED
SUBMITTED FOR CONSIDERATION OF LEAVE ONLY
Not yet authorized as an operative motion

**FORM TO BE USED BY A LITIGANT FILING A MOTION FOR PRO BONO COUNSEL**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Chad Griffith, | : | **MOTION FOR PRO BONO COUNSEL 28 U.S.C. § 1915(e)(1)** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:23-cv-20513 (GC)(JTQ) |
| CIOX Health | : | |
| | : | |
| Defendants. | : | |

INSTRUCTIONS – READ CAREFULLY

1. There is no constitutional guarantee to representation in civil cases. However, pursuant to 28 U.S.C. § 1915(e)(1), a district court may request an attorney to represent a person who has been granted permission to proceed in forma pauperis in the action and is unable to afford counsel.

2. If you have been granted permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, you are unable to afford counsel, and you feel that you need counsel to represent you in the action, then you may ask the judge assigned to your case to request a pro bono (free of charge) attorney to represent you by completing and filing the attached “Motion for Pro Bono Counsel.” If the defendant has been served with the summons and complaint in the case, you must mail to him/her or their lawyer (if the individual has one) a copy of your motion and file with the Court a certification proving service of your motion on your adversaries.

3. If your initial motion for counsel is denied, you are free to make subsequent motions as your case nears trial.

4. If you file a motion for Pro Bono Counsel, the judge assigned to your case will determine whether to grant your motion. Factors that the judge will consider include:

   (a) the claim has some merit;
   (b) the pro se party lacks the ability to present an effective case without an attorney;
   (c) the legal issues are complex or, the ultimate legal issues are not complex, but the pro se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
   (d) factual investigation will be necessary and the party is not adequately able to pursue

**FORM TO BE USED BY A LITIGANT FILING**
**A MOTION FOR PRO BONO COUNSEL**

said investigation;
(e) the case is likely to turn on credibility determinations;
(f) the case will require expert testimony;
(g) the party is unable to attain and afford counsel on his/her own behalf.

See Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997) ; Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

5. If the judge grants your motion, there is no guarantee that an attorney will be willing to accept your case. The Court cannot force or require an attorney to accept a civil case pro bono. The District of New Jersey has a panel of lawyers who may volunteer to provide pro bono representation where the judge has determined to request pro bono counsel for a party. The Clerk's Office attempts to find pro bono attorneys to take civil cases upon a judge's request; however, you will receive pro bono representation only if one of these attorneys volunteers to take your case. Despite the diligent efforts of the Clerk's Office, the process of finding pro bono attorneys may be lengthy and unsuccessful.

6. At any time during the process of trying to locate a pro bono attorney for you, you have the right to withdraw your motion for Pro Bono Counsel and continue to represent yourself.

7. If an attorney decides to accept your case, you will be notified by the Clerk's Office by mail.

8. Please note that you are fully responsible for prosecuting your case by yourself, unless and until the Clerk's Office notifies you by mail that a pro bono attorney will represent you in the action **AND** the attorney informs the Court in writing that he/she is representing you in the action. Even though you may have filed a Motion for Pro Bono Counsel, the failure on your part to prosecute your case at any stage of the proceedings may result in dismissal of your case.

## QUESTIONS TO BE ANSWERED

1. Name of movant Chad Griffith

2a. Have you previously requested counsel from the court in this case? Yes. ECF 3.

2b. If so, what was the outcome? Denied without prejudice. ECF 23.

3. Explain specifically why you feel you need a lawyer to represent you at this time. If the judge

**FORM TO BE USED BY A LITIGANT FILING**
**A MOTION FOR PRO BONO COUNSEL**

denied your previous Motion for Pro Bono Counsel in this case, please include any changes concerning your need for counsel since your last motion. (Use additional paper if necessary.)

Please see Attachment A.1. Statement in Support of Renewed Motion for Pro Bono Couns

4. If you have been unable to attain an attorney, please explain why. None were able to take my case and resources are severely limited.

5. If you need a lawyer who speaks in a language other than English, state what language you speak: ______

I understand that if a lawyer volunteers to represent me and my lawyer learns that I can afford to pay for a lawyer, the lawyer may give this information to the Court.

I hereby waive my privilege of attorney-client confidentiality to the extent necessary for my pro bono attorney to make an application to be relieved as provided in Appendix H of the Local Civil Rules.

I declare under the penalties of perjury that my answers to the foregoing questions are true to the best of my knowledge.

**FORM TO BE USED BY A LITIGANT FILING A MOTION FOR PRO BONO COUNSEL**

Signed this 19 day of November, 20 26.

/s/ Chad Griffith

Signature of applicant

11/19/2026

Honorable Justin T. Quinn
United States Magistrate Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building and United States Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Chad Griffith v. Ciox Health
Civil Action No. 3:23-cv-20513 (GC)(JTQ)

Statement in Support of Renewed Motion for Pro Bono Counsel

Dear Judge Quinn:

I respectfully request leave, if required, to renew my application for pro bono counsel under 28 U.S.C. § 1915(e)(1).

On February 14, 2025, Your Honor denied my original application, ECF No. 3, without prejudice, finding that I had demonstrated sufficient ability to represent myself at that early stage. ECF No. 23. I respectfully submit that my continued efforts and the subsequent development of this litigation warrant renewed consideration.

I did not file this lawsuit because I was prepared to litigate independently. I filed this lawsuit because I believed judicial relief was necessary despite my inability to obtain a lawyer. Knowing what happened and effectively proving it under the Federal Rules are fundamentally different abilities.

My filings, including ECF Nos. 44 and 47, demonstrate my continued efforts to present evidence I believed substantiated my claims and obtain judicial relief. My disability affects my concentration, organization, and ability to complete demanding tasks within prescribed

deadlines. Prolonged litigation has substantially aggravated my anxiety, depression, and emotional distress.

The Third Circuit has recognized district courts' discretion to request volunteer counsel under § 1915(e)(1), considering the litigant's practical ability to present the case, the complexity of proof and discovery, and other factors. *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 458–60 (3d Cir. 1997). Applying that framework on August 14, 2026, Your Honor granted pro bono counsel in *Mitchell v. Ashan*, No. 20-cv-14428 (ZNQ)(JTQ), ECF No. 71, recognizing that a litigant's earlier effectiveness does not preclude appointment when the demands of litigation become more complex.

Since ECF No. 23, this case has developed into contested discovery, amendment proceedings, and requests for dismissal and sanctions. ECF Nos. 81 and 89–90. My continued efforts demonstrate commitment, but not necessarily the ability to manage these proceedings effectively without representation.

I respectfully request renewed consideration under *Tabron* and § 1915(e)(1). Counsel would materially assist with discovery, evidentiary presentation, procedural compliance, and resolution of my surviving claims.

Respectfully submitted,

/s/ Chad Griffith
Chad Griffith

CERTIFICATE OF SERVICE

I certify that on November 19, 2026, I filed the foregoing application through the Court's CM/ECF system, which generates electronic notice to Defendant's counsel.

Dated: November 19, 2026.

/s/ Chad Griffith

Chad Griffith
Plaintiff, Pro Se